_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
April 01, 2026
_____

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: *mknepper@nvbankruptcyattorneys.com*
Email: *bgougeon@nvbankruptcyattorneys.com*
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>■ Affects Velocity Esports, Inc.<br>■ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>☐ Affects All Debtors<br><br><br>Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br><br>Hearing Date: March 10, 2026<br>Hearing Time: 1:30 p.m. |

### ORDER ESTABLISHING BIDDING PROCEDURES AND DEADLINES RELATING TO SALE PROCESS FOR CERTAIN OF DEBTORS' SALE ASSETS

- 1 -

///

Upon the *Debtors' Motion for Entry of an Order: (I) (A) Approving the Designation of Illusion Attractions LLC as the Stalking Horse Bidder; (B) Approving the Stalking Horse Asset Purchase Agreement as the Stalking Horse Bid; and (C) Approving Stalking Horse Protections; (II) Approving Bidding Procedures for the Sale of Certain Assets; (III) Approving the Form and Manner of Notice; (IV) Scheduling an Auction and a Hearing to Consider Approval of the Sale to the Highest or Otherwise Best Bidder; and (V) Granting Related Relief* (the "Motion") [1] [ECF No. 192] supported by the *Declaration of Freddie McFinn* and the *Declaration of Philip Kaplan* [ECF Nos. 193, 194]; having also considered the *United States Trustee's Response and Reservation of Rights* [ECF No. 210], the *Opposition* filed by Newtek Bank, N.A. [ECF No. 212], the *Debtors' Reply* [ECF No. 214] supported by the *Supplemental Declaration of Philip Kaplan* [ECF No. 215], the *United States Trustee's Objection* [ECF No. 217] supported by the *Declaration of Bryan G. Coleman* [ECF No. 218], the *Debtors' Supplemental Sur-Reply* [ECF No. 220] supported by the *Declaration of Tim Clothier* [ECF No. 221] and a second *Supplemental Declaration of Philip Kaplan* [ECF No. 222] that includes a copy of the latest executed APA, dated March 9, 2026 (the "APA") [ECF No. 222-1], and all other pleadings that were noted on the record; the Court having held hearings on the Motion on March 10, 2026, at 1:30 p.m. and on March 24, 2026, at 9:30 a.m., respectively; with appearances at the hearings by Matthew I. Knepper, Esq. of Nevada Bankruptcy Attorneys as Debtors Counsel, Justin C. Valencia, Esq. as Counsel for the United States Trustee, Kyle M. Wyant, Esq. as Counsel for Advantage Leasing Corporation, Todd S. Garan, Esq. as Counsel for Newtek Bank, N.A., and Adrienne K. Walker, Esq. as Counsel for NFS Capital, LLC, and all

---

[1] Capitalized terms not otherwise defined herein have the meanings assigned to them in the Motion. Unless otherwise noted: "Section" refers to a section of Title 11 of the United States Code, 11 U.S.C. §§ 1011532 (as amended, the "Bankruptcy Code"); "Bankruptcy Rules" refers to the Federal Rules of Bankruptcy Procedure; "Local Rule" or "Local Rules" refers to the local rules for the United States Bankruptcy Court for the District of Nevada, and "ECF No." refers to the main bankruptcy docket in lead case VELOCITY ESPORTS, INC., Case No. 25-12627-mkn.

other appearances noted on the record; the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and over the persons and property affected hereby; that consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2); that Venue for this case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; that the statutory and legal predicates for the relief requested in the Motion and provided for herein are §§ 105(a) and 363, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rule 6004; that the Motion, any supplemental briefing in support thereof, and at the hearings, the Debtors demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required; that a reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties; that the Debtors' proposed Bidding Procedures Notice, the Auction, the Auction Procedures, and the hearing to approve the sale of the Sale Assets (the "Sale Hearing") are appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required; that the Bidding Procedures substantially in the form attached to the Motion as **Exhibit 2** are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Sale Assets; that the Break-Up Fee is reasonably calculated to: (1) attract or retain a potentially successful bid; (2) establish a bid standard or minimum for other bidders to follow; and (3) attract additional bidders; accordingly, in light of the foregoing, the size and nature of the Sale, and the efforts that would be expended by a Stalking Horse Purchaser, the Break-Up Fee is reasonable and appropriate; that the entry of (i) this Order at this time and (ii) an order approving the Sale (the "Sale Order") after the Sale Hearing is in the best interests of the Debtors, their estates and creditors, and all other parties in interest; the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; that the Court having made its

findings of fact and conclusions of law on the record at the hearings, which are incorporated herein pursuant to Federal Rule of Civil Procedure 52, made applicable pursuant to Bankruptcy Rules 7052 and 9014; and after due deliberation and good cause appearing therefor:

