_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
April 27, 2026
_____

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: *mknepper@nvbankruptcyattorneys.com*
Email: *bgougeon@nvbankruptcyattorneys.com*
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.: 25-12627-mkn |
| VELOCITY ESPORTS, INC., | Jointly Administered with<br>Case No. 25-12628-mkn |
| ■ Affects Velocity Esports, Inc. | Case No. 25-12629-mkn |
| ■ Affects Velocity Esports Las Vegas<br>  Town Square, LLC | Case No. 25-12630-mkn<br>Case No. 25-12631-mkn |
| ☐ Affects Velocity Esports Chicago<br>  Schaumburg, LLC | Chapter 11 |
| ☐ Affects Velocity Esports Newport<br>  Kentucky, LLC | |
| ☐ Affects Velocity Esports Orlando<br>  Downtown, LLC | Hearing Date: April 15, 2026<br>Hearing Time: 11:00 a.m. |
| ☐ Affects All Debtors | |
| Debtor(s). | |

- 1 -

**ORDER (I) APPROVING SALE OF CERTAIN OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF</u>**

This matter came before the Court for hearing on April 15, 2026 (the "Sale Hearing") on the Debtors' Motion for Order Establishing Bidding Procedures and Deadlines Relating to Sale Process for Certain of Debtors' Sale Assets and for Entry of Sale Order Approving Sale [ECF No. 192] (as supplemented, the "Motion"). The Court previously entered its Order Establishing Bidding Procedures and Deadlines Relating to Sale Process for Certain of Debtors' Sale Assets [ECF No. 233] (the "Bidding Procedures Order").

The Court having considered: (i) the Motion; (ii) the Asset Purchase Agreement (the "APA") by and among Velocity Esports, Inc. and Velocity Esports Las Vegas Town Square, LLC (collectively, the "Sellers") and Illusion Attractions, LLC (the "Buyer"), filed at [ECF No. 222-1], together with all schedules and exhibits thereto, including Schedule 1.1 (Acquired Assets) and Schedule 1.3 (Excluded Assets) (collectively, the "APA Schedules"); (iii) the Consumer Privacy Ombudsman's Report filed at [ECF No. 236] (the "CPO Report"); (iv) responses and objections filed by the United States Trustee [ECF Nos. 210, 217, 218, 240] and any other objections filed to the sale [ECF No. 212] (collectively, the "Objections"); (v) the supplemental pleadings and declarations [ECF Nos. 247, 248, 250]; (vi) the record made at the Sale Hearing; and (vii) the applicable law; the Court hereby incorporates its findings of fact and conclusions of law stated on the record, and good cause appearing therefor:

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the APA and all transactions contemplated thereby are approved. The Sellers are authorized and directed to consummate the transactions contemplated by the APA (the "Sale") and to execute and deliver all documents and instruments necessary or appropriate to implement the APA, subject to the terms herein;

**IT IS FURTHER ORDERED** that to the extent any provision of this Order is inconsistent with the APA or any exhibit thereto, the terms of this Order shall control;

**IT IS FURTHER ORDERED** that each Seller shall transfer only such Seller's right, title, and interest in and to the Acquired Assets, as such Acquired Assets are defined in the APA and identified on

the APA Schedules. Nothing in this Order adjudicates, determines, or modifies any intercompany ownership dispute among the Debtors or any non-debtor affiliate as to any asset, nor does this Order authorize the transfer of property that is not property of a Seller's bankruptcy estate. Buyer takes the Acquired Assets subject to the limitation that it receives only the interest held by the Sellers;

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. §§ 363(b) and 363(f), the Acquired Assets are authorized to be transferred to Buyer free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever (collectively, "Interests"), with such Interests attaching to the net proceeds of the Sale in the same order and priority, with the same validity, force and effect that such Interests had in the Acquired Assets immediately prior to the Closing, subject to any further order of this Court.

