MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
BRENDEN J. GOUGEON, ESQ.
Nevada Bar No. 16874
**NEVADA BANKRUPTCY ATTORNEYS LLC**
5940 S. Rainbow Blvd. Ste 400
PMB 99721
Las Vegas, Nevada 89118
Telephone: (702) 805-1659
Fascimile: (702) 805-1659
E-mail: mknepper@nvbankruptcyattorneys.com
E-mail: bgougeon@nvbankruptcyattorneys.com

*Counsel for Jointly Administered Debtors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VELOCITY ESPORTS, INC.,<br><br>☐  Affects Velocity Esports, Inc.<br>☐  Affects Velocity Esports Las Vegas Town Square, LLC<br>☐  Affects Velocity Esports Chicago Schaumburg, LLC<br>☐  Affects Velocity Esports Newport Kentucky, LLC<br>☐  Affects Velocity Esports Orlando Downtown, LLC<br>■  Affects All Debtors<br><br>Debtors. | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**EX PARTE MOTION FOR ORDER: (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PACKAGES, BALLOTS, NON-VOTING NOTICES, AND SOLICITATION PROCEDURES; (III) ESTABLISHING RECORD DATE, VOTING DEADLINE, AND OBJECTION DEADLINES; (IV) SCHEDULING COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN; AND (V) GRANTING RELATED RELIEF**<br><br>**Hearing Date: September 15, 2026**<br>**Hearing Time: 9:30 a.m.** |

*In the left margin (vertical):* NEVADA BANKRUPTCY ATTORNEYS , LLC  5940 S. Rainbow Blvd., Ste 400  PMB 99721  Las Vegas, Nevada 89118  Tel: (702) 850-2192  Fax: (702) 805-1597

**NEVADA BANKRUPTCY ATTORNEYS , LLC**
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

Velocity Esports, Inc., Velocity Esports Las Vegas Town Square, LLC, Velocity Esports Chicago Schaumburg, LLC, Velocity Esports Newport Kentucky, LLC, and Velocity Esports Orlando Downtown, LLC, as debtors and debtors in possession (collectively, the "Debtors"), by and through counsel, hereby file this Ex Parte Motion (the "Motion") pursuant to Local Bankruptcy Rule 3017 and Federal Rule of Bankruptcy Procedure 3017.1 for entry of an order (the "Conditional Approval Order"): (I) conditionally approving the Debtors' Disclosure Statement to Accompany Debtors' Joint Chapter 11 Plan of Reorganization #2, including the Feasibility / Liquidation Analysis attached thereto, as containing adequate information for solicitation purposes, subject to final approval at the Combined Hearing; (II) approving solicitation packages, ballots, non-voting notices, solicitation procedures, and tabulation procedures; (III) establishing a record date, voting deadline, and objection deadlines; (IV) scheduling a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan; and (V) granting related relief.

This Motion is brought pursuant to the Federal Rules of Bankruptcy Procedure (the "FRBP" and, individually, a "Bankruptcy Rule") 2002, 3017, 3017.1, 3018, 3019, and 9006, and the Local Rules of Bankruptcy Practice for the United States Bankruptcy Court for the District of Nevada (the "Local Rules" and, individually, a "Local Rule") 3017, 3018, 9006, 9014, and 9014.2.

This Motion is supported by the Declaration of Philip Kaplan filed concurrently herewith (the "Kaplan Declaration"), the Debtors' Joint Chapter 11 Plan of Reorganization #2 filed at ECF No. 284 (as amended, modified, or supplemented, the "Plan"), the Disclosure Statement to Accompany Debtors' Joint Chapter 11 Plan of Reorganization #2 filed at ECF No. 294 (as amended, modified, or supplemented, the "Disclosure Statement"), the Feasibility / Liquidation Analysis attached as Exhibit 1 to the Disclosure Statement, the pleadings and papers filed in these Chapter 11 Cases, any evidence and argument presented at any hearing on this Motion, and such other matters as may properly come before the Court. In support of this Motion, the Debtors respectfully state as follows:

2

**NEVADA BANKRUPTCY ATTORNEYS , LLC**
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

## I.    BACKGROUND

1.      On May 7, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing these jointly administered Chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their remaining business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. Kaplan Decl. at ¶ 5. The Chapter 11 Cases are jointly administered but have not been substantively consolidated. ECF No. 96.

