MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
BRENDEN J. GOUGEON, ESQ.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS LLC
5940 S. Rainbow Blvd. Ste 400
PMB 99721
Las Vegas, Nevada 89118
Telephone: (702) 805-1659
Facsimile: (702) 805-1659
E-mail: mknepper@nvbankruptcyattorneys.com
E-mail: bgougeon@nvbankruptcyattorneys.com

Counsel for Jointly Administered Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>Debtors. | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**DECLARATION OF PHILIP N. KAPLAN IN SUPPORT OF EX PARTE MOTION FOR ORDER: (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PACKAGES, BALLOTS, NON-VOTING NOTICES, AND SOLICITATION PROCEDURES; (III) ESTABLISHING RECORD DATE, VOTING DEADLINE, AND OBJECTION DEADLINES; (IV) SCHEDULING COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN; AND (V) GRANTING RELATED RELIEF**<br><br>**Hearing Date: September 15, 2026**<br>**Hearing Time: 9:30 a.m.** |

1

I, Philip N. Kaplan, declare as follows:

1.      I am an individual over the age of eighteen (18). I am a principal of Velocity Esports, Inc. and am authorized to submit this declaration on behalf of Velocity Esports, Inc., Velocity Esports Las Vegas Town Square, LLC, Velocity Esports Chicago Schaumburg, LLC, Velocity Esports Newport Kentucky, LLC, and Velocity Esports Orlando Downtown, LLC (collectively, the "Debtors").

2.      I make this declaration in support of the Debtors' Ex Parte Motion for Order: (I) Conditionally Approving Disclosure Statement; (II) Approving Solicitation Packages, Ballots, Non-Voting Notices, and Solicitation Procedures; (III) Establishing Record Date, Voting Deadline, and Objection Deadlines; (IV) Scheduling Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (V) Granting Related Relief (the "Motion").

3.      Except where stated on information and belief, the facts set forth in this declaration are based on my personal knowledge, my review of the Debtors' books and records, my involvement in the Debtors' operations and restructuring efforts, my review of pleadings and orders entered in these Chapter 11 Cases, and information provided to me by the Debtors' professionals in the ordinary course of these Chapter 11 Cases. If called to testify, I could and would testify competently to the matters stated herein.

4.      Capitalized terms not otherwise defined in this declaration have the meanings given to them in the Motion, the Debtors' Joint Chapter 11 Plan of Reorganization #2 filed at ECF No. 284 (the "Plan"), or the Disclosure Statement to Accompany Debtors' Joint Chapter 11 Plan of Reorganization #2 filed contemporaneously with the Motion or at ECF No. 294 (the "Disclosure Statement"), as applicable.

5.      On May 7, 2025, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate their remaining business and manage their properties as debtors in possession pursuant to sections

1107 and 1108 of the Bankruptcy Code. The Newport venue is the Debtors' remaining operating venue expected to generate operating receipts during the Plan implementation period.

6.     The Chapter 11 Cases are jointly administered pursuant to the Court's order at ECF No. 96. The Debtors' estates have not been substantively consolidated. Each Debtor remains a separate legal entity, and the Debtors have prepared the Plan, Disclosure Statement, and Feasibility / Liquidation Analysis on that basis, except to the extent the documents expressly disclose combined information for convenience.

7.     Velocity Esports, Inc. is a holding company. The affiliated venue-level Debtors operated or formerly operated entertainment venues in Las Vegas, Nevada; Newport, Kentucky; Schaumburg, Illinois; and Orlando, Florida. The Las Vegas venue was sold through a Court-approved transaction, the Schaumburg location has been closed, the Orlando location never commenced operations, and Newport remains the Debtors' principal operating venue.

8.     The Disclosure Statement includes, as an exhibit, a Feasibility / Liquidation Analysis that contains the Debtors' current feasibility assumptions, projected implementation liquidity, Plan-payment assumptions, and hypothetical chapter 7 liquidation analysis.

9.     The Plan provides for treatment of Newtek Bank, N.A.'s secured claims; treatment of secured equipment lenders and equipment-related claims; treatment of NFS Capital, LLC under the approved settlement structure; treatment of continuing landlord claims; treatment of legacy landlord lease claims asserted by 434 N. Orange Investment, LLC and Woodfield Mall LLC; and no distributions to insider secured claims, general unsecured claims, or equity interests.

10.     The Plan is intended to be implemented through final reconciliation of the closed Las Vegas Sale, the Newport MIPA, the NOTL Resolution Documents, continued Newport operations, treatment of secured and equipment obligations, allowance or resolution of disputed Class 6 claims, and the non-debtor guarantor contributions and support described in the Plan, Disclosure Statement, and Feasibility / Liquidation Analysis.

11.     The Disclosure Statement describes the Debtors' background, operating history, events leading to the Chapter 11 Cases, assets and liabilities, classification and treatment of Claims

and Interests, voting and non-voting Classes, means for implementation of the Plan, material risk factors, liquidation analysis, feasibility analysis, tax consequences, voting procedures, objection procedures, and confirmation procedures.

12. The Disclosure Statement also describes the Debtors' principal restructuring transactions and implementation steps, including final reconciliation of the closed Las Vegas Sale, the Newport MIPA, the NOTL Resolution Documents, the NFS Capital settlement structure, treatment of secured equipment obligations, treatment of Newtek Bank, N.A., treatment of landlord claims, treatment of insider claims, treatment of General Unsecured Claims, and treatment of Equity Interests.

