



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
July 10, 2026

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 25-12627-mkn |
| VELOCITY ESPORTS, INC., | Jointly Administered with<br>Case No. 25-12628-mkn |
| ☐  Affects Velocity Esports, Inc. | Case No. 25-12629-mkn |
| ☐  Affects Velocity Esports Las Vegas<br>    Town Square, LLC | Case No. 25-12630-mkn<br>Case No. 25-12631-mkn |
| ☐  Affects Velocity Esports Chicago<br>    Schaumburg, LLC | Chapter 11 |
| ☐ Affects Velocity Esports Newport<br>    Kentucky, LLC | **ORDER GRANTING EX PARTE<br>MOTION FOR ORDER: (I)<br>CONDITIONALLY APPROVING** |
| ☐ Affects Velocity Esports Orlando<br>    Downtown, LLC | **DISCLOSURE STATEMENT; (II)<br>APPROVING SOLICITATION** |
| ■ Affects All Debtors | **PACKAGES, BALLOTS, NON-<br>VOTING NOTICES, AND** |
| Debtors. | **SOLICITATION PROCEDURES; (III)<br>ESTABLISHING RECORD DATE,<br>VOTING DEADLINE, AND<br>OBJECTION DEADLINES; (IV)<br>SCHEDULING COMBINED HEARING<br>ON FINAL APPROVAL OF<br>DISCLOSURE STATEMENT AND<br>CONFIRMATION OF PLAN; AND (V)<br>GRANTING RELATED RELIEF** |

Upon consideration of the *Ex Parte Motion for Order: (I) Conditionally Approving*

*Disclosure Statement; (II) Approving Solicitation Packages, Ballots, Non-Voting Notices, and*

*Solicitation Procedures; (III) Establishing Record Date, Voting Deadline, and Objection Deadlines; (IV) Scheduling Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan; and (V) Granting Related Relief* (the "Motion")[1] filed by Velocity Esports, Inc., Velocity Esports Las Vegas Town Square, LLC, Velocity Esports Chicago Schaumburg, LLC, Velocity Esports Newport Kentucky, LLC, and Velocity Esports Orlando Downtown, LLC, as debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"); and the Court having reviewed the Motion, the Joint Chapter 11 Plan of Reorganization #2 [ECF No. 284], as may be amended, modified, or supplemented (the "Plan"), the Disclosure Statement to Accompany Debtors' Joint Chapter 11 Plan of Reorganization #2 [ECF No. 294], as may be amended, modified, or supplemented (the "Disclosure Statement"), any supporting declaration, and the record in these chapter 11 cases; and good cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The Disclosure Statement, including the Feasibility / Liquidation Analysis attached as Exhibit 1 thereto, contains adequate information for purposes of conditional approval and solicitation, subject to final approval at the Combined Hearing.

D.    The period during which the Debtors may solicit acceptances or rejections of the Plan, as set forth below, is reasonable and adequate for holders of Claims entitled to vote to make an informed decision whether to accept or reject the Plan.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

2

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

E.    The procedures for solicitation and tabulation of votes to accept or reject the Plan, as more fully set forth in the Motion and below, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.    The contents of the Solicitation Packages and non-voting notices, as approved below, comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and constitute sufficient notice under the circumstances.

G.    Conditional approval of the Disclosure Statement does not constitute final approval of the Disclosure Statement and does not constitute confirmation of the Plan. Creditors and parties in interest retain the right to object to final approval of the Disclosure Statement and confirmation of the Plan as provided in this Order, Bankruptcy Rule 3017.1, and Local Rule 3017.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.    Pursuant to section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017.1, Bankruptcy Rule 3017(d), and Local Rule 3017, the Disclosure Statement is CONDITIONALLY APPROVED for solicitation purposes only, subject to final approval at the Combined Hearing.

3.    The Record Date for purposes of determining which holders of Claims and Interests are entitled to receive Solicitation Packages, ballots, non-voting notices, and related notices shall be the date of entry of this Order.

