# EXHIBIT 3

## PROPOSED SALE ORDER

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re

VELOCITY ESPORTS, INC.,

■ Affects Velocity Esports, Inc.
☐ Affects Velocity Esports Las Vegas Town
  Square, LLC
☐ Affects Velocity Esports Chicago
  Schaumburg, LLC
■ Affects Velocity Esports Newport
  Kentucky, LLC
☐ Affects Velocity Esports Orlando
  Downtown, LLC
☐ Affects All Debtors

                    Debtor(s).

Case No.: 25-12627-mkn

Jointly Administered with
Case No. 25-12628-mkn
Case No. 25-12629-mkn
Case No. 25-12630-mkn
Case No. 25-12631-mkn

Chapter 11

**ORDER GRANTING DEBTORS'**
**MOTION FOR ENTRY OF ORDER (I)**
**APPROVING MEMBERSHIP INTEREST**
**PURCHASE AGREEMENT FOR**
**VELOCITY ESPORTS NEWPORT**
**KENTUCKY, LLC; (II) AUTHORIZING**
**SALE AND TRANSFER OF**
**MEMBERSHIP INTERESTS PURSUANT**
**TO 11 U.S.C. § 363(b); (III) APPROVING**
**RELATED MEMBERSHIP INTEREST**
**ASSIGNMENTS, GOOD-FAITH**
**PURCHASER FINDINGS, AND**
**RELATED RELIEF; AND (IV)**
**GRANTING RELATED RELIEF**

Hearing Date:
Hearing Time:

This matter came before the Court for hearing on _____, 2026 (the "Sale Hearing") on the Debtors' *Motion for Entry of Order (I) Approving Membership Interest Purchase Agreement for Velocity Esports Newport Kentucky, LLC; (II) Authorizing Sale and Transfer of Membership Interests Pursuant to*

- 2 -

*11 U.S.C. § 363(b); (III) Approving Related Membership Interest Assignments, Good-Faith Purchaser Findings, and Related Relief; and (IV) Granting Related Relief* [ECF No. ___] (the "Motion").

The Court having considered: (i) the Motion; (ii) that certain Membership Interest Purchase Agreement dated July 14, 2026 (the "MIPA") by and among Velocity Esports, Inc. ("VES Inc." or the "Seller"), Beth Powers ("Powers" or the "Purchaser"), Velocity Esports Newport Kentucky, LLC ("VES Newport" or the "Company"), solely for purposes of the Company Joinder Provisions, and the Insider Bid Parties solely for the purposes stated therein, together with all schedules and exhibits thereto; (iii) the Declaration of Philip N. Kaplan filed in support of the Motion [ECF No. ___]; (iv) the Declaration of Beth Powers filed in support of the Motion [ECF No. ___]; (v) any responses or objections filed in connection with the Motion; (vi) the record made at the Sale Hearing; and (vii) the applicable law; the Court hereby incorporates its findings of fact and conclusions of law stated on the record, and good cause appearing therefor:

IT IS HEREBY ORDERED that the Motion is GRANTED as set forth herein.

IT IS FURTHER ORDERED that the MIPA and the transactions contemplated thereby are approved, subject to the terms and limitations of this Order.

IT IS FURTHER ORDERED that VES Inc. is authorized to sell, convey, transfer, assign, and deliver to Powers eighty percent (80%) of VES Inc.'s issued and outstanding membership interests in VES Newport, together with the economic, voting, governance, and other rights associated therewith to the extent provided in the MIPA, the Amended Operating Agreement, and this Order (the "Transferred Interest").

IT IS FURTHER ORDERED that the Debtors, Powers, VES Newport, and the other applicable parties are authorized to execute and deliver the assignments, joinders, amended operating-agreement documents, membership ledgers, certificates, acknowledgments, and other documents reasonably necessary to consummate the transfer of the Transferred Interest and implement the terms of the MIPA and this Order.

IT IS FURTHER ORDERED that, to the extent any provision of this Order is inconsistent with the MIPA or any exhibit or schedule thereto, the terms of this Order shall control.

IT IS FURTHER ORDERED that VES Inc. shall transfer only its right, title, and interest in the Transferred Interest. Nothing in this Order authorizes the transfer of any asset owned directly by VES

Newport, any other Debtor, or any non-Debtor affiliate, including any liquor license held by Velocity Esports Newport Kentucky II, LLC.

IT IS FURTHER ORDERED that the transaction approved herein is a transfer of membership interests owned by VES Inc. and is not a direct sale or transfer of VES Newport's assets.

IT IS FURTHER ORDERED that, subject to the terms of this Order, VES Inc. is authorized to transfer ten percent (10%) of its membership interests in VES Newport to April Mountain Properties, LLC and ten percent (10%) to LRW Revocable Trust (collectively, the "Insider Bid Parties").

IT IS FURTHER ORDERED that each transfer to an Insider Bid Party is approved solely on the basis of the identity, consideration, allocation, and legal basis disclosed in the MIPA, the Motion, the supporting declarations, and the record at the Sale Hearing.

