Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**NEVADA BANKRUPTCY ATTORNEYS LLC'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD ENDING JULY 9, 2026**<br><br>**Hearing Date: OST REQUESTED**<br>**Hearing Time: OST REQUESTED**<br>**Teleconference Line: (833) 435-1820**<br>**Meeting ID: 161 062 2560**<br>**Passcode: 029066#** |

| | |
|---|---|
| **Applicant** | Nevada Bankruptcy Attorneys, LLC |
| **Date of Employment** | July 30, 2025 (ECF No. 109) |
| **Application** | First Interim Fee Application |
| **Fees Requested** | $377,713.00 |
| **Expenses Requested** | $2,286.70 |

| Total Requested | $379,999.70 |
|---|---|
| Application Hours | 889.0 |
| Combined Blended Rate | $424.87 |
| Fees Previously Requested | $0.00 |
| Expenses Previously Requested | $0.00 |
| Total Amount Paid on Current Request | $0.00 |

## SUMMARY OF PROFESSIONALS

*Professional-fee period: May 1, 2025 through July 9, 2026*

| Professional | Position | Hourly Rate | Application Hours | Total Fees |
|---|---|---|---|---|
| Matthew I. Knepper | Partner | $495.00 | 589.5 | $292,297.50 |
| Brenden J. Gougeon | Senior Associate | $285.00 | 297.8 | $85,101.00 |
| Lucille Chiusano | Senior Paralegal | $185.00 | 1.7 | $314.50 |
| **TOTAL** | | | **889.0** | **$377,713.00** |

Exhibit A attached to the Knepper Declaration filed concurrently herewith reflects 857.1 compensable postpetition hours and $367,634.50 in net postpetition fees after a $99.00 voluntary courtesy reduction. **Exhibit B** attached to the Knepper Declaration filed concurrently herewith reflects an additional 31.9 hours and $10,078.50 in unpaid services rendered from May 1 through May 7, 2025 that are included in the professional-fee request. The aggregate request is $377,713.00 for 889.0 hours. The blended attorney rate for the aggregate request is $425.33, and the combined blended rate for attorneys and paraprofessionals is $424.87.

## SUMMARY OF POSTPETITION SERVICES BY PROJECT BILLING CATEGORY

| Task | Description | Application Hours | Total Fees |
|---|---|---|---|
| AA | Asset Analysis & Recovery | 3.5 | $1,732.50 |
| AP | Orange Adversary Proceeding | 34.5 | $10,400.50 |

| Task | Description | Application Hours | Total Fees |
|------|-------------|-------------------|------------|
| BO | Business Operations | 8.8 | $4,209.00 |
| CA | Case Administration | 127.1 | $48,737.50 |
| CH | Court Hearings | 33.4 | $16,533.00 |
| CR | Cash Collateral / DIP Financing | 45.5 | $21,514.50 |
| EA1 | Employment Application of NBA | 1.3 | $643.50 |
| EA2 | Employment Application of Other Professionals | 2.7 | $1,336.50 |
| EC | Lease / Executory Contract Issues | 128.3 | $60,883.50 |
| FA2 | Fee Application of Other Professionals | 39.4 | $13,764.00 |
| PC | Claims Analysis, Objections & Resolutions | 56.6 | $25,140.00 |
| SA | Use, Sale or Lease of Property | 211.1 | $99,634.50 |
| TR | Trustee Reporting / Schedules | 153.5 | $57,462.50 |
| TX | Tax / Section 505 | 11.4 | $5,643.00 |
| | **TOTAL** | **857.1** | **$367,634.50** |

## SUMMARY OF DISBURSEMENTS

| Expense Category | Gross Expense | Previously Reimbursed | Net Requested |
|------------------|---------------|-----------------------|---------------|
| Chapter 11 petition filing fees | $8,690.00 | $6,952.00 | $1,738.00 |
| Orange adversary proceeding filing fee | $350.00 | $0.00 | $350.00 |
| Amended-schedule filing fees | $68.00 | $0.00 | $68.00 |
| Courier, printing, and delivery | $130.70 | $0.00 | $130.70 |
| **TOTAL** | **$9,238.70** | **$6,952.00** | **$2,286.70** |

