Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**DECLARATION OF MATTHEW I. KNEPPER IN SUPPORT OF NEVADA BANKRUPTCY ATTORNEYS LLC'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD ENDING JULY 9, 2026**<br><br>**Hearing Date: OST REQUESTED**<br>**Hearing Time: OST REQUESTED**<br>**Teleconference Line: (833) 435-1820**<br>**Meeting ID: 161 062 2560**<br>**Passcode: 029066#** |

I, Matthew Knepper, declare as follows:

1.      I am over the age of eighteen and competent to testify. I am an attorney licensed in Nevada, admitted to practice before this Court, and the managing member of Nevada Bankruptcy Attorneys, LLC ("NBA"). Except where stated on information and belief, I have personal knowledge of the matters stated in this Declaration and could testify competently to them.

2.     I submit this Declaration in support of NBA's First Interim Application for Compensation and Reimbursement of Expenses (the "Application"). Capitalized terms not defined here have the meanings used in the Application.

3.     On July 30, 2025, the Court entered the Amended Order Granting Application for Order Authorizing Retention and Employment of Nevada Bankruptcy Attorneys, LLC as Debtors' Counsel [ECF No. 109]. The order employs NBA under Bankruptcy Code § 327(a), permits NBA to seek compensation under §§ 330 and 331 for fees and expenses incurred before and after entry of the order, and provides that NBA will not seek relief under § 328 or nunc pro tunc relief.

4.     NBA's written representation agreement was filed with the employment papers at ECF No. 56-2. The hourly rates applicable to the professionals included in this Application are $495 for me as partner, $285 for Brenden J. Gougeon as senior associate, and $185 for Lucille Chiusano as senior paralegal. A $95 legal-assistant rate was disclosed, but no legal-assistant time is requested in this Application.

5.     NBA has substantial experience in debtors' and creditors' rights, bankruptcy, litigation, and business reorganization. NBA also represented the Debtors before the petitions were filed and became familiar with their entity structure, assets, secured debt, leases, equipment, operations, and restructuring objectives. That familiarity permitted NBA to address postpetition matters without duplicative transition time.

6.     NBA maintains daily time records, billing records, and supporting source materials in the ordinary course of its practice. Those records identify the professional, date, service, time, rate, and matter or task category associated with the work.

7.     In preparing the Application, NBA reviewed its billing records and reconciled them, where appropriate, against contemporaneous email correspondence, document metadata, filed pleadings, hearing records, calendars, and other case materials. I reviewed the resulting entries for accuracy, duplication, adequate nonprivileged description, task-code assignment, and reasonableness. Time is stated in one-tenth-hour increments, and document-review entries are separately identified from email-correspondence entries.

8. NBA assigned each entry to a project billing category based on the principal subject matter of the work. The categories are used to permit the Court, the United States Trustee, the Debtors, and other parties in interest to evaluate the nature, extent, and value of the services in an orderly task-based format.

9. Attached as **Exhibit A** is a true and correct copy of NBA's postpetition fee summary and detailed billing schedule for the compensable period May 8, 2025, through July 9, 2026. Exhibit A was generated from the final reviewed billing workbook and accurately states the professional, task code, date, description, hours, rate, and amount for the services for which compensation is requested.

10. Attached as **Exhibit B** is a true and correct consolidated chronological schedule of NBA's services from January 21 through May 7, 2025, and the related payment, reduction, waiver, and balance reconciliation.

11. From May 8, 2025 through July 9, 2026, Exhibit A reflects 857.1 compensable postpetition hours, $367,733.50 in gross professional fees, a $99.00 voluntary courtesy reduction, and a net postpetition fee request of $367,634.50.

12. The postpetition compensation shown in Exhibit A is: (a) Matthew I. Knepper - 584.8 hours at $495.00, totaling $289,971.00; (b) Brenden J. Gougeon - 270.6 hours at $285.00, totaling $77,349.00; and (c) Lucille Chiusano - 1.7 hours at $185.00, totaling $314.50. Exhibit B reflects an additional 4.7 hours and $2,326.50 for me and 27.2 hours and $7,752.00 for Mr. Gougeon for May 1 through May 7, 2025. The aggregate professional-fee request is therefore: (a) 589.5 hours and $292,297.50 for me; (b) 297.8 hours and $85,101.00 for Mr. Gougeon; and (c) 1.7 hours and $314.50 for Ms. Chiusano, totaling 889.0 hours and $377,713.00. The blended attorney rate for the aggregate request is $425.33, and the combined blended rate is $424.87.

13. The requested postpetition time and fees by project category are: AA 3.5 hours/$1,732.50; AP 34.5/$10,400.50; BO 8.8/$4,209.00; CA 127.1/$48,737.50; CH 33.4/$16,533.00; CR 45.5/$21,514.50; EA1 1.3/$643.50; EA2 2.7/$1,336.50; EC 128.3/$60,883.50; FA2 39.4/$13,764.00; PC 56.6/$25,140.00; SA 211.1/$99,634.50; TR 153.5/$57,462.50; and TX 11.4/$5,643.00.

