Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Debtors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>■ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>■ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>☐ Affects All Debtors<br><br>Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON DEBTORS' MOTION FOR ENTRY OF ORDER (I) APPROVING MEMBERSHIP INTEREST PURCHASE AGREEMENT FOR VELOCITY ESPORTS NEWPORT KENTUCKY, LLC; (II) AUTHORIZING SALE AND TRANSFER OF MEMBERSHIP INTERESTS PURSUANT TO 11 U.S.C. § 363(b); (III) APPROVING RELATED MEMBERSHIP INTEREST ASSIGNMENTS, GOOD-FAITH PURCHASER FINDINGS, AND RELATED RELIEF; AND (IV) GRANTING RELATED RELIEF [ECF No. 299]**<br><br>Hearing Date: **OST REQUESTED**<br>Hearing Time: **OST REQUESTED** |

Debtors VELOCITYT ESPORTS, INC. (the "VES Inc.") and VELOCITY ESPORTS NEWPORT

KENTUCKY, LLC ("VES Newport," and collectively "Debtors"), as debtors and debtors in possession in

the above-captioned jointly administered cases (the Chapter 11 Cases"), hereby submits this *Ex Parte*

*Application for Order Shortening Time for Hearing* (the "Application") *on Debtors' Motion for Entry of Order (I) Approving Membership Interest Purchase Agreement for Velocity Esports Newport Kentucky, LLC; (II) Authorizing Sale And Transfer Of Membership Interests Pursuant To 11 U.S.C. § 363(b); (III) Approving Related Membership Interest Assignments, Good-Faith Purchaser Findings, and Related Relief; and (IV) Granting Related Relief* ("MIPA Motion") [ECF No. 299].

The Application is supported by the *Declaration of Philip Kaplan in Support of Ex Parte Application for Order Shortening Time for Hearing on the MIPA Motion* (the "Kaplan Declaration"), filed concurrently herewith, the MIPA Motion and the declarations and exhibits filed in support thereof, the accompanying Attorney Information Sheet for Proposed Order Shortening Time, and the record in the Chapter 11 Cases.

By this Application, the Debtors respectfully request that the Court enter an order: (i) setting a hearing on the MIPA Motion on the earliest date reasonably available on the Court's calendar; (ii) reserving approximately twenty (20) minutes for the hearing; (iii) establishing shortened deadlines for any opposition and reply; (iv) directing the Debtors to provide notice of the hearing and the MIPA Motion in the manner described below; and (v) granting such other and further relief as the Court deems just and proper.

## I.    BACKGROUND

1. On May 7, 2025 (the "Petition Date"), the Debtors and their affiliated debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Chapter 11 Cases are jointly administered under Case No. 25-12627-mkn.

4. VES Inc. owns one hundred percent (100%) of the issued and outstanding membership interests in VES Newport. VES Newport operates the Debtors' entertainment venue located at Newport on the Levee in Newport, Kentucky.

5. As set forth more fully in the MIPA Motion and the declarations filed in support thereof, the Newport venue remains a material component of the Debtors' restructuring efforts and a source of going-concern value for the Debtors' estates.

6. On July 14, 2026, VES Inc., Beth Powers, VES Newport, and the Insider Bid Parties executed a certain Membership Interest Purchase Agreement (the "MIPA"), subject to approval by this Court.

7. The MIPA contemplates the transfer of eighty percent (80%) of VES Inc.'s membership interests in VES Newport to Beth Powers and the potential transfer of the remaining twenty percent (20%) of the membership interests, ten percent (10%) each, to April Mountain Properties, LLC and the LRW Revocable Trust, subject to the terms of the MIPA and the relief ultimately approved by the Court.

8. The MIPA provides that no closing may occur unless and until the Court enters an order approving the MIPA and the transactions contemplated thereby. The MIPA further provides that closing shall occur within five (5) business days after satisfaction or permitted waiver of the applicable closing conditions.

