Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.: 25-12627-mkn |
| VELOCITY ESPORTS, INC., | Jointly Administered with<br>Case No. 25-12628-mkn |
| ■ Affects Velocity Esports, Inc. | Case No. 25-12629-mkn |
| ☐ Affects Velocity Esports Las Vegas Town Square, LLC | Case No. 25-12630-mkn<br>Case No. 25-12631-mkn |
| ☐ Affects Velocity Esports Chicago Schaumburg, LLC | Chapter 11 |
| ■ Affects Velocity Esports Newport Kentucky, LLC | **DECLARATION OF PHILIP KAPLAN IN SUPPORT OF THE DEBTORS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON DEBTORS' MOTION FOR ENTRY OF ORDER (I) APPROVING MEMBERSHIP INTEREST PURCHASE AGREEMENT FOR VELOCITY ESPORTS NEWPORT KENTUCKY, LLC; (II) AUTHORIZING SALE AND TRANSFER OF MEMBERSHIP INTERESTS PURSUANT TO 11 U.S.C. § 363(b); (III) APPROVING RELATED MEMBERSHIP INTEREST ASSIGNMENTS, GOOD-FAITH PURCHASER FINDINGS, AND RELATED RELIEF; AND (IV) GRANTING RELATED RELIEF [ECF No. 299]** |
| ☐ Affects Velocity Esports Orlando Downtown, LLC | |
| ☐ Affects All Debtors | |
| Debtor(s). | |
| | Hearing Date: **OST REQUESTED**<br>Hearing Time: **OST REQUESTED** |

I, Philip Kaplan, declare as follows:

1.    I am over the age of eighteen (18), am competent to testify, and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to the matters stated herein.

2.    I serve as Chief Executive Officer and Chairman of the Board of Velocity Esports, Inc. ("VES Inc."). VES Inc. owns one hundred percent (100%) of the issued and outstanding membership interests in Velocity Esports Newport Kentucky, LLC ("VES Newport"). I am authorized to submit this Declaration on behalf of VES Inc. and VES Newport (collectively, the "Debtors").

3.    I submit this Declaration in support of the Debtors' *Ex Parte Application for Order Shortening Time for Hearing* (the "Application") *on Debtors' Motion for Entry of Order (I) Approving Membership Interest Purchase Agreement for Velocity Esports Newport Kentucky, LLC; (II) Authorizing Sale And Transfer Of Membership Interests Pursuant To 11 U.S.C. § 363(b); (III) Approving Related Membership Interest Assignments, Good-Faith Purchaser Findings, and Related Relief; and (IV) Granting Related Relief* (the "MIPA Motion").

4.    The MIPA Motion seeks approval of that certain Membership Interest Purchase Agreement dated July 14, 2026 (the "MIPA") and the membership-interest transaction contemplated therein.

5.    The MIPA contemplates the transfer of eighty percent (80%) of VES Inc.'s membership interests in VES Newport to Beth Powers and the potential transfer of the remaining twenty percent (20%) of the membership interests, ten percent (10%) each, to April Mountain Properties, LLC and the LRW Revocable Trust, subject to the terms of the MIPA and approval by the Court.

6.    The Newport venue is a material component of the Debtors' restructuring efforts and remains a source of going-concern value for the Debtors' estates. In my business judgment, an orderly and timely ownership and governance transition is preferable to the uncertainty, expense, and potential loss of value that could result from unnecessary delay.

7.    Court approval of the MIPA and the transactions contemplated therein is a condition precedent to closing. The MIPA provides that no closing may occur unless and until the Court enters an order approving the MIPA and the contemplated transactions.

8.      The MIPA further contemplates that closing will occur within five (5) business days after the applicable conditions to closing have been satisfied or properly waived, provided that the Court's order approving the transaction has been entered and no stay of that order remains in effect.

9.      The proposed transaction requires coordination among the Debtors, Beth Powers, the Insider Bid Parties, creditors, lienholders, counterparties, and other affected parties. Until the MIPA Motion is adjudicated, uncertainty will remain concerning the proposed ownership transition and the related closing and implementation arrangements.

10.     The Debtors' plan and related disclosure statement are presently scheduled for a confirmation and approval hearing on September 15, 2026. The proposed Newport transaction is intended to be considered and implemented in coordination with that plan process.

11.     In my business judgment, unnecessary delay in obtaining a hearing on the MIPA Motion may impair the Debtors' ability to consummate the proposed transaction efficiently and on its presently contemplated terms. Such delay may also require the Debtors and the transaction parties to reevaluate or modify the proposed transaction, the anticipated closing schedule, the consideration structure, and related plan-implementation arrangements.

12.     Although I understand that the MIPA Motion is not subject to a single statutory date on which the requested relief automatically becomes moot, I believe that the practical utility of the requested expedited relief may be materially diminished if the MIPA Motion is not heard on or before September 15, 2026.

13.     For those reasons, the Debtors request that the Court hear the MIPA Motion on the earliest date reasonably available on the Court's calendar and, in all events, on or before September 15, 2026.

14.     I understand that the Debtors estimate that the hearing on the MIPA Motion will require approximately twenty (20) minutes, exclusive of any additional time the Court may determine is necessary to address objections, testimony, or evidentiary matters.

15.     I further understand that the Debtors will provide notice of the MIPA Motion and any hearing thereon to the United States Trustee, the proposed purchaser, the Insider Bid Parties, secured creditors, alleged lienholders, the landlord, equipment lenders and lessors, material counterparties, and all other parties entitled to notice under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

16.    Based on the foregoing, I respectfully submit that good cause exists to grant the OST Application and set the MIPA Motion for hearing on shortened time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 15 day of July, 2026.

By: /s/ *Philip Kaplan*
Philip Kaplan
Chief Executive Officer and
Chairman of the Board Velocity
Esports, Inc.