Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>  VELOCITY ESPORTS, INC.,<br><br>  ☐ Affects Velocity Esports, Inc.<br>  ☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>  ☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>  ☐ Affects Velocity Esports Newport Kentucky, LLC<br>  ☐ Affects Velocity Esports Orlando Downtown, LLC<br>  ■ Affects All Debtors<br><br>                    Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON NEVADA BANKRUPTCY ATTORNEYS, LLC'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD ENDING JULY 9, 2026 [ECF NO. 302]**<br><br><br>Hearing Date: **OST REQUESTED**<br>Hearing Time: **OST REQUESTED** |

Nevada Bankruptcy Attorneys, LLC ("NBA" or "Applicant"), court-approved counsel for the debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors"), hereby submits this *Ex Parte Application for Order Shortening Time for Hearing* (the "OST Application") *on Nevada Bankruptcy Attorneys, LLC's First Interim Application for Compensation and Reimbursement of Expenses for the Interim Fee Period Ending July 9, 2026* (the "Fee Application") [ECF No. 302].

- 1 -

The OST Application is supported by the *Declaration of Matthew Knepper in Support of Ex Parte Application for Order Shortening Time for Hearing on the Fee Application* (the "Knepper OST Declaration"), filed concurrently herewith, the Fee Application and the declarations and exhibits filed in support thereof, the accompanying Attorney Information Sheet for Proposed Order Shortening Time, and the record in the Debtors' Chapter 11 Cases.

By this OST Application, NBA respectfully requests that the Court enter an order: (i) setting a hearing on the Fee Application on the earliest date reasonably available on the Court's calendar; (ii) reserving approximately fifteen (15) to twenty (20) minutes for the hearing; (iii) establishing shortened deadlines for any opposition and reply; (iv) directing NBA to provide notice of the hearing and the Fee Application in the manner described below; and (v) granting such other and further relief as the Court deems just and proper.

## I.        BACKGROUND

1.        On May 7, 2025 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2.        The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.        The Chapter 11 Cases are jointly administered under Case No. 25-12627-mkn.

4.        On July 30, 2025, the Court entered the Amended Order Granting Application for Order Authorizing Retention and Employment of Nevada Bankruptcy Attorneys, LLC as Debtors' Counsel [ECF No. 109] (the "Employment Order"). The Employment Order authorizes NBA's employment under section 327(a) of the Bankruptcy Code and permits NBA to seek compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

5.        On July 15, 2026, NBA filed the Fee Application, together with the Declaration of Matthew I. Knepper [ECF No. 303], the exhibits thereto [ECF Nos. 303-1 through 303-3], and the Declaration of Philip N. Kaplan [ECF No. 304].

6.        The Fee Application requests: (a) interim allowance of $367,634.50 for 857.1 compensable postpetition hours incurred from May 8, 2025, through July 9, 2026; (b) review and approval of $10,078.50 for 31.9 hours of services rendered from May 1 through May 7, 2025; and (c) reimbursement of $2,286.70

- 2 -

in net unreimbursed expenses. The aggregate professional-fee request is $377,713.00, and the total compensation and reimbursement requested is $379,999.70.

7. NBA has received no postpetition payment toward the compensation or expenses requested in the Fee Application, and no retainer or trust balance remains available to apply toward the requested award.

8. The Debtors have filed Plan No. 2 and a related disclosure statement, and the Court has conditionally approved the disclosure statement for solicitation. [ECF Nos. 284, 294, 297]. The hearing concerning confirmation of the Debtors' plan and final approval of the disclosure statement is presently scheduled for September 15, 2026.

9. The amount of any professional-fee award allowed under the Fee Application bears directly on the administrative-expense obligations to be addressed through the Debtors' pending plan. Adjudicating the Fee Application before confirmation will permit the Debtors, creditors, and other parties in interest to evaluate the Debtors' plan funding, administrative-expense treatment, feasibility, and implementation arrangements with the amount of NBA's allowed interim compensation determined.

10. A hearing after confirmation could disrupt the coordination of the Debtors' plan funding, administrative-expense treatment, and implementation arrangements and may require the Debtors and other affected parties to reevaluate those arrangements after confirmation, potentially threatening the viability of the proposed plan.

11. NBA therefore requests that the Fee Application be heard on the earliest date reasonably available on the Court's calendar. For purposes of Local Rule 9006, NBA identifies September 15, 2026—the date presently set for the confirmation hearing—as the date beyond which the requested expedited relief would no longer accomplish its intended purpose of permitting the Fee Application to be adjudicated in advance of confirmation.

12. NBA estimates that the hearing on the Fee Application will require approximately fifteen (15) to twenty (20) minutes, exclusive of any additional time the Court may determine is necessary to address objections, testimony, or evidentiary matters.

/ / /

/ / /

- 3 -

## II.    ARGUMENT

### A.  The Court May Shorten the Applicable Notice and Hearing Periods for Cause.

Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure provides that, except as otherwise provided, when an act must or may be done within a specified period prescribed by the Bankruptcy Rules, a notice, or an order of the Court, "the court may, for cause, reduce the period—with or without motion or notice." Fed. R. Bankr. P. 9006(c)(1). Bankruptcy Rule 9006(d) further permits an application to shorten time to be heard ex parte.

Consistent with Bankruptcy Rule 9006, Local Rule 9006 authorizes the Court to shorten the time for notice and hearing where the applicant establishes facts and circumstances demonstrating cause for expedited relief. Courts recognize that Bankruptcy Rule 9006(c) permits a bankruptcy court, for cause shown and in its discretion, to reduce an otherwise applicable notice period. *See Hester v. NCNB Tex. Nat'l Bank* (*In re Hester*), 899 F.2d 361, 364 n.3 (5th Cir. 1990); *see also* 10 Collier on Bankruptcy ¶ 9006.09.

