Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**DECLARATION OF MATTHEW KNEPPER IN SUPPORT OF THE EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON NEVADA BANKRUPTCY ATTORNEYS, LLC'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD ENDING JULY 9, 2026 [ECF NO. 302]**<br><br>Hearing Date: **OST REQUESTED**<br>Hearing Time: **OST REQUESTED** |

I, Matthew Knepper, declare as follows:

1.       I am over the age of eighteen (18), am competent to testify, and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to the matters stated herein.

2.      I am an attorney admitted to practice in the State of Nevada and before this Court, a partner of Nevada Bankruptcy Attorneys, LLC ("NBA"), and counsel for the debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors").

3.      I submit this Declaration in support of NBA's *Ex Parte Application for Order Shortening Time for Hearing* (the "OST Application") *on Nevada Bankruptcy Attorneys, LLC's First Interim Application for Compensation and Reimbursement of Expenses for the Interim Fee Period Ending July 9, 2026 [ECF No. 302]* (the "Fee Application").

4.      On July 30, 2025, the Court entered the Amended Order Granting Application for Order Authorizing Retention and Employment of Nevada Bankruptcy Attorneys, LLC as Debtors' Counsel [ECF No. 109]. That order authorizes NBA's employment under section 327(a) of the Bankruptcy Code and permits NBA to seek compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

5.      On July 15, 2026, NBA filed the Fee Application, together with my supporting declaration [ECF No. 303], the exhibits thereto [ECF Nos. 303-1 through 303-3], and the supporting declaration of Philip N. Kaplan [ECF No. 304].

6.      The Fee Application requests: (a) interim allowance of $367,634.50 for 857.1 compensable postpetition hours incurred from May 8, 2025, through July 9, 2026; (b) review and approval of $10,078.50 for 31.9 hours of services rendered from May 1 through May 7, 2025; and (c) reimbursement of $2,286.70 in net unreimbursed expenses. The aggregate professional-fee request is $377,713.00, and the total compensation and reimbursement requested is $379,999.70.

7.      NBA has received no postpetition payment toward the compensation or expenses requested in the Fee Application, and no retainer or trust balance remains available to apply toward the requested award.

8.      The Debtors have filed Plan No. 2 and a related disclosure statement, and the Court has conditionally approved the disclosure statement for solicitation. [ECF Nos. 284, 294, 297]. The hearing concerning confirmation of the Debtors' plan and final approval of the disclosure statement is presently scheduled for September 15, 2026.

9.     The amount of any professional-fee award allowed under the Fee Application bears directly on the administrative-expense obligations to be addressed through the Debtors' pending plan. Adjudicating the Fee Application before confirmation will allow the Debtors, creditors, and other parties in interest to evaluate the Debtors' plan funding, administrative-expense treatment, feasibility, and implementation arrangements with the amount of NBA's allowed interim compensation determined.

10.     A hearing after confirmation could disrupt the coordination of the Debtors' plan funding, administrative-expense treatment, and implementation arrangements and may require the Debtors and other affected parties to reevaluate those arrangements after confirmation, potentially threatening the viability of the proposed plan.

11.     NBA therefore requests that the Fee Application be heard on the earliest date reasonably available on the Court's calendar. For purposes of Local Rule 9006, NBA identifies September 15, 2026—the date presently set for the confirmation hearing—as the date beyond which the requested expedited relief would no longer accomplish its intended purpose of permitting the Fee Application to be adjudicated in advance of confirmation.

12.     The OST Application concerns only the scheduling of the hearing. It does not seek a determination concerning the merits of the Fee Application or the source, timing, or availability of any payment.

13.     I estimate that the hearing on the Fee Application will require approximately fifteen (15) to twenty (20) minutes, exclusive of any additional time the Court may determine is necessary to address objections, testimony, or evidentiary matters.

14.     NBA has contacted, or made reasonable efforts to contact, the parties identified in the Attorney Information Sheet for Proposed Order Shortening Time regarding the requested shortened-time hearing. The position of each contacted party, or the absence of a response, is reflected in the Attorney Information Sheet filed with the OST Application.

15.     Upon entry of an order granting the OST Application, NBA will provide notice of the Fee Application and the hearing to the Debtors, the Office of the United States Trustee, all parties that have requested notice in the Chapter 11 Cases, all creditors and equity security holders entitled to notice under

Bankruptcy Rule 2002, and all other parties entitled to notice under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

16. Based on the foregoing, I respectfully submit that good cause exists to grant the OST Application and set the Fee Application for hearing on shortened time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 16 day of July, 2026.


By: /s/ *Matthew Knepper, Esq.*
Matthew Knepper, Esq.
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorney for Jointly Administered Debtors*