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that the United States Trustee is directed to appoint a Consumer Privacy Ombudsman pursuant to 11 U.S.C. § 332 who shall review the sale described in the Motion and file a report for consideration by the Court;

**IT IS FURTHER ORDERED** that this Order is entered without prejudice to the United States Trustee's concerns noted in his Response and Objection and the further filing of objections or as to the Debtors filing a supporting brief or replies;

**IT IS FURTHER ORDERED** that the designation of Illusion Attractions LLC as the Stalking Horse Bidder is approved, and the APA is approved as the Stalking Horse Bid, subject to the terms and conditions of this Order and final approval of any sale at the Sale Hearing;

**IT IS FURTHER ORDERED** that the Bidding Procedures attached to the Motion as **Exhibit 2** are incorporated herein by reference in their entirety, are approved, and shall be effective and binding on all parties in interest as of entry of this Order, as if set forth fully herein, and as modified by this Order;

**IT IS FURTHER ORDERED** that the Stalking Horse Protections set forth in the APA, including (a) a break-up fee equal to three percent (3%) of the "Transaction Value" (the "Break-Up Fee"), and (b) expense reimbursement items (including capped third-party diligence expenses) (the "Expense Reimbursement," and together with the Break-Up Fee, the "Stalking Horse Protections"), are approved, subject to the terms of the APA and this Order;

**IT IS FURTHER ORDERED** that any Break-Up Fee, to the extent payable, shall be payable only upon the occurrence of the applicable triggering event(s) under the APA and shall be payable at the closing of a Competing Transaction with a party other than the Stalking Horse Bidder.

**IT IS FURTHER ORDERED** that the Expense Reimbursement, to the extent payable, shall be payable only upon the occurrence of the applicable triggering event(s) under the APA and shall be payable at the earlier of (i) the closing of any Competing Transaction or (ii) ten (10) business days following the Debtors' termination of the APA in favor of a Competing Transaction, in each case in accordance with the APA and this Order;

**IT IS FURTHER ORDERED** that to the extent payable pursuant to the APA and this Order, the Break-Up Fee and Expense Reimbursement shall constitute allowed administrative expense obligations of the Debtors' estates under 11 U.S.C. § 503(b)(1)(A);

**IT IS FURTHER ORDERED** that to the following dates and deadlines are approved and shall govern the sale process, all times Pacific:

    a.    Indication of Interest Deadline: March 30, 2026 at 5:00 p.m;

    b.    Qualified Bid Deadline (Bid Deadline): April 1, 2026 at 5:00 p.m;

    c.    Auction (if necessary): April 3, 2026 at 10:00 a.m., at Nevada Bankruptcy Attorneys, LLC, 5502 S. Fort Apache Rd., Suite 200, Las Vegas, Nevada 89148, or by such other remote means noticed to Qualified Bidders as provided in the Bidding Procedures;

    d.    Consumer Privacy Ombudsman's Report filing Deadline: April 8, 2026;

    e.    Sale Objection Deadline: April 10, 2026;

    f.    Debtors' Supplemental Brief or Reply in Support of Order Approving Sale: April 13, 2026 at 9:00 a.m.; and,

    g.    Sale Hearing: April 15, 2026 at 11:00 a.m.