**IT IS FURTHER ORDERED** that nothing in this Order shall be construed to impair any valid rights of setoff or recoupment preserved under 11 U.S.C. § 553, except to the extent expressly provided in the APA and approved herein;

**IT IS FURTHER ORDERED** that Newtek Bank, N.A. will receive $633,431.00 from the proceeds of the Sale shall, which shall constitute only a partial payment and reduction of Newtek Bank, N.A.'s total secured claim and shall not be deemed a satisfaction in full of Newtek Bank, N.A.'s secured claim or a release of any remaining liens or rights securing its claim against Debtors' remaining assets;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed a finding that Newtek Bank, N.A.'s secured claim has been satisfied in full or that it has agreed to any reduction in the total amount of its secured claim by receipt of the anticipated partial payment in connection with the Sale;

**IT IS FURTHER ORDERED** that the Court makes no finding regarding the amount or timing of any proceeds that Newtek Bank, N.A. may receive from the disposition of other collateral that is not collateral of the Debtors' estates, and to the extent Newtek Bank, N.A. receives any such proceeds from non-debtor collateral shall said proceeds may be credited against Newtek Bank, N.A.'s secured claim only when and if actually received by Newtek Bank, N.A. for purposes of determining its remaining secured claim balance in these Debtors' cases;

**IT IS FURTHER ORDERED** that nothing in this Order constitutes a determination of the amount, validity, priority, or extent of Newtek Bank, N.A.'s claim or lien; all such rights are expressly preserved;

- 3 -

**IT IS FURTHER ORDERED** that neither the Sale nor this Order affects any of Creditor Advantage Leasing Corporation's security interest or collateral, as none of its collateral is being sold via the Sale or this Order;

**IT IS FURTHER ORDERED** that the secured claim of Pawnee Leasing Corporation shall be paid in full in the amount of $101,000.00 from the proceeds of the Sale (the "Sale Proceeds");

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 365 and applicable Bankruptcy Rules, the Sellers are authorized to assume and assign to Buyer those executory contracts and unexpired leases identified in the APA as "Schedule 1.2(a) (Equipment Leases)" and "Schedule 1.2(d) (Assumed Liabilities)" (collectively, the "Assumptions Schedules"), subject to the terms herein.  The final form of the APA is attached to this Order as **Exhibit 1**;

**IT IS FURTHER ORDERED** that to the extent required by 11 U.S.C. § 365(b)(1), the cure amounts for the Assumed Contracts/Leases shall be as set forth on the Assumption Schedule (the "Cure Amounts"). Any counterparty that timely filed and served a cure objection shall have such objection resolved as determined by this Court, and the applicable Cure Amount shall be fixed by further order of this Court or as set forth on the record at the Sale Hearing;

**IT IS FURTHER ORDERED** that no contract or lease shall be deemed assumed and assigned unless (i) it is specifically identified on the Assumption Schedule, and (ii) this Order or a further order of the Court, authorizes its assumption and assignment;

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. §§ 105(a) and 365(a), (b), and (f), the Debtors are authorized to assume and assign to Buyer (or Buyer's designee) that certain equipment lease with NFS Capital, LLC, Lease No. 2025-0269 (the "NFS Lease"), effective as of the Closing, subject to the terms of the Asset Purchase Agreement and this Order;

**IT IS FURTHER ORDERED** that the cure amount for the NFS Lease pursuant to 11 U.S.C. § 365(b)(1)(A) is $0.00, based on the Debtors' representation that there are no monetary defaults or arrearages required to be cured as a condition to assumption and assignment as of the Closing (the "NFS Cure Amount"). Nothing herein limits NFS's rights, if any, to assert non-monetary defaults to the extent permitted by applicable law and § 365, provided that NFS's failure to timely object after notice shall constitute consent to the relief granted herein;

- 4 -

**IS FURTHER ORDERED** that, based upon the record, Buyer (or Buyer's designee) has provided adequate assurance of future performance under the NFS Lease within the meaning of 11 U.S.C. § 365(b)(1)(C) for obligations arising from and after the Closing;

**IT IS FURTHER ORDERED** that, as an integral component of the consideration approved by this Order, the cash portion of the Purchase Price payable by Buyer at Closing shall be reduced by $153,250.37 (the "NFS Lease Credit"), if and only if the NFS Lease is in fact assumed and assigned to Buyer (or Buyer's designated assignee) effective as of the Closing pursuant to this Order. The NFS Lease Credit reflects the parties' agreed valuation of Buyer's assumption of the remaining obligations under the NFS Lease for Closing economics and shall be reflected on the final Closing Statement approved under this Order.