2.      The Debtors consist of a holding company, Velocity Esports, Inc., and affiliated venue-level debtors operating or formerly operating entertainment venues in Las Vegas, Nevada; Newport, Kentucky; Schaumburg, Illinois; and Orlando, Florida. Kaplan Decl. at ¶ 7.

3.      The Debtors have filed the Plan and are filing the Disclosure Statement contemporaneously with this Motion. *See* ECF No. 284; Disclosure Statement ECF No. 294. The Plan provides for, among other things: (a) treatment of Newtek Bank, N.A.'s secured claims; (b) treatment of secured equipment lenders and equipment-related claims; (c) treatment of NFS Capital, LLC under the approved settlement structure; (d) treatment of continuing landlord claims, including the assigned Las Vegas landlord relationship and the Newport / NOTL landlord arrangement; (e) treatment of legacy landlord lease claims asserted by 434 N. Orange Investment, LLC and Woodfield Mall LLC; (f) no distributions to insider secured claims, general unsecured claims, or equity interests; and (g) implementation through final reconciliation of the closed Las Vegas Sale, the Newport MIPA, the NOTL Resolution Documents, continued Newport operations, and the contributions or support described in the Plan and Disclosure Statement. Kaplan Decl. at ¶¶ 9-12, 20-23.

4.      The Disclosure Statement describes the material terms of the Plan, the Debtors' classification and voting structure, the proposed treatment of Claims and Interests, the Debtors' principal restructuring transactions, material risk factors, the attached Feasibility / Liquidation Analysis, and the anticipated means for implementation of the Plan. Kaplan Decl. at ¶¶ 11-12, 20.

5.      The Debtors now seek conditional approval of the Disclosure Statement pursuant

to Local Rule 3017 so that solicitation may commence promptly, while preserving the rights of creditors and parties in interest to object to final approval of the Disclosure Statement and confirmation of the Plan at a combined hearing. Kaplan Decl. at ¶¶ 13–14, 24–26.

## II.    JURISDICTION AND VENUE

6.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory and procedural predicates for the relief requested herein include sections 105(a), 1125, 1126, 1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3017.1, 3018, 3019, and 9006, and Local Rules 3017, 3018, 9006, 9014, and 9014.2. For purposes of Local Rule 9014.2, the Debtors consent to the entry of a final order by the Bankruptcy Court on this Motion. To the extent any aspect of the requested relief is later determined to be non-core, the Debtors consent to the Bankruptcy Court's entry of final orders and judgments with respect to this Motion.

## III.    RELIEF REQUESTED

9.      By this Motion, the Debtors request entry of the Conditional Approval Order conditionally approving the Disclosure Statement, authorizing solicitation, approving the solicitation packages, ballots, non-voting notices, solicitation and tabulation procedures, establishing the Record Date, Voting Deadline, and objection deadlines, and scheduling the Combined Hearing.

10.      The Debtors do not seek final approval of the Disclosure Statement ex parte. Rather, the Debtors seek conditional approval only, so that solicitation may commence subject to final approval of the Disclosure Statement at the combined hearing and subject to the Court's authority to require supplemental disclosure, supplemental notice, modification, or re-solicitation if warranted.

/ / /

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192  Fax: (702) 805-1597

**IV.    BASIS FOR CONDITIONAL APPROVAL UNDER LOCAL BANKRUPTCY RULE 3017**

11.    Local Rule 3017 authorizes expedited Chapter 11 plan-confirmation procedures, including conditional approval of disclosure statements without hearing and scheduling a combined hearing on final approval of the conditionally approved disclosure statement and confirmation of the plan. The rule permits a plan proponent to seek conditional approval by ex parte motion, provided the motion is accompanied by the proposed disclosure statement and the certificate required by Local Rule 3017(c). Except as otherwise provided by Local Rule 3017, Bankruptcy Rule 3017.1 applies to non-small-business cases in this District and supplies the procedure for setting voting deadlines, disclosure-statement objection deadlines, final approval procedures, and the confirmation hearing. Conditional approval is treated as approval for purposes of mailing solicitation materials under Bankruptcy Rule 3017(d).