13. The Debtors seek conditional approval of the Disclosure Statement so that solicitation may begin promptly and the Debtors may proceed toward a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan. In my business judgment, prompt solicitation is important because the Plan depends on timely implementation of the Newport MIPA, the NOTL Resolution Documents, claim-treatment mechanics, and related implementation steps.

14. The Debtors do not seek final approval of the Disclosure Statement on an ex parte basis. The relief requested in the Motion preserves the rights of creditors and parties in interest to object to final approval of the Disclosure Statement and confirmation of the Plan at or before a combined hearing. If the Court determines that supplemental disclosure, supplemental notice, modification, or re-solicitation is required, the Debtors will comply with the Court's direction.

15. Based on the Debtors' schedules, the Debtors have approximately sixty-eight (68) creditors, scheduled assets totaling approximately $3,184,662.65, and scheduled claims totaling approximately $22,123,166.43 on an aggregate schedule-by-schedule basis. Certain obligations, including Newtek Bank, N.A.'s secured SBA loan, are scheduled by more than one Debtor on account of the same joint-and-several or overlapping liability, and therefore the aggregate scheduled-claims figure includes duplicate scheduled entries.

16.     After accounting for known duplicate scheduled entries for joint-and-several or overlapping obligations, the Debtors estimate non-duplicative scheduled claims totaling approximately $12,215,906.43, subject to filed proofs of claim, disputed claims, claim reconciliation, amendments or supplements to the schedules, and orders of the Court. As of the date of the Motion, approximately twenty-four (24) creditors have filed proofs of claim, asserting claims totaling approximately $13,797,705.50 after accounting for known duplicate claims or duplicate debt, subject to claim objections, reconciliation, amendment, withdrawal, settlement, estimation, allowance, disallowance, and orders of the Court.

17.     The Plan and Disclosure Statement identify the Classes presently entitled to vote on the Plan as Class 1 (Newtek Bank, N.A. Secured Claims), Class 2B (Newport Secured Equipment Lenders), Class 4 (Allowed Claims of NFS Capital, LLC), Class 5 (Continuing Landlord Claims), and Class 6 (Legacy Landlord Lease Claims).

18.     Class 2A has no known unpaid Allowed Claim and will not be solicited unless a Class 2A Claim is later Allowed or otherwise determined by the Court to be entitled to vote. Class 3 is Unimpaired and is not entitled to vote under the Plan as presently drafted.

19.     Classes 7, 8, and 9 are Impaired, receive no distribution under the Plan, are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, and are not entitled to vote on the Plan.

20.     The Disclosure Statement and Feasibility / Liquidation Analysis provide information regarding the material terms of the Plan, the proposed treatment of Claims and Interests, the Debtors' classification and voting structure, the Debtors' principal restructuring transactions, material risk factors, the Debtors' feasibility assumptions, the hypothetical chapter 7 liquidation analysis, and the anticipated means for implementation of the Plan.

21.     The Feasibility / Liquidation Analysis is based on the Debtors' books and records, filed schedules and statements, available monthly operating reports, sale and escrow materials, claim information, transaction documents, available payoff and collateral information, operating budgets, and management estimates. The figures in the Feasibility / Liquidation Analysis are

estimates for disclosure purposes and remain subject to final reconciliation, actual results, Court approval, claim allowance, and further orders of the Court.

22.     The Las Vegas Sale was approved by order entered at ECF No. 269 and closed on May 8, 2026. The Debtors currently understand that the Las Vegas Sale generated $1,075,000.00 in total consideration, including disbursements or allocations to Newtek Bank, N.A., Pawnee Leasing Corporation, the Nevada Department of Taxation, First Choice Business Brokers, and NFS Capital, LLC, and that no unrestricted cash from the Las Vegas Sale will flow to the Debtors as general operating liquidity. The NFS Capital settlement structure was approved by order entered at ECF No. 168, and the Plan and Disclosure Statement preserve final reconciliation of NFS-related payment credits and continuing obligations.

23.     The Newport MIPA and the NOTL Resolution Documents remain subject to Court approval. The Debtors' current feasibility assumptions depend materially on continued Newport operations, approval and closing of the Newport MIPA, approval and performance of the NOTL Resolution Documents, treatment of secured equipment obligations, and the continued support, cooperation, and potential funding contributions of Philip N. Kaplan, Leonard R. Wanger, and/or related non-Debtor sources as described in the Disclosure Statement and Feasibility / Liquidation Analysis.

24.     If the Court enters the Conditional Approval Order, the Debtors will transmit solicitation packages to holders of Claims in voting Classes and appropriate non-voting notices to holders of Claims or Interests not entitled to vote. The Debtors propose that the solicitation packages include the Conditional Approval Order, notice of the combined hearing, the Disclosure Statement with the Plan attached or included, the applicable ballot and voting instructions, and such other materials as the Court may direct or the Debtors determine are appropriate.

25.     The Debtors' proposed solicitation and notice procedures are intended to provide creditors and parties in interest with notice of the Voting Deadline, the deadline to object to final approval of the Disclosure Statement, the deadline to object to confirmation of the Plan, any reply

6

deadline, and the combined hearing. Under the proposed procedures, parties in interest retain the right to object to final approval of the Disclosure Statement and confirmation of the Plan.

26.     In my business judgment, conditional approval and the proposed combined-hearing procedures will not prejudice creditors or parties in interest because final approval of the Disclosure Statement and confirmation of the Plan remain subject to notice, objection, hearing, and any further order of the Court. The proposed procedures should reduce delay and administrative expense while preserving parties' substantive rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of July, 2026

/s/ *Philip Kaplan*
Philip N. Kaplan
Manager, Jointly Administered Debtors