4.    The Debtors are authorized to distribute or cause to be distributed solicitation packages (the "Solicitation Packages") by no later than three (3) business days after entry of this Order, or as soon thereafter as reasonably practicable (the "Solicitation Date").

5.    Solicitation Packages to holders of Claims in voting Classes shall include: (a) this Order; (b) the notice of combined hearing, substantially in the form attached to the Motion as **Exhibit 1** and approved herein (the "Notice"); (c) the Disclosure Statement, with the Plan attached or included; (d) the applicable ballot and voting instructions; and (e) such other materials as the Debtors determine are appropriate or as the Court may direct.

6.    Solicitation Packages, including ballots, shall be distributed to holders, as of the

3

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

Record Date, of Claims in the following Classes, which Classes are designated as Impaired under the Plan and entitled to vote to accept or reject the Plan:

    a.   Class 1. Newtek Bank, N.A. Secured Claims;

    b.   Class 2B. Newport Secured Equipment Lenders;

    c.   Class 4. Allowed Claims of NFS Capital, LLC;

    d.   Class 5. Continuing Landlord Claims; and

    e.   Class 6. Legacy Landlord Lease Claims.

7.     Non-voting notices, without ballots, shall be distributed to holders, as of the Record Date, of Claims or Interests in the following Classes, which are not entitled to vote to accept or reject the Plan:

    a.   Class 2A. Las Vegas Secured Equipment Lenders, which Class has no known unpaid Allowed Claim and will not be solicited unless a Class 2A Claim is later Allowed or otherwise determined by the Court to be entitled to vote;

    b.   Class 3. Equipment Lessors and Executory Equipment Contracts for Collateral Located at VES LV, which Class is Unimpaired and not entitled to vote; and

    c.   Classes 7, 8, and 9, which Classes are Impaired, receive no distribution, are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, and are not entitled to vote.

8.     With respect to addresses from which notices of commencement of these chapter 11 cases or other notices have been returned by the United States Postal Service as undeliverable, the Debtors are excused from distributing Solicitation Packages or non-voting notices to such entities at those addresses unless the Debtors receive written notice of accurate addresses for such entities, or accurate forwarding addresses from the United States Postal Service, before the Solicitation Date. The failure to distribute Solicitation Packages or non-voting notices to such entities under these circumstances shall not constitute inadequate notice of the Combined Hearing, the Voting Deadline, the Disclosure Statement Objection Deadline, the Confirmation Objection Deadline, or a violation of Bankruptcy Rule 3017(d).

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192  Fax: (702) 805-1597

9.      The forms of ballots for voting Classes are approved so long as they substantially conform to the applicable Official Form. All ballots must be properly completed and executed and must be ***actually received*** by Debtors' counsel or the designated tabulation agent by no later than **August 19, 2026, at 4:00 p.m.** prevailing Pacific Time (the "Voting Deadline").

10.      The Debtors shall file a Certification of Acceptance and Rejection of the Plan (the "Ballot Summary") on or before **August 24, 2026** or such other date as the Court may establish.

11.      The procedures for solicitation and tabulation of votes, as set forth in the Motion, are APPROVED.

12.      A combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") shall be held on **September 15, 2026, at 9:30 a.m.,** before the Honorable Mike K. Nakagawa, United States Bankruptcy Judge. All hearings are currently being held telephonically absent further order of the Court. Parties are permitted to appear telephonically by dialing ***(833) 435-1820, entering Meeting ID: 161 062 2560, and entering Access Code / Passcode: 029066#***. The Combined Hearing may be continued from time to time by the Court or the Debtors without further notice to parties other than an announcement in Court at the Combined Hearing, a notice filed on the docket, or such other notice as the Court may direct.

13.      At the Combined Hearing, the Court may consider: (a) final approval of the Disclosure Statement; (b) any timely objection to final approval of the Disclosure Statement; (c) confirmation of the Plan; (d) any timely objection to confirmation of the Plan; (e) the Ballot Summary; and (f) such other matters as may properly come before the Court.