IT IS FURTHER ORDERED that the transfers to the Insider Bid Parties shall not constitute or be deemed a distribution on account of any prepetition equity interest, insider claim, subordinated claim, guaranty claim, reimbursement claim, subrogation claim, contribution claim, or indemnity claim, except to the extent expressly stated in this Order.

IT IS FURTHER ORDERED that no portion of the consideration provided by an Insider Bid Party shall be treated as a credit bid under 11 U.S.C. § 363(k) unless this Court expressly finds that the applicable Insider Bid Party holds an allowed secured claim secured by the membership interest being acquired and expressly authorizes such credit bid.

IT IS FURTHER ORDERED that the consideration provided by Powers for the Transferred Interest is limited to the consideration expressly identified in Exhibit C to the MIPA and approved by this Order.

IT IS FURTHER ORDERED that nothing in the MIPA or this Order shall cause Powers personally to assume any debt, liability, lease obligation, landlord obligation, equipment obligation, tax obligation, employee obligation, cure amount, settlement amount, guaranty obligation, or other obligation of VES Newport, VES Inc., or any other person, except to the extent Powers expressly assumes such obligation in a written agreement signed by Powers and approved by the Court to the extent required.

IT IS FURTHER ORDERED that obligations that remain obligations of VES Newport by operation of law, contract, or separate agreement shall remain obligations of VES Newport and shall not be deemed separate consideration furnished by Powers unless expressly identified as such in the MIPA and this Order.

IT IS FURTHER ORDERED that, pursuant to 11 U.S.C. §§ 363(b) and 363(f), the Transferred Interest and any membership interests transferred to the Insider Bid Parties are authorized to be transferred free and clear of liens, claims, encumbrances, and other interests only to the extent the Court has determined that an applicable requirement of section 363(f) has been satisfied as to such interest.

IT IS FURTHER ORDERED that nothing in this Order constitutes a determination of the validity, priority, extent, attachment, perfection, or enforceability of any lien, claim, encumbrance, or interest asserted by Newtek Bank, N.A. or any other party against VES Inc.'s membership interests in VES Newport, except to the extent expressly determined herein.

IT IS FURTHER ORDERED that any valid lien, claim, encumbrance, or interest not otherwise satisfied, released, consented to, or adjudicated by this Order shall attach to any legally cognizable proceeds or consideration attributable to the transferred membership interests to the same extent and with the same validity and priority as existed immediately before Closing, subject to all claims, defenses, objections, and further orders of the Court.

IT IS FURTHER ORDERED that, to the extent no applicable predicate under section 363(f) has been established as to a particular lien or interest, the transfer shall remain subject to that lien or interest unless the affected party consents or the Court orders otherwise.

IT IS FURTHER ORDERED that nothing in this Order constitutes a determination that Newtek Bank, N.A. does or does not hold a valid, perfected, or enforceable lien against any membership interest in VES Newport.

IT IS FURTHER ORDERED that nothing in this Order determines the amount, validity, priority, extent, attachment, perfection, or enforceability of Newtek Bank, N.A.'s claim or asserted lien, and all rights, claims, defenses, and objections of Newtek Bank, N.A., the Debtors, and all other parties in interest are expressly preserved except to the extent expressly resolved by this Order.

IT IS FURTHER ORDERED that approval of the MIPA shall not constitute satisfaction, release, waiver, reduction, or impairment of any remaining Newtek claim or lien against any other Debtor, non-Debtor guarantor, collateral, or proceeds, except to the extent expressly stated in a separate written agreement or further order of the Court.

IT IS FURTHER ORDERED that nothing in this Order shall be construed to impair any valid rights of setoff or recoupment preserved under 11 U.S.C. § 553, except to the extent expressly provided in the MIPA and approved herein.

IT IS FURTHER ORDERED that this Order does not assume, assign, amend, cure, reinstate, revive, replace, settle, compromise, release, or otherwise adjudicate any lease or landlord-related obligation involving NOTL Property Owner LLC.

IT IS FURTHER ORDERED that nothing in the MIPA or this Order determines any cure amount, rent amount, use-and-occupancy amount, guaranty obligation, lease default, lease-assumption issue, change-of-control issue, landlord consent right, or other right, claim, defense, or obligation arising under or relating to the Newport lease.

IT IS FURTHER ORDERED that any proposed Second Amendment to Lease, landlord consent, rent-payment arrangement, guaranty, settlement, or other landlord-related agreement shall be effective only in accordance with its own terms and any separate Court approval required by applicable law.

IT IS FURTHER ORDERED that all rights, claims, defenses, obligations, and guaranties of or against NOTL, the Debtors, Powers, the Insider Bid Parties, and any non-Debtor guarantor are preserved except to the extent expressly resolved by a separate written agreement or further order of the Court.

IT IS FURTHER ORDERED that nothing in this Order transfers, assigns, conveys, or authorizes the use of any liquor license or other governmental permit held by Velocity Esports Newport Kentucky II, LLC or any other non-Debtor person.