## PRELIMINARY STATEMENT AND RELIEF REQUESTED

Nevada Bankruptcy Attorneys, LLC ("NBA" or "Applicant"), counsel for Velocity Esports, Inc., Velocity Esports Las Vegas Town Square, LLC, Velocity Esports Chicago Schaumburg, LLC, Velocity Esports Newport Kentucky, LLC, and Velocity Esports Orlando Downtown, LLC (collectively, the "Debtors"), submits this First Interim Application for Compensation and

3

Reimbursement of Expenses (the "Application") pursuant to sections 329, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 2016, the District of Nevada Guidelines for Applications for Compensation and Reimbursement of Expenses to Professionals, and the applicable United States Trustee guidelines.

This Application is supported by the Declaration of Matthew I. Knepper (the "Knepper Declaration" or "Knepper Decl."), the Declaration of Philip N. Kaplan (the "Kaplan Declaration" or "Kaplan Decl."), the postpetition fee summary and billing detail attached to the Knepper Declaration as Exhibit A, the consolidated prepetition services and reconciliation attached as Exhibit B, the expense records attached as **Exhibit C**, and the records of these jointly administered Chapter 11 Cases.

NBA requests: (a) interim allowance under Bankruptcy Code §§ 330 and 331 of $367,634.50 for 857.1 compensable postpetition hours incurred from May 8, 2025, through July 9, 2026; (b) review and approval of $10,078.50 for 31.9 hours of services rendered from May 1 through May 7, 2025, as disclosed and itemized in Exhibit B; and (c) reimbursement of $2,286.70 in net unreimbursed expenses. The aggregate professional-fee request is $377,713.00 for 889.0 hours, and the total compensation and reimbursement requested is $379,999.70. Knepper Decl. ¶¶ 11-20; Kaplan Decl. ¶¶ 4, 19-21.

### JURISDICTION, VENUE, AND STATUTORY AUTHORITY

This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the requested relief are Bankruptcy Code §§ 329, 330, and 331.

### BACKGROUND AND EMPLOYMENT OF NBA

On May 7, 2025, the Debtors commenced these Chapter 11 Cases. The Court later directed joint administration under lead Case No. 25-12627-mkn while preserving each Debtor as a separate estate with a separate claims register. [ECF No. 96]. The Debtors remain debtors in possession under Bankruptcy Code §§ 1107 and 1108. Kaplan Decl. ¶¶ 6-7.

On July 30, 2025, the Court entered the Amended Order Granting Application for Order Authorizing Retention and Employment of Nevada Bankruptcy Attorneys, LLC as Debtors' Counsel [ECF No. 109] (the "Employment Order"). The Employment Order authorizes NBA's employment under Bankruptcy Code § 327(a), permits NBA to seek compensation under §§ 330 and 331 for fees and expenses incurred before and after entry of the Employment Order, and provides that NBA will not seek relief under § 328 or nunc pro tunc relief. Knepper Decl. ¶ 3.

NBA and the Debtors entered into a written representation agreement on January 23, 2025, filed with the employment papers at ECF No. 56-2. The agreement provides for hourly compensation at $495 for a partner, $285 for a senior associate, $185 for a senior paralegal, and $95 for a legal assistant, together with reimbursement of actual and necessary client-specific expenses. NBA was selected because of its restructuring experience and its familiarity with the Debtors' businesses, creditors, leases, equipment, operations, and restructuring objectives. Knepper Decl. ¶¶ 4-5; Kaplan Decl. ¶¶ 5-6.