14. NBA excluded Woodfield/Indiana litigation, Newport MIPA approval-motion practice, and Plan and Disclosure Statement drafting, solicitation, and confirmation work from the current request. The AP category in Exhibit A contains only the Orange adversary proceeding.

15. Before the Petition Date, NBA received a $30,000.00 retainer and $28,533.30 in additional legal-fee payments, for total prepetition legal-fee receipts of $58,533.30. Those receipts were disclosed in NBA's amended statement under Bankruptcy Rule 2016(b) at ECF No. 10. The retainer was fully applied before the Petition Date, and no retainer remained in trust.

16. Exhibit B shows: (a) $41,335.50 in gross fees for January 21-March 25, paid through the $30,000.00 retainer and $11,335.50 payment; (b) $43,977.00 in corrected gross value for March 26-April 30 using the contractual $285 associate rate, less the $21,000.00 voluntary reduction, the $17,197.80 payment, and a $5,779.20 residual waiver; and (c) 31.9 hours valued at $10,078.50 for May 1-May 7, recorded and charged, for which no payment has been received. One source invoice reflected Mr. Gougeon's time at a higher rate, but Exhibit B applies the contractual $285 rate and NBA seeks no compensation at the higher rate. All services performed on May 7 were completed before the petitions were filed. Exhibit B reflects a remaining balance asserted of $10,078.50, which is included in the Application. NBA will supplement its disclosure under Bankruptcy Rule 2016(b) to the extent required.

17. NBA has received no postpetition payment for the fees or expenses requested in the Application. No retainer or trust balance is available to apply to the requested award. NBA has no agreement to share compensation except among NBA's members, attorneys, and employees in the ordinary course of the firm's business.

18. The representation agreement requires reimbursement of reasonable, case-specific out-of-pocket expenses. NBA's policy is to seek reimbursement for client-specific costs at actual cost and not to charge ordinary overhead as a reimbursable expense.

19. Attached as **Exhibit C** is a true and correct composite of the supporting expense records maintained by NBA. The records support the gross amounts, the prior $6,952.00 reimbursement credit, and the net expense request stated in the Application.

4

20.    NBA incurred $9,238.70 in gross case-specific expenses. The Debtors previously reimbursed $6,952.00 toward four Chapter 11 filing fees. The net unreimbursed expenses are $2,286.70, consisting of: (a) one remaining Chapter 11 filing fee of $1,738.00; (b) the $350.00 filing fee for the Orange adversary proceeding; (c) two amended-schedule charges totaling $68.00; and (d) courier, printing, and delivery charges totaling $130.70. NBA paid or incurred these expenses in connection with the Chapter 11 Cases, and they are not ordinary firm overhead.

21.    NBA recognizes its responsibility to control fees and expenses. Assignments were made with the objective of using a professional whose experience and rate were appropriate to the task while maintaining continuity across five related estates. I performed most high-level strategy, negotiation, hearing, and case-management work; Mr. Gougeon performed substantial research and drafting; and Ms. Chiusano performed limited paralegal tasks.

22.    NBA coordinated internally and with the Debtors and other professionals to avoid unnecessary duplication. When more than one NBA professional participated in a hearing, conference, transaction, or drafting project, their roles were divided or their participation was necessary to address distinct responsibilities, preserve continuity, prepare witnesses, or implement relief. I reviewed internal conferences and hearing attendance as part of the billing review.

23.    I reviewed the services for which compensation is requested and the Application. In my professional judgment, the postpetition services were actual, necessary, and reasonably likely to benefit the Debtors and their estates when performed, and the May 1-May 7 services were reasonably necessary to prepare the petitions, schedules, first-day papers, and related filings. The requested rates are NBA's customary rates for comparable work and the rates disclosed in the employment papers. The fees and expenses requested conform to the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016, the District of Nevada fee-application guidelines, and the applicable United States Trustee guidelines, subject to the Court's review of the May 1-May 7 fees under Bankruptcy Code § 329 and Bankruptcy Rule 2016(b).

24.    NBA has not previously filed an application seeking compensation or expense reimbursement for the period covered by the Application.

5

25.     The Debtors may seek separate relief in Adversary Proceeding No. 26-01075-mkn authorizing court-supervised use of restricted third-party plan-support funds held at Merrill Lynch to pay allowed administrative expenses, including NBA's allowed compensation. The Application itself does not seek turnover or direct Merrill Lynch to transfer funds. If NBA enters into a previously undisclosed payment agreement or receives payment from a third-party source, NBA will file any supplemental disclosure required by Bankruptcy Rule 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

NEVADA BANKRUPTCY ATTORNEYS, LLC

By: /s/ *Matthew I. Knepper*
Matthew I. Knepper, Esq.
*Attorney for Debtors*

6