9. Court approval of the proposed transaction is therefore a necessary prerequisite to closing.

10. The proposed transaction is intended to preserve the going-concern value of the Newport venue, implement an orderly ownership and governance transition, and provide greater certainty to the Debtors, the proposed purchasers, creditors, lienholders, and other affected parties.

11. The proposed transaction is also intended to be considered and implemented in coordination with the Debtors' pending plan and disclosure-statement process. The hearing concerning confirmation of the Debtors' plan and approval of the related disclosure statement is presently scheduled for September 15, 2026.

12. Unnecessary delay in obtaining a hearing on the MIPA Motion may impair the Debtors' ability to consummate the proposed transaction on its presently contemplated terms and may require the Debtors and the transaction parties to reevaluate the anticipated closing schedule, consideration structure, and related plan-implementation arrangements.

13. Although the MIPA Motion is not subject to a single statutory date on which the requested relief automatically becomes moot, the proposed transaction is time-sensitive. The Debtors therefore request that the MIPA Motion be heard on or before September 15, 2026, or on the earliest date reasonably available on the Court's calendar.

14. For purposes of Local Rule 9006, the Debtors identify September 15, 2026—the date presently set for the hearing concerning confirmation of the Debtors' plan and approval of the related

disclosure statement—as the date after which the practical utility of the requested expedited relief may be materially diminished and the Debtors may be required to reevaluate or modify the proposed transaction, the anticipated closing schedule, and related plan-implementation arrangements.

15.    The Debtors estimate that the hearing on the MIPA Motion will require approximately fifteen (15) to twenty (20) minutes, exclusive of any additional time the Court may determine is necessary to address objections, testimony, or evidentiary matters.

## II.    ARGUMENT

### A.  The Court May Shorten the Applicable Notice and Hearing Periods for Cause.

Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure provides that, except as otherwise provided, when an act must or may be done within a specified period prescribed by the Bankruptcy Rules, a notice, or an order of the Court, "the court may, for cause, reduce the period—with or without motion or notice." Fed. R. Bankr. P. 9006(c)(1). Bankruptcy Rule 9006(d) further permits an application to shorten time to be heard ex parte.

Consistent with Bankruptcy Rule 9006, Local Rule 9006 authorizes the Court to shorten the time for notice and hearing where the applicant establishes facts and circumstances demonstrating cause for expedited relief. Courts recognize that Bankruptcy Rule 9006(c) permits a bankruptcy court, for cause shown and in its discretion, to reduce an otherwise applicable notice period. *See Hester v. NCNB Tex. Nat'l Bank* (*In re Hester*), 899 F.2d 361, 364 n.3 (5th Cir. 1990); *see also* 10 Collier on Bankruptcy ¶ 9006.09.

### B.    Cause Exists to hear the MIPA Motion on Shortened Time.

Cause exists to hear the MIPA Motion on shortened time because Court approval is a necessary condition to closing and unnecessary delay may impair the Debtors' ability to consummate the proposed transaction efficiently and on its presently contemplated terms.

The proposed transaction concerns the ownership and governance of one of the Debtors' principal operating venues. Until the MIPA Motion is adjudicated, uncertainty will remain regarding the future ownership, governance, and implementation of the Newport transaction. That uncertainty may complicate the Debtors' restructuring efforts, increase administrative expense, and interfere with the coordination required among the Debtors, the proposed purchasers, creditors, lienholders, and other affected parties.

The MIPA contemplates a prompt closing following satisfaction or permitted waiver of the applicable conditions precedent. The MIPA Motion also requests waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), consistent with the parties' intent to proceed promptly if the requested relief is granted.

An expedited hearing will permit the Court and parties in interest to address the proposed transaction while it remains capable of implementation on its presently contemplated terms. By contrast, requiring the Debtors to await the ordinary hearing schedule may prolong uncertainty, increase administrative expense, complicate the Debtors' restructuring efforts, and impair the practical value of the proposed transaction.

The requested shortening of time is not intended to restrict the rights of creditors, lienholders, the United States Trustee, or other parties in interest. The MIPA Motion expressly preserves the rights of affected parties to receive notice, object, and be heard concerning the relief requested.