### B.    Cause Exists to Hear the Fee Application on Shortened Time.

Cause exists to hear the Fee Application on shortened time because the amount of NBA's allowed interim compensation bears directly on the administrative-expense obligations to be addressed through the Debtors' pending plan, and the confirmation hearing is presently scheduled for September 15, 2026.

The Fee Application seeks compensation for services rendered over an extended period in the administration and restructuring of five jointly administered Chapter 11 estates. NBA has received no postpetition payment toward the requested compensation or expenses, and no retainer remains available to apply toward the requested award.

The requested award is material to the Debtors' plan funding, administrative-expense treatment, feasibility, and implementation arrangements. Resolving the Fee Application before confirmation will allow the Debtors, creditors, and other parties in interest to evaluate those matters based on a determined interim fee award rather than an unresolved professional-compensation request.

By contrast, delaying the hearing until after confirmation could require the Debtors and other affected parties to reevaluate the plan's funding, administrative-expense treatment, or implementation arrangements after confirmation and could potentially threaten the viability of the proposed plan. An expedited hearing will permit the Court and parties in interest to address the Fee Application while the

- 4 -

Debtors' confirmation process remains pending and any necessary adjustments can be considered in an orderly manner.

The Fee Application is supported by detailed billing records, expense documentation, and declarations addressing the services performed, the results obtained, the requested compensation and expenses, and the Debtors' support for the request. The requested shortening of time concerns only the scheduling of the hearing and does not restrict any party's right to review the Fee Application, object to the requested compensation or expenses, or be heard by the Court.

The Fee Application also does not seek turnover of restricted third-party funds, adjudicate ownership of those funds, or direct any third party to transfer funds. Any allowed award may be paid only from lawfully available funds and subject to applicable orders of the Court. Hearing the Fee Application on shortened time therefore will not predetermine the source, timing, or availability of payment.

Accordingly, cause exists to set the Fee Application for hearing on the earliest date reasonably available on the Court's calendar.

**C.      The Requested Shortening of Time Will Not Unduly Prejudice Parties in Interest.**

The requested shortening of time will not deprive any party in interest of due process or a meaningful opportunity to be heard. Upon entry of an order granting this OST Application, NBA will serve the entered order shortening time, the Fee Application, the declarations and exhibits filed in support thereof, the proposed order approving the Fee Application, and the notice of hearing by the most expeditious means reasonably available.

Notice will be provided to the Debtors, the Office of the United States Trustee, all parties that have requested notice in the Chapter 11 Cases, all creditors and equity security holders entitled to notice under Bankruptcy Rule 2002, and all other parties required to receive notice under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or further order of the Court.

The proposed order shortening time will establish the applicable opposition and reply deadlines. If the Court sets the hearing fewer than three (3) business days after entry of the order shortening time, NBA requests that written opposition not be required and that parties be permitted to present opposition orally at the hearing pursuant to Local Rule 9006(c). The Court will retain discretion to consider any opposition, permit argument or evidence, or continue the hearing if necessary.

NBA has conferred with the Office of the United States Trustee regarding the relief requested in this OST Application. The Office of the United States Trustee does not oppose the Fee Application being heard on shortened time, subject to its reservation of the right to file and serve an objection to the Fee Application on or before the date and time of the hearing. Accordingly, NBA request that any order granting this OST Application preserve the Office of the United States Trustee's right to object through the date and time of the hearing, notwithstanding any earlier opposition deadline established for other parties in interest.

The requested expedited schedule therefore appropriately balances the need to resolve the Fee Application in advance of confirmation with the due-process rights of all parties in interest.

## III.    NOTICE

Pursuant to Local Rule 9006, NBA has contacted, or will contact before filing, the parties identified in the Attorney Information Sheet for Proposed Order Shortening Time and will disclose each contacted party's position concerning the requested shortening of time.

Upon entry of an order granting this OST Application, NBA will serve the entered order shortening time, the Fee Application, the Declaration of Matthew I. Knepper and the exhibits thereto, the Declaration of Philip N. Kaplan, the proposed order approving the Fee Application, and the notice of hearing upon: the Debtors; the Office of the United States Trustee for the District of Nevada; all parties that have requested notice in the Chapter 11 Cases; all creditors and equity security holders entitled to notice under Bankruptcy Rule 2002; and such other parties as may be required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or further order of the Court.

Service will be made by CM/ECF, electronic mail, overnight delivery, hand delivery, first-class mail, or another method reasonably calculated to provide the most expeditious practicable notice under the circumstances.

NBA submits that the foregoing notice is adequate and appropriate under the circumstances and that no other or further notice should be required.

## IV.    CONCLUSION

WHEREFORE, NBA respectfully requests that the Court enter an order granting this OST Application, setting the Fee Application for hearing on the earliest date reasonably available on the Court's calendar, reserving approximately fifteen (15) to twenty (20) minutes for the hearing, establishing shortened

- 6 -

- 7 -

deadlines for any opposition and reply, approving the form, manner, and scope of notice described herein, directing NBA to serve the entered order shortening time, the Fee Application and supporting papers, the proposed order approving the Fee Application, and the notice of hearing by the most expeditious means reasonably available, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted on July 16, 2026, by:

By: /s/ Matthew Knepper, Esq.
Matthew Knepper, Esq.
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorney for Debtor(s)*