**IT IS FURTHER ORDERED** that if the Debtors receive one or more Qualified Bids by the Bid Deadline, the Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures and, in consultation with the parties specified in the Bidding Procedures, to select the highest or otherwise best bid as the Winning Bid and to designate a Back-Up Bid in accordance with the Bidding Procedures, subject to Court approval at the Sale Hearing;

**IT IS FURTHER ORDERED** that the Sale Notice attached to the Motion as **Exhibit 3** is approved as adequate and appropriate under the circumstances. The Debtors are directed and authorized to serve the Sale Notice and related materials in the form and manner set forth in the Motion and Bidding Procedures within five (5) business days after entry of this Order on the Notice Parties. Such service shall constitute good and sufficient notice under the Bankruptcy Rules and Local Rules;

**IT IS FURTHER ORDERED** that a hearing to approve the sale of the Sale Assets to the Winning Bidder(s) or any Back- Up Bidder(s) resulting from the Auction shall take place on April 15, 2026 at 11:00 a.m. before a United States Bankruptcy Judge Mike K. Nakagawa, Courtroom 2 (3rd Floor), United States Bankruptcy Court, 300 Las Vegas Boulevard South, Las Vegas, Nevada or telephonically at Phone Conference Number (833) 435-1820, Meeting ID 161 062 2560, Access Code / Passcode 029066#.

**IT IS FURTHER ORDERED** that any objections to the Sale (a "Sale Objection"), must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the specific basis for the Sale Objection; (iv) be filed with the United States Bankruptcy Court, 300 Las Vegas Boulevard South, Las Vegas, Nevada, by April 10, 2026 (prevailing Pacific Time) (the "Sale Objection Deadline");

**IT IS FURTHER ORDERED** that Sale Objections mut be served on or before the Sale Objection Deadlines upon:

a. Debtors' Counsel, NEVADA BANKRUPTCY ATTORNEYS, LLC, Attn: Matthew Knepper (mknepper@nvbankruptcyattorneys.com);

b. Counsel for Newtek Bank, N.A., ALDRIDGE PITE, LLP, Attn: Richard Samuel Ehlers, Esq. Todd S. Garan, Esq. (ecfnvb@aldridgepite.com, sehlers@aldridgepite.com, and TGaran@aldridgepite.com);

c. Counsel for Creditor Advantage Leasing Corporation, SHEA LARSEN, Attn: Bart K. Larsen, Esq. and Kyle M. Wyant, Esq. (blarsen@shea.law and kwyant@shea.law);

d. Attorneys for Creditor NFS Capital, LLC, FOLEY & LARDNER LLP, Attn: Robert T. Stewart, Esq. and Adrienne K. Walker, Esq., and designated resident attorney only for creditor NFS Capital, LLC pursuant to District Court Local Rule

IA 11-1(b)(2), JENNINGS & FULTON, LTD, Attn: Adam Fulton, Esq. (rtstewart@foley.com, awalker@foley.com, and afulton@jfnvlaw.com);

e.   Accounts Receivable Supervisor for Creditor Restaurant Technologies, Attn: Jill Voelker (jvoelker@rti-inc.com);

f.   Collections Officer for North Star Leasing a Division of Peoples Bank, Attn: Michael R. Major (mmajor@northstarleasing.com);

g.   President of D & H Lawn Irrigation, Inc., Attn: Richard E. Heinzel (rick@dandhlawn.com);

h.   The authorized agent for Creditor JPMC c/o National Bankruptcy Services, LLC, BONIAL & ASSOCIATES, P.C., Attn: William Lee (pocquestions@nbsdefaultservices.com);

i.   Partner for creditor Ellenoff Grossman & Schole LLP, Attn: Barry Grossman, Esq. (bgrossman@egsllp.com);

j.   Attorney for Creditor 434 N. Orange Investment, LLC, KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., Attn: Josh M. Rubens, Esq. (jrubens@klugerkaplan.com);

k.   A/R Legal Clerk for creditor Pawnee Leasing Corporation, Attn: Amanda L. Graham (bankruptcy@pawneeleasing.com);

l.   Asset Recovery Analyst for Old Dominion Freight Line, Inc., Attn: Rusty Frazier (Rusty.frazier@odfl.com); and,

m.   The Office of the United States Trustee, Attn: Justin Valencia (justin.c.valencia@usdoj.gov and USTPRegion17.lv.ecf@usdoj.gov)

(collectively, the "Notice Parties"). If a Sale Objection is not filed and served on or before the Sale Objection Deadline, the objecting party may be barred from objecting to the Sale and may not be heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