**IT IS FURTHER ORDERED** that the NFS Lease Credit (a) shall not be applied to satisfy, reduce, or offset any cure amount under § 365(b)(1) because there are no arrearages to be cured under the NFS Lease, (b) does not constitute a setoff, recoupment, or other deduction against amounts owed to NFS, and (c) does not constitute a payment to NFS at Closing. Following the Closing, Buyer or Buyer's designated assignee shall be solely responsible for performance of obligations arising under the NFS Lease from and after the Closing in accordance with its terms as assumed. Notwithstanding the foregoing, the Debtors' assignment of the obligations under the NFS Lease to Buyer shall not impair, limit or modify that certain Personal Guaranty and Security Agreement executed by Leonard Wanger on June 30, 2025, and that certain Personal Guaranty and Security Agreement executed by Philip Kaplan on July 1, 2025.

**IT IS FURTHER ORDERED** that if the NFS Lease is not assumed and assigned to Buyer (or Buyer's designee) effective as of the Closing for any reason, then (a) the NFS Lease Credit shall not apply, and (b) the cash portion of the Purchase Price payable at Closing shall be increased by the amount of the NFS Lease Credit, and the Escrow Agent is authorized to adjust the Closing Statement accordingly;

**IT IS FURTHER ORDERED** that, for purposes of this Order, the term "Town Square Lease" (or "Lease") means that certain Town Square Retail Building Lease by and between SRMF Town Square Owner LLC, as lessor ("Landlord"), and Velocity Esports Las Vegas Town Square, LLC, as lessee ("Tenant"), executed on or about July 8, 2022, in effect as of the Closing and as amended by the Amendments (defined below);

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. §§ 105(a) and 365(a), (b), and (f), the Debtors are authorized to assume the Town Square Lease and assign the Town Square Lease to Velocity Vegas LLC (the "Assignee"), as contemplated by the Asset Purchase Agreement and this Order, notwithstanding any provision in the Town Square Lease or applicable nonbankruptcy law that prohibits, restricts, or conditions assignment;

**IT IS FURTHER ORDERED** that the Debtors are authorized and directed to execute and deliver (a) the First Amendment to Retail Building Lease by and between the Landlord and the Debtors (the "First Amendment"), (b) the Second Amendment and Assignment and Assumption of Lease (the "Second Amendment" and, together with the First Amendment, the "Amendments") by and between the Landlord, the Debtors, and Velocity Vegas LLC (the "Purchaser"), and  any ministerial documents reasonably necessary to evidence and effectuate the assumption and assignment approved hereby;

**IT IS FURTHER ORDERED** that the Lease assumed and assigned to the Purchaser shall be as modified and amended by the Amendments; provided that nothing herein compels Landlord to agree to any post-Closing lease economics beyond the terms of the Town Square Lease that becomes effective at Closing;

**IT IS FURTHER ORDERED** that the assumption and assignment of the Town Square Lease approved herein shall be effective as of the Closing of the Sale (the "Effective Date"), as provided in the Lease; the effectiveness of this paragraph is further supported by the waiver of the stays under Bankruptcy Rules 6004(h) and 6006(d) set forth elsewhere in this Order;

**IT IS FURTHER ORDERED** that no cash cure payment shall be required as a condition to the effectiveness of the assumption and assignment of the Town Square Lease at Closing, and in exchange (a) the Landlord shall have an allowed general unsecured claim for unpaid prepetition and postpetition rent and (b) the Debtors shall release the Landlord with respect to any claim based on payments made pursuant to the Lease, including avoidance claims pursuant to chapter 5 of the Bankruptcy Code;

**IT IS FURTHER ORDERED** that the Landlord shall have an allowed general unsecured claim against the Debtors in the amount of $1,047,940.50 for unpaid prepetition and postpetition rent.