12.    Conditional approval is discretionary. Courts in this District have recognized that conditional approval in non-small-business Chapter 11 cases remains an exception to the ordinary disclosure-statement process and should be supported by a record showing that the procedure is warranted. *See In re Meldrum*, No. 19-13551, 2019 WL 5777652 at *2 (Bankr. D. Nev. Oct. 5, 2019). The Debtors therefore make the showing required by Local Rule 3017(c) and propose robust procedural safeguards, including full notice, express preservation of objection rights, and a combined hearing for final approval of the Disclosure Statement and confirmation of the Plan.

13.    The Debtors also recognize that solicitation before approval of a disclosure statement is prohibited by section 1125(b) of the Bankruptcy Code, and that improper pre-approval solicitation may preclude confirmation under section 1129(a)(2). *See In re Trans Max Techs., Inc.*, 349 B.R. 80, 92–93 (Bankr. D. Nev. 2006); *In re Cal. Fidelity, Inc.*, 198 B.R. 567, 571–72 (B.A.P. 9th Cir. 1996). The relief requested here avoids that issue because the Debtors will not solicit acceptances or rejections until after entry of the Conditional Approval Order.

**V.    CERTIFICATE REQUIRED BY LOCAL BANKRUPTCY RULE 3017(c)**

14.    Circumstances favor preliminary approval of the Disclosure Statement and use of expedited confirmation procedures for the following reasons:

NEVADA BANKRUPTCY ATTORNEYS, LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

a. The Debtors have filed the Plan and Disclosure Statement. The Disclosure Statement describes the material terms of the Plan, the proposed treatment of Claims and Interests, the Debtors' classification and voting structure, the Debtors' principal restructuring transactions, including the closed Las Vegas Sale, the Newport MIPA, and the NOTL Resolution Documents, the treatment of secured claims, landlord claims, insider claims, general unsecured claims, and equity interests, and the material risks associated with confirmation and implementation of the Plan. Kaplan Decl. at ¶¶ 9-12, 20-23.

b. Conditional approval will permit solicitation to proceed while preserving all parties' rights to object to final approval of the Disclosure Statement and confirmation of the Plan at the combined hearing. The Debtors believe expedited procedures are warranted because the Plan depends in material part on timely implementation of the transactions and claim-treatment structure described in the Plan and Disclosure Statement, including final reconciliation of the closed Las Vegas Sale, approval and closing of the Newport MIPA, approval and performance of the NOTL Resolution Documents, treatment of secured and landlord claims, and the Debtors' proposed means for implementation of the Plan. Kaplan Decl. at ¶¶ 13-14, 23-26.

c. The Plan and Disclosure Statement identify voting and non-voting Classes. The Classes to be solicited are Class 1 (Newtek Bank, N.A. Secured Claims), Class 2B (Newport Secured Equipment Lenders), Class 4 (Allowed Claims of NFS Capital, LLC), Class 5 (Continuing Landlord Claims), and Class 6 (Legacy Landlord Lease Claims). Class 2A has no known unpaid Allowed Claim and will not be solicited unless a Class 2A Claim is later Allowed or otherwise determined by the Bankruptcy Court to be entitled to vote. Class 3 is Unimpaired and not entitled to vote. Classes 7, 8, and 9 are Impaired, receive

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192  Fax: (702) 805-1597

no distribution, are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, and are not entitled to vote. Kaplan Decl. at ¶¶ 17–19.

15.     Based on the Debtors' schedules, the Debtors have approximately sixty-eight (68) creditors, assets with scheduled values totaling approximately $3,184,662.65, and scheduled claims totaling approximately $22,123,166.43 on an aggregate schedule-by-schedule basis. However, certain obligations, including Newtek Bank N.A.'s secured SBA loan, are scheduled by multiple Debtors on account of the same joint-and-several liability. Accordingly, the aggregate scheduled-claims figure may duplicate certain obligations and should not be read as the Debtors' estimate of non-duplicative economic liability. After accounting for known duplicate scheduled entries for joint-and-several obligations, the Debtors estimate non-duplicative scheduled claims totaling approximately $12,215,906.43, subject to filed proofs of claim, disputed claims, claim reconciliation, amendments or supplements to the schedules, and orders of the Bankruptcy Court. As of the date of this Motion, approximately twenty-four (24) creditors have filed proofs of claim, asserting claims totaling approximately $13,797,705.50 after accounting for known duplicate claims or duplicate debt, subject to claim objections, reconciliation, amendment, withdrawal, settlement, estimation, allowance, disallowance, and orders of the Bankruptcy Court. Kaplan Decl. at ¶¶ 15–16.