14.      The form of Notice attached to the Motion as Exhibit 1 is APPROVED substantially in the form submitted. The Notice shall include the statement required by Local Rule 9014, including the requirement that any objection state the objecting party's position, set forth all relevant facts and legal authority, and be supported by any declarations, affidavits, or admissible evidence upon which the objecting party relies.

15.      The Debtors are authorized to serve the Notice on all creditors, equity interest

NEVADA BANKRUPTCY ATTORNEYS, LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

holders, the United States Trustee, parties requesting notice, and all other parties entitled to notice under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable order of the Court.

16.    Objections to final approval of the Disclosure Statement, if any, must be in writing; state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; state with particularity the basis and nature of any objection, including any relevant admissible evidence in support of such objection; and be filed with the Court and served so as to be actually received by no later than **August 19, 2026** (the "Disclosure Statement Objection Deadline").

17.    Objections to confirmation of the Plan, if any, must be in writing; state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; state with particularity the basis and nature of any objection, including any relevant admissible evidence in support of such objection; and be filed with the Court and served so as to be actually received by no later than **August 19, 2026** (the "Confirmation Objection Deadline").

18.    Objections to final approval of the Disclosure Statement or confirmation of the Plan not timely filed and served in the manner set forth herein shall not be considered and shall be overruled.

19.    All replies to any objections to final approval of the Disclosure Statement or confirmation of the Plan must be filed with the Court and served by no later than than seven days prior to the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Reply Deadline").

20.    If no timely objection to final approval of the Disclosure Statement is filed, the Court may consider final approval of the Disclosure Statement at or before the Combined Hearing.

21.    If a timely objection to final approval of the Disclosure Statement is filed, the Court may hear such objection at or before the Combined Hearing.

22.    The Debtors are authorized to make the Plan, Disclosure Statement, this Order, ballots, non-voting notices, and related materials available electronically through a case website,

NEVADA BANKRUPTCY ATTORNEYS , LLC
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192    Fax: (702) 805-1597

electronic document repository, or other method reasonably calculated to provide access to parties in interest.

23.    The Debtors may extend the Voting Deadline for individual holders of Claims, without further order of the Court, so long as such extension does not prejudice any party in interest and is disclosed in the Ballot Summary or otherwise filed with the Court. Any class-wide extension shall be made by further order of the Court or as otherwise permitted in this Order.

24.    If the Court determines that material modifications to the Disclosure Statement, Plan, or solicitation materials are required, the Court may require supplemental disclosure, supplemental notice, modified deadlines, or re-solicitation as appropriate.

25.    The Debtors reserve all rights to amend, supplement, or modify the Plan, Disclosure Statement, solicitation materials, notices, ballots, non-voting notices, and proposed order before the Combined Hearing or as otherwise authorized by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or order of the Court.

26.    Nothing in this Order, the Motion, the Plan, the Disclosure Statement, or any solicitation materials shall constitute a waiver of the Debtors' rights to modify the Plan or Disclosure Statement, object to Claims, seek estimation or temporary allowance of Claims, designate votes, seek cramdown, or seek such other relief as may be available under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or applicable law.

27.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

/ / /

/ / /

/ / /

**IT IS SO ORDERED.**


PREPARED AND SUBMITTED:

By:  */s/ Matthew Knepper, Esq.*
NEVADA BANKRUPTCY ATTORNEYS, LLC
Matthew I. Knepper, Esq., NBN 12796
Brenden J. Gougeon, Esq., NBN 16874
5940 S. Rainbow Blvd., Suite 400
PMB 99721
Las Vegas, Nevada 89118

*Attorneys for Debtors*

**NEVADA BANKRUPTCY ATTORNEYS, LLC**
5940 S. Rainbow Blvd., Ste 400
PMB 99721
Las Vegas, Nevada 89118
Tel: (702) 850-2192   Fax: (702) 805-1597

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

APPROVED:

DISAPPROVED:

FAILED TO RESPOND:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted By:

By: */s/ Matthew Knepper, Esq.*
NEVADA BANKRUPTCY ATTORNEYS, LLC
MATTHEW I. KNEPPER, ESQ., NBN 12796

# # #

9