IT IS FURTHER ORDERED that any agreement concerning the continued use, management, transfer, or operation under a liquor license shall be separately documented and shall remain subject to applicable nonbankruptcy law and regulatory approval.

IT IS FURTHER ORDERED that, effective upon Closing, Powers and any Insider Bid Party whose transfer is approved herein are authorized to be admitted as members of VES Newport in the percentages approved by this Order.

IT IS FURTHER ORDERED that VES Newport is authorized and directed to amend its membership ledger and execute the Amended Operating Agreement reflecting the ownership interests approved by this Order.

IT IS FURTHER ORDERED that the Amended Operating Agreement shall not alter, impair, release, or supersede any obligation imposed by the Bankruptcy Code, the confirmed Plan, the Confirmation Order, this Order, or any other applicable order of the Court.

IT IS FURTHER ORDERED that Powers and the Insider Bid Parties shall not exercise control over VES Newport, its cash, bank accounts, employees, operations, contracts, books and records, or assets before Closing, except pursuant to a separate written arrangement approved by the Court to the extent required.

IT IS FURTHER ORDERED that Powers and VES Newport shall preserve and provide the Debtors, the Reorganized Debtors, their professionals, any estate representative, and the United States Trustee with reasonable access to books and records necessary to administer the Chapter 11 Cases, implement the Plan, reconcile claims, prepare tax returns, comply with reporting obligations, and respond to audits, litigation, or governmental inquiries.

IT IS FURTHER ORDERED that no pre-Closing books or records shall be destroyed, materially altered, or rendered inaccessible except in accordance with applicable law, the MIPA, the confirmed Plan, and further order of the Court.

IT IS FURTHER ORDERED that the transaction approved herein is not a sale or transfer by the Debtors of personally identifiable information within the meaning of 11 U.S.C. § 101(41A), and no consumer privacy ombudsman is required based on the record presented.

IT IS FURTHER ORDERED that nothing in this Order authorizes Powers, VES Newport, or any other party to use or disclose personally identifiable information in violation of any applicable privacy policy or nonbankruptcy law.

IT IS FURTHER ORDERED that, based on the record made at the Sale Hearing, Powers is a good-faith purchaser of the Transferred Interest within the meaning of 11 U.S.C. § 363(m) and is entitled to the protections afforded thereby.

IT IS FURTHER ORDERED that the transfer of the Transferred Interest to Powers was negotiated and proposed in good faith, without fraud or collusion, and without any agreement intended to control the sale price within the meaning of 11 U.S.C. § 363(n).

IT IS FURTHER ORDERED that the section 363(m) finding granted herein applies only to Powers and the transfer of the Transferred Interest and does not apply to either Insider Bid Party unless expressly stated in this Order.

IT IS FURTHER ORDERED that the Debtors provided parties in interest with notice and an opportunity to present a higher or better proposal, and no higher or better executable proposal was presented before or at the Sale Hearing.

IT IS FURTHER ORDERED that the MIPA contains no break-up fee, expense reimbursement, topping fee, no-shop provision, or comparable bid protection that would have improperly chilled bidding.

IT IS FURTHER ORDERED that nothing in this Order approves any nonconsensual third-party release, non-Debtor release, discharge, injunction, exculpation, or plan-like relief.

IT IS FURTHER ORDERED that no avoidance action, cause of action under chapter 5 of the Bankruptcy Code, or other estate claim is sold, transferred, assigned, released, or impaired by the MIPA or this Order.

IT IS FURTHER ORDERED that this Order approves only the MIPA and the membership-interest transfers described herein and does not confirm, dictate, or preapprove any classification, treatment, voting right, distribution, discharge, release, or other confirmation-related finding under any chapter 11 plan, except to the extent necessary to approve and implement the transactions expressly authorized herein.

IT IS FURTHER ORDERED that nothing in this Order constitutes allowance, disallowance, subordination, satisfaction, compromise, or recharacterization of any claim or equity interest unless expressly stated herein.

IT IS FURTHER ORDERED that the transactions approved herein may close upon satisfaction or waiver of the conditions stated in the MIPA and this Order.

IT IS FURTHER ORDERED that the assignments of membership interests, admission of new members, amended membership ledger, and Amended Operating Agreement shall become effective only upon Closing.

IT IS FURTHER ORDERED that the Debtors shall file a notice of Closing on the docket promptly after Closing occurs.

- 9 -

IT IS FURTHER ORDERED that, notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry, and the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is waived.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to interpret, implement, and enforce the MIPA and this Order and to adjudicate disputes arising from the transactions approved herein, to the fullest extent permitted by applicable law.

IT IS SO ORDERED.

# # #

Prepared and Respectfully Submitted by:

**Nevada Bankruptcy Attorneys, LLC**

By: /s/ *Matthew Knepper, Esq.*
Matthew Knepper, Esq.
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorney for the Jointly Administered Debtors*