## COMPENSATION PAID, PREPETITION RECONCILIATION, AND SOURCE OF PAYMENT

Before the Petition Date, NBA received a $30,000.00 retainer and $28,533.30 in additional legal-fee payments, for total prepetition legal-fee receipts of $58,533.30. Those receipts were disclosed in NBA's amended statement under Bankruptcy Rule 2016(b) at ECF No. 10. The retainer was fully applied before the Petition Date, and no retainer remained in trust. Knepper Decl. ¶ 15.

Exhibit B presents one consolidated chronological schedule of NBA's services from January 21 through May 7, 2025 and separately identifies gross value, payments, voluntary reductions, waivers, and the balance asserted. For the January 21-March 25 period, NBA billed $41,335.50 and received payment in that amount through the retainer and the April 2 payment. For the March 26-April 30 period, Exhibit B applies the contractual $285 associate rate, reflects a $21,000.00 voluntary reduction and the $17,197.80 payment, and reflects NBA's waiver of the remaining $5,779.20 balance. Exhibit B also reflects 31.9 hours valued at $10,078.50 for May 1-May 7, for which no payment was received and which remain included in the present request. Thus, Exhibit B reflects $95,391.00 in gross professional value, $26,779.20 in voluntary reductions and waivers, $58,533.30 in payments,

5

and a remaining balance asserted of $10,078.50. NBA will supplement its compensation disclosure to the extent required by Bankruptcy Rule 2016(b). Knepper Decl. ¶ 16; Kaplan Decl. ¶ 19.

NBA has received no postpetition payment on account of the fees or expenses requested in this Application. No retainer or trust balance is available to apply to the requested award. Except for compensation shared among NBA's members, attorneys, and employees in the ordinary course of the firm's business, NBA has no agreement or understanding to share compensation. Knepper Decl. ¶ 17.

The Debtors intend to satisfy any allowed award from lawfully available funds. The Debtors may separately seek authority in Adversary Proceeding No. 26-01075-mkn for court-supervised use of restricted third-party plan-support funds held at Merrill Lynch. This Application does not seek turnover of those funds, adjudicate ownership of those funds, or direct Merrill Lynch to transfer funds. Any third-party payment agreement will be addressed through separate agreement or order and any supplemental disclosure required by Bankruptcy Rule 2016(b). Knepper Decl. ¶ 25; Kaplan Decl. ¶ 20.

### BILLING RECORDS, INVOICES, AND BILLING JUDGMENT

NBA maintains daily time records and supporting source materials in the ordinary course of its practice. Bankruptcy Rule 2016(a) requires a detailed statement of the services rendered, the time expended, the expenses incurred, and the amounts requested. NBA has provided that information in the task-coded summaries and detailed entries contained in Exhibit A. Knepper Decl. ¶¶ 6-8, 13.

In preparing Exhibit A, NBA reviewed its time records and reconciled them, where appropriate, against contemporaneous email correspondence, document metadata, filed pleadings, hearing records, calendars, and other case materials. NBA reviewed each entry for accuracy, duplication, task-code assignment, adequate nonprivileged description, and reasonableness. Time is stated in one-tenth-hour increments, and document-review entries are separately identified from email-correspondence entries. Knepper Decl. ¶¶ 6-8.

Exhibit A identifies the date, timekeeper, project code, description, hours, rate, and amount for each compensable postpetition entry and contains summaries by professional and project category. Exhibit A reflects $367,733.50 in gross postpetition professional fees, a $99.00 voluntary courtesy

6

reduction, and a net postpetition request of $367,634.50 for 857.1 hours. Exhibit B adds 31.9 hours valued at $10,078.50 for May 1 through May 7, 2025. The aggregate professional-fee request is therefore $377,713.00 for 889.0 hours. Knepper Decl. ¶¶ 9-13, 15.