Accordingly, cause exists to set the MIPA Motion for hearing on the earliest date reasonably available on the Court's calendar.

**C.    The Requested Shortening of Time Will Not Unduly Prejudice Parties in Interest.**

The requested shortening of time will not deprive any party in interest of due process or a meaningful opportunity to be heard. Upon entry of an order granting this Application, the Debtors will serve the entered order shortening time, the MIPA Motion, the declarations and exhibits filed in support thereof, the proposed order approving the MIPA Motion, and the notice of hearing by the most expeditious means reasonably available.

The Debtors will provide particularized notice to the parties whose rights may be directly affected by the proposed transaction, including Beth Powers, the Insider Bid Parties, Newtek Bank, N.A., NOTL Property Owner LLC, secured creditors, alleged lienholders, equipment lenders and lessors, and other material counterparties.

The proposed order shortening time will establish the applicable opposition and reply deadlines. If the Court sets the hearing fewer than three (3) business days after entry of the order shortening time, the Debtors request that written opposition not be required and that parties be permitted to present opposition orally at the hearing pursuant to Local Rule 9006(c). The Court will retain discretion to consider any opposition, permit argument or evidence, or continue the hearing if necessary.

Counsel for the Debtors conferred with the Office of the United States Trustee regarding the relief requested in this Application. The Office of the United States Trustee does not oppose the MIPA Motion being heard on shortened time, subject to its reservation of the right to file and serve an objection to the MIPA Motion on or before the date and time of the hearing. Accordingly, the Debtors request that any order granting this Application preserve the Office of the United States Trustee's right to object through the date and time of the hearing, notwithstanding any earlier opposition deadline established for other parties in interest.

The requested expedited schedule therefore appropriately balances the time-sensitive nature of the proposed transaction with the due-process rights of all parties in interest.

## III.    NOTICE

Pursuant to Local Rule 9006, Debtors' counsel has contacted, or will contact before filing, the parties identified in the Attorney Information Sheet for Proposed Order Shortening Time and will disclose each contacted party's position concerning the requested shortening of time.

Upon entry of an order granting this Application, the Debtors will serve the order shortening time, the MIPA Motion and supporting papers, the proposed order approving the MIPA Motion, and the notice of hearing upon: the Office of the United States Trustee for the District of Nevada; Beth Powers and her counsel, if any; April Mountain Properties, LLC and its counsel or authorized representative; the LRW Revocable Trust and its counsel or authorized representative; Newtek Bank, N.A. and its counsel; NOTL Property Owner LLC and its counsel; all known creditors or parties asserting liens, claims, encumbrances, or interests against VES Inc.'s membership interests in VES Newport or any proceeds of the proposed transaction; all known secured equipment lenders, equipment lessors, and material counterparties whose asserted rights may be affected by the MIPA Motion; all parties that have requested notice in the Chapter 11 Cases; the Debtors' twenty largest unsecured creditors, to the extent required and not otherwise included; all creditors and equity security holders entitled to notice under Bankruptcy Rule 2002; and such other parties as may be required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or further order of the Court.

Service will be made by CM/ECF, electronic mail, overnight delivery, hand delivery, first-class mail, or another method reasonably calculated to provide the most expeditious practicable notice under the circumstances.

The Debtors submit that the foregoing notice is adequate and appropriate under the circumstances and that no other or further notice should be required.

## IV.    CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order granting this Application, setting the MIPA Motion for hearing on the earliest date reasonably available on the Court's calendar, reserving approximately twenty (20) minutes for the hearing, establishing shortened deadlines for any opposition and reply, preserving the Office of the United States Trustee's right to file and serve an objection through the date and time of the hearing, approving the form, manner, and scope of notice described herein, directing the Debtors to serve the entered order shortening time, the MIPA Motion and supporting papers, the proposed order approving the MIPA Motion, and the notice of hearing by the most expeditious means reasonably available, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted on July 15, 2026, by:

By: /s/ Matthew Knepper, Esq.
Matthew Knepper, Esq.
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorney for Debtor(s)*