**IT IS FURTHER ORDERED** that the Debtors' Supplemental Brief or Reply in Support of Order Approving Sale shall be filed and served by April 13, 2026 at 9:00 a.m. upon the same conditions as described above for any Sale Objection Deadline;

**IT IS FURTHER ORDERED** that proof of service must be filed concurrently with any Sale Objections or the Debtors' Supplemental Brief or Reply in Support of Order Approving Sale;

**IT IS FURTHER ORDERED** that the Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and the Debtors shall have the exclusive right, in the exercise of their fiduciary obligations and business judgment, to cancel the Sale at any time subject to, and in accordance with, the terms of this Order;

**IT IS FURTHER ORDERED** that payment to Newtek Bank, N.A. from the proceeds of the Sale, currently in the estimated amount of $633,431.00, shall constitute a partial payment and reduction of Newtek Bank, N.A.'s secured claim only and shall not be deemed a satisfaction in full of Newtek Bank, N.A.'s secured claim or a release of any remaining liens or rights securing its claim against Debtors' remaining assets.  Nothing in this Order shall be deemed a finding that Newtek Bank, N.A.'s secured claim has been satisfied in full or that it has agreed to a reduction in its total secured claim in this case by receipt of the anticipated partial payment in connection with the Sale.  Further, the Court makes no finding regarding the amount or timing of any proceeds that Newtek Bank, N.A. may receive from the disposition of other collateral that is not collateral of the Debtors' Estates, and any such proceeds from non-Debtor collateral, would be credited against Newtek Bank, N.A.'s secured claim only when and if actually received by NewTek Bank, N.A. for purposes of determining its remaining secured claim balance in the Debtors' case;

**IT IS FURTHER ORDERED** that in the event that the Sale results in proceeds greater than those anticipated in connection with the Stalking Horse bid, Newtek Bank, N.A. shall be entitled to receive its increased percentage share of such proceeds consistent with its lien priority and the terms of this Order, and any additional proceeds distributed to Newtek Bank, N.A. shall likewise be applied as an increased partial reduction of its total secured claim;

**IT IS FURTHER ORDERED** that nothing in this Order, the Bidding Procedures, or the designation of the Stalking Horse Bidder shall constitute a determination of the amount, validity, priority,

or extent of the claim or lien of Newtek Bank, N.A., all of which rights are expressly preserved by the parties;

**IT IS FURTHER ORDERED** that neither the Sale, nor the Sale Order affects any of Creditor Advantage Leasing Corporation's security interest or collateral, as none of Creditor Advantage Leasing Corporation's collateral is being sold via the Sale or Sale Order;

**IT IS FURTHER ORDERED** that notwithstanding anything herein to the contrary, the final treatment of the assumption and assignment of the NFS Lease and the associated equipment shall be determined in connection with entry of the Sale Order, and the Debtors are authorized to supplement or modify Schedules 1.1 and 1.2 of the APA as necessary to conform to such treatment without the need for further amendment to this Order; provided that if the APA Schedules relating to NFS are not acceptable to NFS, that NFS reserves all rights to object to entry of the Sale Order.

**IT IS FURTHER ORDERED** that to the extent the provisions of this Order are inconsistent with the provisions of any Exhibit referenced herein or with the Motion, the provisions of this Order shall control;

**IT IS FURTHER ORDERED** that notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry, and the fourteen (14)-day stay provided by Bankruptcy Rule 6004(h) is waived to the extent applicable to this Order; and

**IT IS FURTHER ORDERED** that the Court shall retain exclusive jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

**IT IS SO ORDERED.**

Prepared and Respectfully Submitted by:

**Nevada Bankruptcy Attorneys, LLC**

By: */s/ Matthew I. Knepper, Esq.*
Matthew Knepper, Esq.
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorney for the Jointly Administered Debtors*

## **LOCAL RULE 9021 CERTIFICATION**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐      The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐      No party appeared at the hearing or filed an objection to the motion.

☒      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Justin Valencia, Esq. (Counsel for United States Trustee): Approved
Kyle M. Wyant, Esq. (Counsel for Advantage Leasing Corporation): Approved
Todd S. Garan, Esq. (Counsel for Newtek Bank, N.A.): Approved
Adrienne K. Walker, Esq. (Counsel for Creditor NFS Capital, LLC): Approved

☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

### # # #