**IT IS FURTHER ORDERED** that, based upon the record, the Court finds that Assignee has provided adequate assurance of future performance under the Town Square Lease within the meaning of 11 U.S.C. § 365(b)(1)(C) for obligations arising from and after the Effective Date;

**IT IS FURTHER ORDERED** that Assignee shall assume only those obligations under the Town Square Lease arising from and after the Effective Date, and shall not be deemed to assume or be liable for any obligations, defaults, liabilities, claims, or amounts arising or accruing prior to the Effective Date, except to the extent expressly set forth in the Town Square Lease as effective at Closing;

**IT IS FURTHER ORDERED** that, except to the extent expressly set forth and approved in this Order, the Court's approval of assumption and assignment of the Town Square Lease is limited to the relief necessary to effectuate the assumption and assignment at Closing under § 365, and shall not be construed as approval of (a) any compromise or settlement of Landlord's claims other than its claim for unpaid prepetition and postpetition rent allowed by this Order; (b) any allowance, classification, or plan treatment of any other such claims; or (c) any release by the Debtors or their estates of any claims against Landlord or any other party except with respect to any claims, including avoidance claims pursuant to chapter 5 of the Bankruptcy Code, based on payments made by Debtors pursuant to the Lease, which are expressly released;

**IT IS FURTHER ORDERED** that Court finds that Buyer has provided adequate assurance of future performance under each Assumed Contract/Lease within the meaning of 11 U.S.C. § 365(b)(1)(C), based upon the record at the Sale Hearing and the APA;

**IT IS FURTHER ORDERED** that the Court has given due consideration to the CPO Report and the facts, circumstances, and conditions of the proposed Sale as required by 11 U.S.C. § 363(b)(1)(B), [ECF No. 236];

**IT IS FURTHER ORDERED** that in compliance with the CPO Report recommendations at ¶¶ 54-57 [ECF No. 236] and the United States Trustees Response at ¶¶ 7 and fn. 2 [ECF No. 240] and to the extent the Acquired Assets include personally identifiable information (as defined in 11 U.S.C. § 101(41A)) (the "PII"), the transfer of PII is approved subject to the following conditions, which shall be enforceable obligations of Buyer and binding on any successor:

a.  Buyer represents and warrants that it is a "qualified buyer" as described in the CPO Report, because it is engaged in the same or a similar line of business and market as the Debtors, and shall file with the Court a statement under oath that the Purchaser is able to meet the definitional requirements of a "qualified buyer," and expressly agrees to be the Debtors successor in interest as to the customer information or PII and will operate the business acquired from the Debtors in such capacity;

b.  Buyer shall comply with and be bound by the Debtors' applicable terms of use and privacy policy modified as of February 8, 2022 governing the PII and agrees to be responsible for any violation of those policies following the date of purchase, and shall not disclose, sell, transfer, or otherwise use the PII in a manner inconsistent with such policies and applicable nonbankruptcy law without obtaining each customer's prior affirmative ("Opt-in") consent;

c.  A notice of change of control shall be listed for as long as the Debtors bankruptcy cases remain open or 24 months, whichever is later and within seven (7) days after Closing, Buyer or Sellers, as Buyer directs shall provide notice of the change of control to affected customers via email to the extent email addresses exist and by conspicuous posting on the Debtors' website, identifying the transfer, the identity of Buyer, and providing a clear mechanism for affected customers to opt out of the transfer and/or use of their PII.  The Buyer shall not use PII of any customer who opts out and shall permanently delete or suppress such customer's PII from Buyer's systems within a commercially reasonable time after receipt of the opt-out.  Such notice of change of control shall contain the following language:

Subject: Velocity Esports is Under New Ownership – What that Means for You
Dear Customer:

We are excited to announce that Illusion Attractions LLC has purchased and now owns Velocity Esports Las Vegas Town Square, LLC. As part of this ownership transition, customer personally identifiable information ("PII") associated with Las Vegas Velocity Esports will be transferred to ensure communication is uninterrupted so you can continue to receive important updates from us. We hope you will remain a part of our Velocity Esports Community.

As    we    have    provided    under    our    privacy    policy    available

- 8 -

at https://velocityesports.com/privacy-policy/, we value your privacy and promised to notify you of any change of ownership so that you are well-informed of what information may be transferred to the new owner, and your rights regarding that information. The PII that will be transferred to the new owner may include and is not limited to the following: your first and last name, phone number, and email address.