16.     The Debtors certify that the proposed Disclosure Statement contains the information required by the applicable Official Form, to the extent applicable, and adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code:

   a. The Disclosure Statement includes information regarding the Debtors' background, operations, events leading to the Chapter 11 Cases, assets and liabilities, classification and treatment of Claims and Interests, voting and non-voting Classes, means for implementation of the Plan, material risk factors, liquidation analysis, feasibility analysis, tax consequences, voting procedures, objection procedures, and confirmation procedures. Kaplan Decl. at ¶ 11.

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

b. The Disclosure Statement also describes the Debtors' principal restructuring transactions and implementation steps, including final reconciliation of the closed Las Vegas Sale, the Newport MIPA, the NOTL Resolution Documents, and the proposed treatment of secured claims, landlord claims, insider claims, General Unsecured Claims, and Equity Interests. Kaplan Decl. at ¶¶ 12, 20-23.

c. The Debtors certify that the Disclosure Statement contains adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code.

17. The Debtors therefore request conditional approval of the Disclosure Statement and entry of an order establishing solicitation, voting, objection, and combined hearing procedures pursuant to Local Rule 3017 and Bankruptcy Rule 3017.1.

## VI. THE PROPOSED DISCLOSURE STATEMENT SHOULD BE CONDITIONALLY APPROVED

18. Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed Chapter 11 plan. In that regard, section 1125(a)(1) of the Bankruptcy Code provides:

"[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in

NEVADA BANKRUPTCY ATTORNEYS, LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

19.     Section 1125(a)(2) of the Bankruptcy Code goes on to define an "investor typical of holders of claims or interests of the relevant class" as an investor having the following: "(A) a claim or interest of the relevant class; (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and (C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have." 11 U.S.C. § 1125(a)(2). The determination of adequate information is made on a case-by-case basis. *Computer Task Group, Inc. v. Brotby* (*In re Brotby*), 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) (citing *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988)).

20.     In addition, case law has developed a non-exhaustive list of criteria that may be considered in evaluating the sufficiency or the adequacy of a proposed disclosure statement. Relevant factors for evaluating the adequacy of a disclosure statement may include the following:

(a) the events which led to the filing of a bankruptcy petition; (b) a description of the available assets and their value; (c) the anticipated future of the company; (d) the source of information stated in the disclosure statement; (e) a disclaimer; (f) the present condition of the debtor while in Chapter 11; (g) the scheduled claims; (h) the estimated return to creditors under a Chapter 7 liquidation; (i) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (j) the future management of the debtor; (k) the Chapter 11 plan or a summary thereof; (l) the estimated administrative expenses, including attorneys' and accountants' fees; (m) the collectability of accounts receivable; (n) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the

Chapter 11 plan; (o) information relevant to the risks posed to creditors under the plan; (p) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (q) litigation likely to arise in a nonbankruptcy context; (r) tax attributes of the debtor; and (s) the relationship of the debtor with affiliates.

*In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. Ga. 1984); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (using a similar list). The foregoing list, however, is neither meant to be comprehensive, nor required; rather, the court must decide what is appropriate in each specific case. *See also In re Islet Sciences, Inc.*, 640 B.R. 425, 460-62 (Bankr. D. Nev. 2022).

21.    The Disclosure Statement contains adequate information for conditional approval and solicitation purposes. Among other things, the Disclosure Statement describes:

a.   the Debtors' background and business operations;

b.   the events leading to the Chapter 11 Cases;

c.   the Debtors' assets and liabilities;

d.   the Plan's classification and treatment of Claims and Interests;

e.   the Classes entitled to vote and the Classes not entitled to vote;

f.   the treatment of Newtek Bank, N.A.;

g.   the treatment of secured equipment lenders;

h.   the treatment of NFS Capital, LLC;

i.   the treatment of continuing landlord claims;

j.   the treatment of legacy landlord lease claims asserted by Orange and Woodfield;

k.   the treatment of insider secured claims, general unsecured claims, and equity interests;

l.   the closed Las Vegas Sale, the Newport MIPA, and the NOTL Resolution Documents;

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

10

m. risks relating to the Newport MIPA, NOTL lease/occupancy issues, insider allocation, liquor-license and regulatory matters, and assumed or transaction-related obligations;

n. the Feasibility / Liquidation Analysis, including liquidation analysis and best-interests issues;

o. feasibility considerations and implementation liquidity assumptions; and

p. tax and other material considerations.