NBA exercised billing judgment before finalizing the request. Exhibit A reflects the $99.00 voluntary courtesy reduction. NBA also excluded or reserved Woodfield/Indiana litigation, Newport MIPA approval-motion practice, and Plan and Disclosure Statement drafting, solicitation, and confirmation work from the current request. NBA reviewed staffing, internal conferences, hearing attendance, and descriptions to avoid unnecessary duplication and to present the work in a task-based form that permits meaningful review. Knepper Decl. ¶¶ 14, 21-22.

## ACTUAL AND NECESSARY EXPENSES

The representation agreement requires reimbursement of reasonable, case-specific out-of-pocket expenses, including court filing fees, courier and delivery charges, and copying or printing expenses. NBA does not seek reimbursement for ordinary firm overhead. Knepper Decl. ¶ 20.

NBA incurred $9,238.70 in gross case-specific expenses. The Debtors previously reimbursed $6,952.00 toward four of the five Chapter 11 petition filing fees, leaving $2,286.70 in net unreimbursed expenses. The request consists of one remaining $1,738.00 Chapter 11 filing fee, the $350.00 filing fee for the Orange adversary proceeding, two $34.00 amended-schedule filing charges, and $130.70 in courier, printing, and delivery charges. The summary appears above, and the supporting records are attached to the Knepper Declaration as Exhibit C. Knepper Decl. ¶¶ 19-20.

## SUMMARY OF SERVICES RENDERED

The primary NBA professionals who rendered compensable services during the postpetition billing period were Matthew I. Knepper, a partner; Brenden J. Gougeon, a senior associate; and Lucille Chiusano, a senior paralegal. NBA, through these professionals, advised and assisted the Debtors in performing their duties as debtors in possession, prosecuted motions and contested matters, negotiated transactions and settlements, addressed operations and reporting, and performed the other services summarized below. Knepper Decl. ¶¶ 12, 21-22; Kaplan Decl. ¶¶ 6-18.

To provide an orderly and meaningful presentation, NBA assigned each entry to a project billing category based on the principal subject matter of the work. The Summary by Project Billing Category above states the hours and fees requested for each category. The detailed entries in Exhibit A identify the actual services performed and the professional who performed them. Knepper Decl. ¶¶ 6, 9, 12.

## SUMMARY OF SERVICES BY PROJECT BILLING CATEGORY

NBA recognizes that every estate professional has an affirmative responsibility to control fees and expenses by providing services efficiently and effectively. NBA coordinated assignments with the objective of matching the experience and billing rate of the professional to the significance, complexity, and urgency of the task. The five jointly administered cases required continuity across interrelated operational, secured-creditor, landlord, reporting, transaction, and litigation issues, but NBA used a lean team and delegated work when reasonably practicable. Knepper Decl. ¶¶ 21-22; Kaplan Decl. ¶¶ 6, 18.

NBA also coordinated with the Debtors, the Debtors' other professionals, secured creditors, landlords, purchasers, and opposing counsel to avoid unnecessary duplication. When more than one NBA professional participated in a hearing, conference, transaction, or drafting project, their roles were divided by responsibility or their participation was necessary to maintain continuity, prepare witnesses, address distinct legal and factual issues, or implement the resulting relief. Knepper Decl. ¶ 22; Kaplan Decl. ¶¶ 6, 18.

NBA reviews client billings for reasonableness and makes adjustments so that charges remain consistent with the value of the services provided. Its requested rates are the rates disclosed in the employment papers and its customary rates for comparable work. The combined blended rate for the postpetition services in Exhibit A is $428.93, and the combined blended rate for the aggregate professional-fee request is $424.87. *See, e.g., In re Ginji Corp.*, 117 B.R. 983, 989-90 (Bankr. D. Nev. 1990) (discussing the lodestar, billing judgment, and the need for intelligible task-based presentation). Knepper Decl. ¶¶ 4, 12, 21-23.

8

The following summary highlights the principal services rendered in each category; it is not intended to restate every daily entry. Exhibit A contains the complete day-to-day descriptions, and the filed pleadings and orders cited below are available on the Court's docket.