You may request that we delete your PII by submitting a written request by email at support@velocityesports.com. Once we receive and confirm your request, we will delete (and direct our service providers to delete) your PII from our records, subject to exceptions that you will find under our privacy policy available at https://velocityesports.com/privacy-policy/; and

d.    Buyer shall maintain records of customer opt-outs for at least twenty-four (24) months following Closing to ensure compliance with the Colorado Privacy Act and shall make such records available to the United States Trustee upon reasonable request subject to appropriate confidentiality protections;

**IT IS FURTHER ORDERED** that to the extent any PII is not transferred pursuant to this Order, such PII shall remain property of the Debtors' estates and shall be handled in the ordinary course of estate administration or as otherwise ordered by this Court;

**IT IS FURTHER ORDERED** that nothing in this Order authorizes the payment of any brokerage commission, success fee, or other compensation to First Choice Business Brokers and/or Freddie McFinn (collectively, the "Business Broker") from Sale Proceeds at Closing. Any request by the Business Broker for compensation and/or reimbursement shall be made on or before May 15, 2026 and only by application in accordance with 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Nevada, and applicable U.S. Trustee guidelines, consistent with the Court's order authorizing the employment of the Business Broker (the "Broker Employment Order") [ECF 131];

**IT IS FURTHER ORDERED** that, from the cash Sale Proceeds otherwise remaining after payment of the amounts authorized to be paid at Closing to senior secured creditors and/or other payees pursuant to this Order and the approved Closing Statement (the "Residual Proceeds"), the Escrow Agent shall hold back and retain in escrow the remaining cash Sale Proceeds (the "Broker/NFS Reserve");

**IT IS FURTHER ORDERED** that the Broker/NFS Reserve may be disbursed only pursuant to a further order of this Court entered after notice and an opportunity for hearing, including in connection with

the Business Broker's fee application under §§ 330/331. After payment of allowed compensation and/or reimbursement to the Business Broker from the Broker/NFS Reserve pursuant to further order, any remaining portion of the Broker/NFS Reserve shall be disbursed to NFS Capital, LLC ("NFS") on account of its settlement agreement claim arising pursuant to ECF 168, at a balance of April 15, 2026 of $205,216.99 (the "NFS Settlement Tranche") as then due;

**IT IS FURTHER ORDERED** that nothing in this Order prevents the Consumer Privacy Ombudsman from filing a separate application seeking fees and expenses pursuant to 11 U.S.C. § 330;

**IT IS FURTHER ORDERED** that nothing in this Order approves, and the APA shall not be construed as providing, any non-consensual third-party non-debtor release;

**IT IS FURTHER ORDERED** that nothing in this Order approves any release of the Debtors that would operate as a discharge, injunction, or plan-like discharge relief in these Chapter 11 cases;

**IT IS FURTHER ORDERED** that no avoidance actions, causes of action under chapter 5 of the Bankruptcy Code, or similar estate claims are transferred or assigned to Buyer by this Order;

**IT IS FURTHER ORDERED** that this Order approves only the Sale transaction under §§ 363 and 365 and does not dictate or pre-approve any chapter 11 plan treatment, classification, voting, distribution scheme, or confirmation-related findings beyond what is necessary to approve the Sale;

**IT IS FURTHER ORDERED** that notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry, and the fourteen (14)-day stay provided by Bankruptcy Rule 6004(h) is waived to the extent applicable; and

**IT IS FURTHER ORDERED** that the Court shall retain exclusive jurisdiction to interpret, implement, and enforce this Order and the APA, and to adjudicate any disputes arising therefrom.

**IT IS SO ORDERED.**

Prepared and Respectfully Submitted by:

**Nevada Bankruptcy Attorneys, LLC**

By: */s/ Matthew I. Knepper, Esq.*
Matthew Knepper, Esq.
*Attorneys for the Jointly Administered Debtors*

### LOCAL RULE 9021 CERTIFICATION

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐      The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐      No party appeared at the hearing or filed an objection to the motion.

☒      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Justin Valencia, Esq. (Counsel for United States Trustee): Approved
Kyle M. Wyant, Esq. (Counsel for Advantage Leasing Corporation): Approved
Todd S. Garan, Esq. (Counsel for Newtek Bank, N.A.): Approved
Adrienne K. Walker, Esq. (Counsel for Creditor NFS Capital, LLC): Approved
Phillip K. Nelson, Esq. (Counsel for Creditor SRMF Town Square Owner LLC): Approved

☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

### # # #

- 0 -