Kaplan Decl. at ¶¶ 11–12, 20–23.

22.    The Plan is not patently unconfirmable on its face. The Disclosure Statement and attached Feasibility / Liquidation Analysis provide sufficient information regarding the Plan's proposed treatment of Claims and Interests, implementation mechanics, risk factors, liquidation analysis, feasibility assumptions, and voting procedures to allow holders of Claims entitled to vote to make an informed judgment whether to accept or reject the Plan.

23.    Conditional approval will not prejudice creditors or parties-in-interest because final approval of the Disclosure Statement remains subject to objection and hearing. If a party timely objects to final approval of the Disclosure Statement, the objection will be heard at or before the combined hearing, as provided by Bankruptcy Rule 3017.1 and Local Rule 3017. If the Court determines that material modifications are required, the Court may require supplemental disclosure, supplemental notice, or re-solicitation as appropriate. Kaplan Decl. at ¶¶ 14, 24–25.

24.    For these reasons, the Debtors request that the Court conditionally approve the Disclosure Statement for solicitation purposes, subject to final approval at the combined hearing.

## VII.    RECORD DATE

25.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a Chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." FRBP 3017(d). Because the Debtors seek conditional approval under

NEVADA BANKRUPTCY ATTORNEYS, LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192  Fax: (702) 805-1597

Local Rule 3017 and Bankruptcy Rule 3017.1, the Debtors request that the Court establish the date of entry of the Conditional Approval Order as the Record Date.

## VIII. SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES

26. Bankruptcy Rule 3017(d) governs transmission of the plan, disclosure statement, voting deadline notice, confirmation-hearing notice, ballots, and other Court-approved solicitation materials after approval of a disclosure statement. Because conditional approval is treated as approval for purposes of Bankruptcy Rule 3017(d), the Debtors request authority to transmit solicitation packages upon entry of the Conditional Approval Order.

27. Upon entry of the Conditional Approval Order, the Debtors propose to transmit solicitation packages to holders of Claims entitled to vote on the Plan and appropriate notice materials to holders of Claims and Interests not entitled to vote. Kaplan Decl. at ¶¶ 17–19, 24–25.

28. For holders of Claims in voting Classes, the solicitation package shall include, in paper or electronic form as approved by the Court:

    a. the Conditional Approval Order;

    b. the notice of combined hearing on final approval of the Disclosure Statement and confirmation of the Plan;

    c. the Disclosure Statement, with the Plan attached or included;

    d. the applicable ballot and voting instructions; and

    e. such other materials as the Court may direct or as the Debtors determine are appropriate.

29. For holders of Claims or Interests not entitled to vote, the Debtors may transmit an appropriate non-voting notice instead of a ballot. Holders of Claims or Interests not entitled to vote shall not receive a ballot unless otherwise ordered by the Court.

30. The Debtors propose to serve the solicitation packages and non-voting notices by first-class mail, electronic mail where authorized or appropriate, or other Court-approved means, on or before the deadline established in the Conditional Approval Order, or as soon as practicable after entry of the Conditional Approval Order.

12

31.     The Debtors also request authority to make solicitation materials available electronically through a case website, document repository, or other method reasonably calculated to provide access to parties in interest.

## IX.     FORMS OF BALLOTS AND NON-VOTING NOTICES

32.     The Debtors propose to distribute ballots substantially consistent with the applicable Official Form B 314 to holders of Claims entitled to vote on the Plan. Kaplan Decl. at ¶¶ 17, 24.

33.     The classes entitled to vote are:

a.   Class 1—Newtek Bank, N.A. Secured Claims;

b.   Class 2B—Newport Secured Equipment Lenders;

c.   Class 4—Allowed Claims of NFS Capital, LLC;

d.   Class 5—Continuing Landlord Claims; and

e.   Class 6—Legacy Landlord Lease Claims.

Kaplan Decl. at ¶ 17.