**A. Asset Analysis & Recovery (AA)**

**Fees:** $1,732.50; **Total Hours:** 3.5

This category includes review and analysis of asset and equipment lists, UCC search results, lien and ownership information, valuation materials, and the location, use, surrender, recovery, relocation, or proposed disposition of equipment. The work assisted NBA in identifying estate property, evaluating asserted interests, reconciling collateral positions, and preparing for transactions and claim resolutions. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶¶ 6, 13.

**B. Orange Adversary Proceeding (AP)**

**Fees:** $10,400.50; **Total Hours:** 34.5

This category includes investigation, legal research, drafting, filing, service, and prosecution of *Velocity Esports, Inc., et al. v. 434 N. Orange Investment, LLC, et al.*, Adv. Proc. No. 26-01075-mkn. NBA prepared the complaint, emergency motion for temporary restraining and preliminary-injunction relief, supporting declarations, order-shortening-time papers, reply briefing, and hearing materials. [Adv. ECF Nos. 1-6, 17-18].

The Court entered temporary restraining relief preserving the restricted Merrill/LRW Trust funds from unilateral collection while bankruptcy claim-allowance and plan-support issues remained pending. [Adv. ECF No. 19]. The relief preserved the Court's ability to supervise the timing and potential use of a material funding source. No Woodfield/Indiana adversary services are included in this Application. Knepper Decl. ¶¶ 13-14, 23; Kaplan Decl. ¶ 16.

**C. Business Operations (BO)**

**Fees:** $4,209.00; **Total Hours:** 8.8

This category includes advice and assistance concerning payroll, employees, vendors, customer programs, insurance, licensing, banking, merchant processing, and other operational matters

affecting the Debtors' ability to continue operating, preserve records, and protect estate value. These services were necessary to assist the Debtors in performing their duties under §§ 1107 and 1108 while the restructuring and sale processes proceeded. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶ 8.

**D. Case Administration (CA)**

**Fees: $48,737.50; Total Hours: 127.1**

NBA devoted substantial time to the coordinated commencement and administration of five separate but related Chapter 11 estates. NBA prepared and prosecuted first-day and case-administration papers addressing joint administration, prepetition trade claims, landlord claims, employee wages and policies, and related operational relief. [ECF Nos. 16-21].

The Court granted joint administration, established the lead docket, and preserved separate estates and claims registers. [ECF No. 96]. NBA also prepared notices, service materials, creditor matrices, procedural motions, declarations, proposed orders, and other documents required to administer the cases and comply with Court and U.S. Trustee requirements. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶ 7.

**E. Court Hearings (CH)**

**Fees: $16,533.00; Total Hours: 33.4**

This category includes preparation for and attendance at hearings and status conferences concerning first-day relief, employment applications, the NFS compromise, cash collateral, adequate protection, the Las Vegas sale, professional compensation, and related matters. Hearing preparation included review of the record, preparation of outlines and exhibits, coordination with witnesses and opposing counsel, and post-hearing implementation. Knepper Decl. ¶¶ 13, 21-22; Kaplan Decl. ¶ 15.

**F. Cash Collateral / DIP Financing (CR)**

**Fees:** $21,514.50; **Total Hours:** 45.5

This category includes analysis of cash collateral, operating budgets, bank accounts, adequate-protection demands, lien positions, and the Debtors' need for continued operating liquidity. NBA

negotiated with Newtek, NFS, and other stakeholders, revised proposed budgets and stipulations, addressed objections and reporting requirements, and prepared for related hearings.

The work resulted in a stipulated interim cash-collateral order authorizing continued use of operating funds under a 13-week budget while providing defined adequate protection and preserving parties' rights. [ECF No. 175]. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶¶ 8-9.

**G. Employment Application of NBA (EA1)**

**Fees:** $643.50; **Total Hours:** 1.3

This category includes the postpetition supplemental disclosure and order-related work necessary to obtain the operative Employment Order. [ECF Nos. 56, 65, 95, 109]. The requested time does not include prepetition preparation of the employment application. Knepper Decl. ¶¶ 3, 13, 23.