34.     Class 2A has no known unpaid Allowed Claim and will not be solicited unless a Class 2A Claim is later Allowed or otherwise determined by the Bankruptcy Court to be entitled to vote. Class 3 is Unimpaired and is not entitled to vote. Classes 7, 8, and 9 are Impaired, receive no distribution, are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, and are not entitled to vote. Kaplan Decl. at ¶¶ 18–19.

35.     The Debtors request approval of the forms of ballots for the voting Classes and the forms of non-voting notices for the non-voting Classes.

## X.     VOTING DEADLINE

36.     The Debtors request that the Court establish August 19, 2026, at 4:00 p.m. prevailing Pacific Time as the deadline for receipt of ballots accepting or rejecting the Plan (the "Voting Deadline"), or such other date and time as the Court may establish in the Conditional Approval Order.

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

37.     To be counted, each ballot must be properly completed, executed, and actually received by the Debtors' counsel or designated tabulation agent by the Voting Deadline in accordance with the instructions on the ballot and the Conditional Approval Order.

38.     The Debtors request authority to extend the Voting Deadline without further order of the Court for any holder of a Claim or any Class, but only if such extension does not prejudice any party in interest and is disclosed in the Ballot Summary or otherwise filed with the Court.

## XI.     PROCEDURES FOR TABULATION OF THE VOTE

39.     The Debtors propose that votes will be tabulated in accordance with sections 1126(c) and 1126(d) of the Bankruptcy Code, Bankruptcy Rule 3018, Local Rule 3018, the Conditional Approval Order, and the voting instructions approved by the Court.

40.     For purposes of determining whether an impaired Class of Claims has accepted the Plan, the Debtors shall count only those ballots that are timely received, properly completed, and executed by holders of Claims entitled to vote.

41.     Unless otherwise ordered by the Court, the Debtors request that the following tabulation procedures apply:

a.  ballots received after the Voting Deadline shall not be counted unless the Debtors consent or the Court orders otherwise;

b.  ballots that are illegible, unsigned, or do not identify the holder or Claim shall not be counted unless the defect is waived by the Debtors or cured before the Voting Deadline;

c.  if multiple ballots are received from the same holder for the same Claim before the Voting Deadline, the latest timely received ballot shall supersede and revoke any earlier ballot;

d.  a ballot that both accepts and rejects the Plan shall not be counted unless the intent of the holder can be determined or the defect is timely cured;

e.  a ballot that does not indicate acceptance or rejection shall not be counted as either an acceptance or rejection;

14

f.   ballots cast by holders whose Claims are subject to objection, estimation, disallowance, or other dispute shall be counted only to the extent provided by the Bankruptcy Code, Bankruptcy Rules, Local Rules, applicable order of the Court, or agreement of the Debtors; and

g.   the Debtors reserve all rights under section 1126(e) of the Bankruptcy Code to seek designation of any vote not cast or solicited in good faith or not cast in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, or Conditional Approval Order.

42.   The Debtors shall file a Certification of Acceptance and Rejection of the Plan (the "Ballot Summary") no later than the August 24, 2026.

**XII.   Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan**

43.   Pursuant to Local Rule 3017 and Bankruptcy Rule 3017.1, the Debtors request that the Court schedule a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") on September 15, 2026, at 9:30 a.m., or such other date and time as the Court may establish.

44.   At the Combined Hearing, the Court may consider: (a) final approval of the Disclosure Statement; (b) any timely objection to final approval of the Disclosure Statement; (c) confirmation of the Plan; (d) any timely objection to confirmation; (e) the Ballot Summary; and (f) such other matters as may properly come before the Court.

45.   If no timely objection to final approval of the Disclosure Statement is filed, the Debtors request that the Court deem the Disclosure Statement finally approved at or before the Combined Hearing, subject to the Court's determination that the Disclosure Statement contains adequate information.

46.   If a timely objection to final approval of the Disclosure Statement is filed, the Debtors request that the Court hear such objection at or before the Combined Hearing, as permitted by Bankruptcy Rule 3017.1(c)(3) and Local Rule 3017.

NEVADA BANKRUPTCY ATTORNEYS, LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

15

47.     If the Court determines that the Disclosure Statement requires material modification before final approval, the Debtors reserve the right to seek approval of amended disclosure, supplemental notice, revised deadlines, or re-solicitation, as appropriate.