**H. Employment Application of Other Professionals (EA2)**

**Fees:** $1,336.50; **Total Hours:** 2.7

This category includes work concerning the employment of First Choice Business Brokers and Freddie McFinn and the appointment and administration of the consumer privacy ombudsman required for the Las Vegas transaction. [ECF Nos. 57, 131, 230, 232, 234]. The services enabled the Debtors to obtain specialized transaction and privacy expertise required for the sale process. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶ 12.

**I. Lease / Executory Contract Issues (EC)**

**Fees:** $60,883.50; **Total Hours:** 128.3

This category includes review and negotiation of real-property leases, equipment leases, finance agreements, cure and arrearage issues, surrender and relocation obligations, assumption and assignment terms, and potential rejection claims. The work addressed the Town Square, Newport, Schaumburg, copier, and equipment-finance matters and required coordination among landlords, secured creditors, equipment lessors, purchasers, and the Debtors.

The services supported the Advantage adequate-protection stipulation [ECF No. 161], the NFS resolution [ECF No. 168], and the assumption and assignment of the Town Square lease and specified

equipment leases through the Las Vegas sale order [ECF No. 269]. NBA also performed ordinary-course Newport lease and transaction work necessary to develop a consensual resolution, but the Newport landlord approval-motion work is reserved and is not included in the current request. Knepper Decl. ¶¶ 13-14, 23; Kaplan Decl. ¶¶ 9-10, 17.

**J. Fee Application of Other Professionals (FA2)**

**Fees:** $13,764.00; **Total Hours:** 39.4

This category includes review and administration of compensation matters for other retained professionals, including the consumer privacy ombudsman and the Debtors' business broker. NBA reviewed applications and supporting records, coordinated notice and hearing matters, addressed questions and revisions, and prepared or reviewed related declarations and proposed orders.

The Court approved the ombudsman's first and final fee application for $12,835.00 [ECF No. 286] and the broker's first and final compensation application [ECF No. 293]. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶ 12.

**K. Claims Analysis, Objections & Resolutions (PC)**

**Fees:** $25,140.00; **Total Hours:** 56.6

This category includes review and analysis of proofs of claim, schedules, lien assertions, payment histories, settlement terms, potential objections, credits, offsets, and claim-treatment issues. NBA communicated with creditors and counsel, reconciled supporting records, and evaluated resolution alternatives.

A central component was negotiation and prosecution of the NFS compromise, including amendments, responses to Newtek's opposition, and multiple hearings. [ECF Nos. 69, 71, 80, 84, 86, 149]. The Court approved the compromise, finding it negotiated in good faith, fair and equitable, favorable to the Debtors and their estates, and in the best interests of creditors. [ECF No. 168]. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶¶ 9, 13.

/ / /

/ / /

**L. Use, Sale or Lease of Property (SA)**

    **Fees: $99,634.50; Total Hours: 211.1**

    This category includes the extensive work required to structure, document, market, and prosecute the Las Vegas sale. NBA negotiated and revised the asset purchase agreement and related schedules, developed the sale and bidding procedures, coordinated the stalking-horse and purchaser process, prepared notices and declarations, addressed objections, and worked through lien, cure, privacy, equipment, and lease-assumption issues. ECF Nos. 192-205, 210, 212, 214-215, 222-250.

    NBA also coordinated the consumer privacy ombudsman process, purchaser qualification, closing-related documentation, and the proposed treatment of secured and leased equipment. These matters required sustained coordination among the Debtors, the purchaser, the landlord, Newtek, NFS, Pawnee, the United States Trustee, and other stakeholders.

    The Court approved the sale free and clear, authorized assumption and assignment of designated contracts and leases, authorized a $633,431.00 partial payment to Newtek, approved payment of $101,000.00 to Pawnee Leasing, and granted related implementation relief. [ECF No. 269]. The resulting transaction preserved going-concern and asset value and materially advanced the restructuring. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶¶ 11-12.

    NBA also performed ordinary-course transactional work concerning the contemplated Newport membership-interest transaction. The separate Newport MIPA approval-motion, supporting declaration, proposed-order, and related motion-practice time is reserved for a later application and is not included here. Knepper Decl. ¶ 14; Kaplan Decl. ¶ 17.

**M. Trustee Reporting / Schedules (TR)**

    **Fees:** $57,462.50; **Total Hours:** 153.5

    This category includes preparation, review, amendment, and filing of schedules, statements of financial affairs, creditor matrices, lists of equity security holders, declarations, and entity-specific monthly operating reports for five separate estates. *See, e.g.*, ECF Nos. 52-54, 101-119, 144-148, 153-157, 162-181, 277-283, 288-292.

NBA coordinated with the Debtors' personnel and the United States Trustee regarding the initial debtor interview, section 341 meetings, bank records, reporting questions, corrected filings, and supporting financial information. The volume of work reflects the obligation to maintain separate books, schedules, claims registers, and operating reports notwithstanding joint administration. Knepper Decl. ¶¶ 13, 23; Kaplan Decl. ¶ 14.

**N. Tax / Section 505 (TX)**

**Fees:** $5,643.00; **Total Hours:** 11.4

This category includes review and analysis of federal, state, payroll, sales, and other tax reporting and payment issues arising from the Debtors' operations and proposed transactions. NBA coordinated tax information, deadlines, and treatment issues so that tax obligations could be integrated into case administration and transaction planning. Knepper Decl. ¶¶ 1, 23; Kaplan Decl. ¶ 14.

**RESERVED MATTERS AND CASE STATUS**

24.     The Debtors filed Joint Chapter 11 Plan of Reorganization No. 2, the accompanying Disclosure Statement, and papers seeking conditional approval and solicitation procedures. [ECF Nos. 284, 294-297]. The Court conditionally approved the Disclosure Statement for solicitation and set a combined hearing. [ECF No. 297]. Those developments provide relevant case-status context, but the current request excludes Plan, Disclosure Statement, solicitation, and confirmation work. Knepper Decl. ¶ 14; Kaplan Decl. ¶ 17.

25.     The Debtors also continued to develop the Newport transaction and related landlord resolution. This Application includes ordinary transactional, lease, and case-administration work where otherwise compensable, but it does not seek compensation for the Newport MIPA approval motion, supporting declarations, proposed order, or the Newport landlord approval motion. Those matters are reserved for a later fee period to the extent appropriate. Knepper Decl. ¶ 14; Kaplan Decl. ¶ 17.

**VALUATION OF SERVICES AND SECTION 330 ANALYSIS**

NBA has substantial experience in debtors' and creditors' rights, bankruptcy, litigation, and business reorganization. NBA's prepetition work also gave it detailed familiarity with the Debtors' entity structure, assets, secured debt, leases, operations, and restructuring objectives. That experience

14

and continuity enabled NBA to respond to urgent issues across five estates without the additional cost and delay that would have accompanied bringing new counsel up to speed. Knepper Decl. ¶ 5; Kaplan Decl. ¶¶ 5-6.

Bankruptcy Code § 330(a)(1) authorizes reasonable compensation for actual, necessary services rendered by an employed professional and reimbursement of actual, necessary expenses. In determining reasonable compensation, the Court considers the time spent, rates charged, whether the services were necessary to administration or beneficial when rendered, whether the services were performed within a reasonable time commensurate with their complexity and importance, the professional's skill and experience, and customary compensation for comparable nonbankruptcy services. 11 U.S.C. § 330(a)(3). The Court may not allow unnecessary duplication or services that were not reasonably likely to benefit the estate or necessary to administration. 11 U.S.C. § 330(a)(4)(A). Section 331 authorizes interim allowance and disbursement, subject to final review.