## XIII.    NOTICE OF COMBINED HEARING

48.     The Debtors request approval of the form of combined notice, substantially in the form attached hereto as **Exhibit 1**, providing notice of: (a) conditional approval of the Disclosure Statement; (b) the deadline to object to final approval of the Disclosure Statement; (c) the deadline to object to confirmation of the Plan; (d) the Voting Deadline; and (e) the Combined Hearing.

49.     The combined notice shall clearly provide that creditors and parties in interest may object to final approval of the conditionally approved Disclosure Statement and may object to confirmation of the Plan, and that any timely objection to final approval of the Disclosure Statement may be heard at or before the Combined Hearing.

50.     The Debtors propose to serve the combined notice on all creditors, equity interest holders, the United States Trustee, parties requesting notice, and all other parties entitled to notice under the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any applicable order of the Court.

51.     The Debtors propose to provide not less than twenty-eight (28) days' notice of the Combined Hearing unless the Court orders otherwise. To the extent the Court determines that any notice period should be shortened or modified, the Debtors request that the Court find cause for such shortened or modified notice based on the facts set forth in this Motion, the Kaplan Declaration, and the record of these Chapter 11 Cases.

## XIV.    OBJECTIONS AND REPLIES

52.     The Debtors request that the Court establish August 19, 2026, as the deadline to object to final approval of the Disclosure Statement.

53.     The Debtors request that the Court establish August 19, 2026, as the deadline to object to confirmation of the Plan.

54.     Any objection to final approval of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature

16

of the Claim or Interest asserted; (c) state with particularity the basis for the objection; (d) conform to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any applicable order of the Court; and (e) be filed with the Court and served on the Debtors' counsel, the United States Trustee, and such other parties as the Court may direct, so as to be actually received by the applicable objection deadline.

55.    The Debtors request that replies to any objections be filed no later than seven days prior to the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan, or such other deadline as the Court may establish.

## XV.    RESERVATION OF RIGHTS

56.    The Debtors reserve the right to amend, supplement, or modify the Plan, Disclosure Statement, solicitation materials, proposed deadlines, notices, ballots, non-voting notices, and proposed order before entry of the Conditional Approval Order, before the Combined Hearing, or as otherwise authorized by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or order of the Court.

57.    The Debtors further reserve the right to seek supplemental notice, amended solicitation procedures, modified deadlines, additional findings, or other appropriate relief if the Court requires material modifications to the Disclosure Statement or Plan.

58.    Nothing in this Motion, the Conditional Approval Order, the Plan, the Disclosure Statement, or any solicitation materials shall constitute a waiver of the Debtors' rights to modify the Plan or Disclosure Statement, object to Claims, seek estimation or temporary allowance of Claims, designate votes, seek cramdown, or seek such other relief as may be available under the Bankruptcy Code, Bankruptcy Rules, Local Rules, or applicable law.

## XVI.    CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Conditional Approval Order, substantially in the form attached hereto as **Exhibit 2**, thereby ordering as follows:

1.    Conditionally approving the Disclosure Statement for solicitation purposes, subject

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

17

to final approval at the Combined Hearing;

2.    Authorizing the Debtors to transmit solicitation packages and solicit votes upon entry of the Conditional Approval Order;

3.    Approving the forms of ballots for voting Classes and non-voting notices for non-voting Classes;

4.    Approving solicitation packages, solicitation procedures, and tabulation procedures;

5.    Establishing the Record Date;

6.    Establishing the Voting Deadline;

7.    Establishing deadlines for objections to final approval of the Disclosure Statement, objections to confirmation of the Plan, and replies thereto;

8.    Scheduling the Combined Hearing on final approval of the Disclosure Statement and confirmation of the Plan;

9.    Approving the form and manner of notice of the Combined Hearing; and

10.    Granting such other and further relief as the Court deems just and proper.


Dated: July 8, 2026.

By:  /s/ Matthew Knepper, Esq.
NEVADA BANKRUPTCY ATTORNEYS, LLC
MATTHEW I. KNEPPER, ESQ., NBN 12796
BRENDEN J. GOUGEON, ESQ., NBN 16874
5940 S. Rainbow Blvd., Suite 400
PMB 99721
Las Vegas, Nevada 89118

*Attorneys for Debtors*

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

18