The lodestar—reasonable hours multiplied by a reasonable hourly rate—is the starting point for determining compensation. *Burgess v. Klenske (In re Manoa Finance Co.)*, 853 F.2d 687, 691 (9th Cir. 1988). The applicant bears the burden of establishing entitlement to the requested compensation, and the time records and category narratives must permit the Court to evaluate what was done, why it was necessary, and whether the time was reasonable. *See In re Ginji Corp.*, 117 B.R. at 988-90.

The necessity and benefit inquiry is prospective. Services are compensable when, viewed at the time they were rendered, they were reasonably likely to benefit the estate or were necessary to case administration; ultimate success on every matter is not required. *Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108-09 (B.A.P. 9th Cir. 2000).

The requested rates are the rates disclosed in the employment papers and NBA's customary rates for comparable restructuring work. The staffing mix was lean: one partner handled most high-level strategy, negotiation, hearings, and case management; one senior associate performed substantial research and drafting; and one senior paralegal performed limited appropriate tasks. The combined blended rate of $428.93 for the postpetition services in Exhibit A, and $424.87 for the aggregate professional-fee request, reflect that staffing structure. NBA excluded or reserved non-current work

15

and reviewed the entries for duplication, adequacy of description, and appropriate task coding. Knepper Decl. ¶¶ 4, 12-14, 21-23; Kaplan Decl. ¶ 18.

The services were actual, necessary, and beneficial when rendered. NBA maintained the administration and reporting of five estates, obtained joint administration, negotiated cash-collateral and adequate-protection arrangements, achieved approval of the NFS compromise, prosecuted the Las Vegas sale to an approved transaction, addressed critical leases and equipment obligations, managed professional-retention and compensation matters, and obtained temporary relief preserving potential plan-support funds in the Orange adversary proceeding. Kaplan Decl. ¶¶ 7-16.

The requested expenses are actual, necessary, client-specific expenditures incurred in connection with these cases. NBA seeks reimbursement at actual cost, has credited the $6,952.00 already reimbursed, and does not seek ordinary overhead. Knepper Decl. ¶¶ 17-20.

For these reasons, the requested $367,634.50 in postpetition fees, the $10,078.50 balance for services rendered May 1 through May 7, 2025, and $2,286.70 in net expenses are fair and reasonable. The postpetition services and expenses were actual, necessary, and appropriate for interim allowance under §§ 330 and 331, and the May 1-May 7 services are fully disclosed for review under § 329 and Bankruptcy Rule 2016(b). Any interim award remains subject to final review and adjustment in connection with a final fee application.

### NOTICE

Notice of this Application and the hearing will be provided in accordance with Bankruptcy Rule 2002(a)(6), Local Rule 2016, the District of Nevada fee-application guidelines, and the Court's applicable notice procedures to the Office of the United States Trustee, secured creditors, parties requesting special notice, and all other parties entitled to notice. NBA submits that no other or further notice is required.

### NO PRIOR APPLICATION

NBA has not previously requested allowance of compensation or reimbursement of expenses for the period covered by this Application. Knepper Decl. ¶ 24.

**CONCLUSION**

NBA respectfully requests entry of an order: (a) allowing interim compensation of $367,634.50 for postpetition professional services rendered from May 8, 2025 through July 9, 2026; (b) approving $10,078.50 for services rendered from May 1 through May 7, 2025, as disclosed in Exhibit B; (c) allowing reimbursement of $2,286.70 in actual and necessary expenses; (d) authorizing payment of the total award of $379,999.70 from lawfully available funds; (e) providing that the interim allowance remains subject to final review; and (f) granting such other and further relief as the Court deems just and proper.

Respectfully submitted on July 15, 2026, by:

NEVADA BANKRUPTCY ATTORNEYS, LLC

By:      /s/ Matthew I. Knepper
         Matthew I. Knepper, Esq.
         *Attorney for Debtors*