Matthew I. Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
*Attorneys for Plaintiffs/Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

In re

VELOCITY ESPORTS, INC.,

☐ Affects Velocity Esports, Inc.
☐ Affects Velocity Esports Las Vegas Town Square, LLC
☐ Affects Velocity Esports Chicago Schaumburg, LLC
☐ Affects Velocity Esports Newport Kentucky, LLC
☐ Affects Velocity Esports Orlando Downtown, LLC
■ Affects All Debtors

Debtors.

Case No.: 25-12627-mkn

Jointly Administered with
Case No. 25-12628-mkn
Case No. 25-12629-mkn
Case No. 25-12630-mkn
Case No. 25-12631-mkn

Chapter 11

**JOINT MOTION OF DEBTORS AND NOTL PROPERTY OWNER LLC FOR ENTRY OF ORDER AUTHORIZING ASSUMPTION OF NONRESIDENTIAL REAL PROPERTY LEASE AS AMENDED BY SECOND AMENDMENT TO LEASE; APPROVING CURE AND ARREARAGE TREATMENT; AND GRANTING RELATED RELIEF**

Hearing Date: *OST Requested*
Hearing Time: *OST Requested*

Velocity Esports, Inc., Velocity Esports Las Vegas Town Square, LLC, Velocity Esports Chicago Schaumburg, LLC, Velocity Esports Newport Kentucky, LLC, and Velocity Esports Orlando Downtown, LLC, as debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"), and NOTL Property Owner LLC ("NOTL" or "Landlord," and together with the Debtors, the "Joint Movants"), by and through their respective counsel, jointly move this Court for entry of an order authorizing Velocity Esports Newport Kentucky, LLC ("VES Newport" or "Tenant") and Velocity Esports, Inc. ("VES Inc." or "Guarantor") to assume that certain nonresidential real property lease

for the Newport on the Levee premises, as amended by the proposed Second Amendment to Lease, and approving the negotiated cure, repayment, and arrearage treatment set forth therein. This Motion is supported by the Declaration of Philip N. Kaplan in Support of Joint Motion of Debtors and NOTL Property Owner LLC for Entry of Order Authorizing Assumption of Nonresidential Real Property Lease as Amended by Second Amendment to Lease (the "Kaplan Declaration"), filed concurrently herewith, and the exhibits described below.

The Joint Movants request relief under 11 U.S.C. §§ 105(a), 365(a), 365(b)(1), 365(b)(3), 365(d)(4), 1107(a), and 1108; Rules 6006, 9006(b)(1), 9014, and, to the extent applicable, 9019 of the Federal Rules of Bankruptcy Procedure; and Local Rule 9019 of the Local Rules of Bankruptcy Practice for the United States Bankruptcy Court for the District of Nevada. The relief requested is primarily an order approving assumption of the Lease as amended. Rule 9019 is included to approve the compromise components of the Second Amendment to the extent the Court determines separate compromise approval is necessary or appropriate. In support of this Motion, the Joint Movants respectfully state as follows:

## I. RELIEF REQUESTED

The Joint Movants request entry of an order authorizing assumption of the Lease, as defined below, as amended by the Second Amendment, attached to the Kaplan Declaration as **Exhibit 3**.

The Joint Movants request approval of the negotiated cure and arrearage treatment set forth in the Second Amendment, including: (a) Tenant's acknowledgment of $775,445.88 (the ("Outstanding Rent") in delinquent Rent through April 30, 2026; (b) an initial payment of $50,000.00 (the "Amendment Repayment") as described below; ; (c) payment of an additional $175,000.00 (the "Future Repayment") over time as described below; and (d) Landlord's agreement, provided Tenant is not in default, to cancel and fully abate the balance of Outstanding Rent after credit for the Amendment Repayment and the Future Repayment. Kaplan Decl. ¶¶ 21-25.

The Joint Movants request findings that the negotiated cure and repayment structure provides adequate assurance of prompt cure and compensation within the meaning of § 365(b)(1), that the Debtors have provided adequate assurance of future performance, that the shopping-center requirements of § 365(b)(3) are satisfied, and that assumption of the Lease as amended is a sound exercise of business judgment and in the best interests of the Debtors' estates. Kaplan Decl. ¶¶ 26-38.

Out of an abundance of caution, and solely to the extent the Court determines that the expiration of any deadline under § 365(d)(4) requires waiver, enlargement, excusable-neglect relief, or other relief before the Lease may be assumed, the Joint Movants request that the Court authorize the act of assumption based on NOTL's consent and waiver, Bankruptcy Rule 9006(b)(1), the equitable framework of *Pioneer*, and the unique facts described herein. Kaplan Decl. ¶¶ 14-20, 33-43.

To the extent the Court determines that the compromise aspects of the Second Amendment require separate approval under Bankruptcy Rule 9019, the Joint Movants request approval of those compromise terms as fair, equitable, reasonable, and in the best interests of the estates. Kaplan Decl. ¶¶ 21-25, 35-43.

## II. JURISDICTION, VENUE, AND STATUTORY PREDICATES

This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (M), and (O). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory and procedural predicates for the relief requested are 11 U.S.C. §§ 105(a), 365(a), 365(b)(1), 365(b)(3), 365(d)(4), 1107(a), and 1108, Federal Rules of Bankruptcy Procedure 6006, 9006(b)(1), 9014, and, to the extent applicable, 9019, and Local Rule 9019.

## III. PROCEDURAL AND FACTUAL BACKGROUND

1.      On May 7, 2025, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors in possession under §§ 1107(a) and 1108. Kaplan Decl. ¶ 4.

2.      VES Inc. is the parent holding company. VES Newport is the Debtor entity that operates the Newport on the Levee location in Newport, Kentucky. Kaplan Decl. ¶¶ 5-6.

3.      On February 16, 2022, NOTL and VES Newport entered into that certain Standard Commercial Shopping Center Lease for premises at Newport on the Levee in Newport, Kentucky (the "Lease"). VES Inc. guaranteed Tenant's obligations under the Lease. Kaplan Decl. ¶¶ 7-8; Ex. 1.

4.      On December 21, 2022, NOTL, VES Newport, and VES Inc. entered into a First Amendment to Lease, which expanded the leased premises to include additional space and extended the lease term. Kaplan Decl. ¶ 9; Ex. 2.

- 3 -

5.      The Lease, as amended by the First Amendment, concerns approximately 49,805 rentable square feet at Newport on the Levee, including Suite P-130, Suite G-117, and Suite G-112. Kaplan Decl. ¶ 10; Exs. 1-2.

6.      VES Newport's Schedule G identified the NOTL commercial rental agreement as a contract to be assumed. Case No. 25-12630-mkn, ECF No. 1, p. 28 of 59; Kaplan Decl. ¶ 12; Ex. 5. NOTL has not filed a proof of claim in these Chapter 11 Cases. Kaplan Decl. ¶ 13.

7.      From the commencement of the Chapter 11 Cases, the Debtors intended to preserve the Newport location as a going-concern operating venue and to assume or otherwise continue the NOTL lease relationship. Kaplan Decl. ¶¶ 14-16.

8.      VES Newport and NOTL have been in ongoing communications and negotiations throughout the Chapter 11 Cases concerning the treatment of the Lease, payment of rent, amendment of lease terms, preservation of operations, and cure or repayment of arrearages. Kaplan Decl. ¶¶ 15-17.

9.      During the Chapter 11 Cases, VES Newport made ongoing payments to NOTL. The payment ledger attached as Exhibit 4 reflects 44 paid transfers to NOTL or its payment affiliate from June 18, 2025 through June 24, 2026, totaling $614,751.33, plus one canceled transfer. Kaplan Decl. ¶ 18.

10.      Although VES Newport continued making payments, those payments did not fully satisfy all amounts accruing under the Lease. The parties have reconciled and agreed, for purposes of the Second Amendment, that Tenant is delinquent in Rent through April 30, 2026 in the amount of $775,445.88. Kaplan Decl. ¶ 18-21.

11.      The parties negotiated the Second Amendment to resolve the arrearage and preserve the Newport location. Under the Second Amendment, Tenant will pay $50,000.00 as follows: (i) $25,000.00 shall be paid within two (2) business days after the entry of an order granting this motion; and (ii) an additional $25,000.00 to be paid on or before September 15, 2026 (even if the first $25,000 payment has not yet become due),  and $175,000.00 over 84 months at $2,083.33 per month beginning May 1, 2026 and ending April 1, 2033. Kaplan Decl. ¶¶ 22-24; Ex. 3.

12.      Provided Tenant is not in default of the Lease, Landlord agrees under the Second Amendment to cancel and fully abate the balance of Outstanding Rent after credit for the Amendment Repayment and the Future Repayment. Kaplan Decl. ¶ 25; Ex. 3.

13. As a condition to the Landlord's agreement to enter into the Second Amendment, the Guarantor has agreed that its obligations under the Guaranty and the Lease remain in full force and effect except as modified by the Second Amendment. Kaplan Decl. ¶¶ 44-45; Ex. 3.

14. The Second Amendment also adjusts Minimum Rental, modifies Percentage Rental beginning January 1, 2026, extends the lease term to December 31, 2033, includes a permitted transfer provision, and addresses the continued and conditional termination or reinstatement of the existing Guaranty. Kaplan Decl. ¶¶ 26-27; Ex. 3.

15. To the Debtors' knowledge, May and June 2026 payments under the negotiated reduced monthly structure have been made, including the monthly Future Repayment amounts contemplated by the Second Amendment. Kaplan Decl. ¶ 20.

16. The Debtors filed Joint Chapter 11 Plan of Reorganization #2 on May 28, 2026. See ECF No. 284. The Plan identifies continuing landlord treatment, including treatment for NOTL or a court-approved NOTL resolution, as a material component of the Debtors' reorganization structure. Kaplan Decl. ¶ 35.

17. The Debtors' ability to preserve the Newport operation is material to plan feasibility, going-concern value, employee and vendor continuity, customer relationships, and the Debtors' ability to present a coherent restructuring path. Kaplan Decl. ¶¶ 32-36.

18. The Amendment Repayment is expected to be funded through non-debtor guarantor support and plan-related contributions. Kaplan Decl. ¶¶ 28-31. Additional evidence of available non-debtor guarantor support appears in the Declaration of Leonard Wanger in Support of Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Adv. No. 26-01075-mkn, ECF No. 4.

19. The parties acknowledge that no motion to assume the Lease and no motion to extend the § 365(d)(4) deadline was filed earlier in the Chapter 11 Cases. Kaplan Decl. ¶ 39. The Joint Movants submit this Motion jointly and consensually because both the Debtors and NOTL intended to preserve the lease relationship, actively negotiated the Second Amendment, and now request entry of an order authorizing assumption of the Lease as amended. Kaplan Decl. ¶¶ 14-20, 39-43.

/ / /

## IV. APPLICABLE LEGAL STANDARDS

### A. Assumption of Unexpired Leases Under Section 365

Section 365(a) provides that, subject to court approval, a debtor in possession may assume or reject an executory contract or unexpired lease. 11 U.S.C. §§ 365(a), 1107(a). Assumption or rejection outside a plan proceeds by motion as a contested matter under Bankruptcy Rules 6006 and 9014. Fed. R. Bankr. P. 6006(a), 9014.

The decision to assume or reject a lease is generally reviewed under the business-judgment standard. The Ninth Circuit recognizes that bankruptcy courts do not substitute their own business decisions for those of a debtor absent bad faith, whim, or caprice. *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007); see also *In re G.I. Industries, Inc.*, 204 F.3d 1276, 1282 (9th Cir. 2000). Courts applying that standard presume the debtor acted prudently and in good faith, and an objecting party bears the burden of showing that the decision is manifestly unreasonable. See *In re Player's Poker Club, Inc.*, 636 B.R. 811 (Bankr. C.D. Cal. 2022); *In re Astria Health*, 640 B.R. 758 (Bankr. E.D. Wash. 2022).

If there has been a default under an unexpired lease, § 365(b)(1) requires that the debtor cure, or provide adequate assurance that it will promptly cure, the default; compensate, or provide adequate assurance that it will promptly compensate, the nondebtor party for actual pecuniary loss resulting from the default; and provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

Because the Lease is a shopping-center lease, § 365(b)(3) also applies. That subsection requires adequate assurance of the source of rent and other consideration, assurance that percentage rent will not decline substantially, assurance that assumption will be subject to all lease provisions such as radius, location, use, and exclusivity provisions, and assurance that assumption will not disrupt tenant mix or balance in the shopping center. 11 U.S.C. § 365(b)(3).

### B. Section 365(d)(4), Landlord Consent, Waiver, and Rule 9006(b)(1)

Section 365(d)(4) provides that an unexpired lease of nonresidential real property under which the debtor is the lessee is deemed rejected if not assumed or rejected by the earlier of 120 days after the order for relief or entry of a confirmation order, subject to a court-approved extension and any further extension with landlord consent. 11 U.S.C. § 365(d)(4).

The Ninth Circuit has emphasized that § 365(d)(4) is designed to reduce uncertainty for commercial lessors and that assumption ordinarily requires formal court approval. *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848, 850-51 (9th Cir. 1987); *Sea Harvest Corp. v. Riviera Land Co. (In re Sea Harvest Corp.)*, 868 F.2d 1077, 1080-81 (9th Cir. 1989). In *Sea Harvest*, the Ninth Circuit rejected informal assumption arguments where the landlord opposed assumption and the debtor had not obtained the required court approval. *Sea Harvest*, 868 F.2d at 1080-81.

The Joint Movants do not ask the Court to disregard *Sea Harvest* or to rely on generalized equitable power to override the Bankruptcy Code. Rather, this Motion presents the different question whether the Court may approve a direct, formal, joint, noticed, and consensual assumption motion where the protected lessor waives any timing objection, joins in the requested relief, and asks the Court to approve the amended lease. Persuasive authority in this Circuit recognizes that § 365(d)(4) was enacted for the benefit of lessors and that a lessor may waive rights arising from the assumption deadline. *In re Dulan*, 52 B.R. 739 (Bankr. C.D. Cal. 1985).

Bankruptcy Rule 9006(b)(1) also permits the Court, in its discretion and on a showing of cause, to permit an act to be done after expiration of an applicable period where the failure to act was the result of excusable neglect, except as limited by the Rules. Fed. R. Bankr. P. 9006(b)(1). The Supreme Court holds that excusable neglect is an equitable inquiry considering all relevant circumstances, including danger of prejudice, length of delay and impact on proceedings, reason for delay, whether the delay was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

In the assumption context, courts in this Circuit have distinguished Rule 9006 excusable-neglect relief from an impermissible use of generalized equitable power. See *In re Argonaut Fin. Servs., Inc.*, 164 B.R. 107 (N.D. Cal. 1994). The Ninth Circuit likewise has recognized the continued application of Rule 9006(b)(1) and *Pioneer* where a court has authority to permit late action based on excusable neglect. *Harkey v. Grobstein (In re Point Center Financial, Inc.)*, 957 F.3d 990, 998-1001 (9th Cir. 2020).

**C. Approval of the Compromise Components Under Rule 9019**

To the extent the Court views the Second Amendment as compromising disputed cure, arrearage, claim, or lease-treatment issues, Bankruptcy Rule 9019 authorizes the Court to approve a compromise after

notice and hearing. Fed. R. Bankr. P. 9019(a). Local Rule 9019 requires the notice of compromise to include a summary of the essential terms or service of the compromise with the notice, and settlement motions and resulting orders should be filed in the main bankruptcy case and any related adversary proceeding where applicable. Local Rule 9019(c)-(d).

Under Ninth Circuit law, the Court may approve a compromise if it is fair and equitable. The Court considers: (1) the probability of success in litigation; (2) collection difficulties; (3) the complexity, expense, inconvenience, and delay of litigation; and (4) the paramount interests of creditors. *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). This District applies the same standard when evaluating settlement approval under Rule 9019. See *In re Clear Creek Ranch II, LLC*, No. 11-52302-BTB, 2012 WL 4865004 (Bankr. D. Nev. Oct. 11, 2012).

## V. ARGUMENT

### A. Assumption of the Lease as Amended Is a Sound Exercise of Business Judgment

Assumption of the Lease as amended is a sound exercise of the Debtors' business judgment. Newport is one of the Debtors' remaining operating venues and is essential to preserving enterprise value, jobs, customer relationships, equipment value, and plan feasibility. Kaplan Decl. ¶¶ 32-36. Losing the Newport premises would materially impair or destroy the going-concern value of the Newport operations because the business is location-dependent, built around the Newport on the Levee premises, and supported by the existing leasehold, layout, equipment, and customer traffic. Kaplan Decl. ¶¶ 32-34.

The Second Amendment materially improves the Debtors' position while preserving NOTL's rights. It resolves the asserted $775,445.88 rent delinquency through a $50,000.00 Amendment Repayment, a $175,000.00 Future Repayment over 84 months, and ongoing rent performance. Kaplan Decl. ¶¶ 21-25. In exchange, NOTL agrees, provided Tenant is not in default, to cancel and fully abate the remaining balance of Outstanding Rent after the Amendment Repayment and Future Repayment are made. Kaplan Decl. ¶ 25. The Second Amendment therefore avoids immediate litigation or surrender risk and preserves a location-dependent operating business.

The Debtors are not attempting to impose assumption over landlord opposition. NOTL joins in the requested relief. The party protected by § 365(b) and § 365(d)(4) supports the assumption, the Second

Amendment, and the negotiated cure structure. Kaplan Decl. ¶¶ 17, 21-27, 42. This consensual posture strongly supports approval.

**B. The Second Amendment Provides Cure, Compensation, and Adequate Assurance**

The Second Amendment satisfies § 365(b)(1). The parties have agreed to the amount of Outstanding Rent through April 30, 2026. Kaplan Decl. ¶ 21. They have also agreed to the cure and repayment structure: $25,000.00 within two business days after entry of an order granting this Motion, an additional $25,000.00 on or before September 15, 2026, $175,000.00 over 84 months, and ongoing performance under the Lease as amended. Kaplan Decl. ¶¶ 22-25. This is a negotiated cure and adequate-assurance structure accepted by the nondebtor party to whom the cure and compensation obligations are owed.

The Joint Movants recognize that courts scrutinize cure timing and adequate assurance, particularly where a debtor seeks to impose deferred cure over landlord objection. That is not this case. NOTL has agreed to the $50,000.00 Amendment Repayment, the $175,000.00 Future Repayment, the monthly repayment schedule, and the conditional abatement structure, and NOTL jointly seeks approval of that cure package. Kaplan Decl. ¶¶ 21-25, 42. The Court therefore is not being asked to compel a landlord to accept an unwanted cure schedule; it is being asked to approve the cure schedule negotiated by the landlord and tenant as part of a value-preserving amendment.

The Second Amendment also provides adequate assurance of future performance. It establishes the going-forward rent structure, percentage-rent breakpoint, repayment terms, transfer requirements, default consequences, and guaranty treatment. Kaplan Decl. ¶¶ 26-31, 44–45; Ex. 3. The Debtors' ongoing payment history, including 44 paid transfers totaling $614,751.33 and payment of May and June 2026 under the negotiated reduced monthly structure, supports the parties' view that the lease relationship has remained active and operational throughout the case. Kaplan Decl. ¶¶ 18-20.

Adequate assurance is a practical, fact-specific inquiry grounded in commercial realities. The facts here support adequate assurance because VES Newport remains an operating venue, has strong economic incentives to perform, has negotiated a viable rent structure with the landlord, and has access to non-debtor support for the $50,000.00 Amendment Repayment. Kaplan Decl. ¶¶ 28-38. Preserving the Lease also preserves going-concern value for the estate and creditors. See *In re Ernst Home Ctr., Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997).

**C. The Shopping-Center Requirements of Section 365(b)(3) Are Satisfied**

The shopping-center requirements of § 365(b)(3) are satisfied. The source of rent and other consideration is ongoing Newport operations, the revised lease economics agreed to by NOTL, and non-debtor guarantor support for the Amendment Repayment. Kaplan Decl. ¶¶ 28-31, 37-38. The Second Amendment preserves the Lease's use, operational, and shopping-center provisions except as expressly modified. Kaplan Decl. ¶¶ 26-27, 38; Ex. 3.

Assumption will not disrupt tenant mix or balance. It will preserve an existing tenant operating the same location-dependent business at Newport on the Levee. Kaplan Decl. ¶¶ 32-38. NOTL, the shopping-center landlord, has agreed to the rent structure, percentage-rent terms, transfer provisions, and ongoing performance terms and joins in the requested relief. Kaplan Decl. ¶¶ 17, 21-27, 42. No party is being asked to accept an unapproved assignee or materially different use. The relief preserves the status quo operating use and gives effect to the landlord-approved Second Amendment.

**D. The Court Should Approve Assumption Notwithstanding the Docket Timing Issue Because NOTL Waives Any Timing Objection and the Pioneer Factors Support Relief to the Extent Necessary**

The Joint Movants acknowledge that no prior motion to assume the Lease or extend the § 365(d)(4) deadline was filed. Kaplan Decl. ¶ 39. The Joint Movants also recognize that *Sea Harvest* requires formal assumption and that § 365(d)(4) cannot be ignored. *Sea Harvest*, 868 F.2d at 1080-81. This Motion therefore does not rest on an argument that informal negotiations or payments alone effected assumption. The Joint Movants have now brought the issue before the Court by formal, noticed, joint motion.

The facts here are materially different from *Sea Harvest*. In *Sea Harvest*, the landlord invoked § 365(d)(4), opposed assumption, and sought the benefit of deemed rejection. *Sea Harvest*, 868 F.2d at 1080-81. Here, NOTL is not seeking surrender, is not objecting to assumption, is not asserting surprise or prejudice, and has instead negotiated the Second Amendment and joined this Motion. Kaplan Decl. ¶¶ 17, 21-27, 42. The statutory purpose of § 365(d)(4) - protecting commercial lessors from uncertainty - is not advanced by denying a consensual assumption where the protected lessor affirmatively requests approval of the assumption and cure package.

Persuasive authority in this Circuit supports the waiver analysis. *In re Dulan* recognizes that § 365(d)(4) was enacted for the benefit of lessors and that the protected lessor may waive the timing requirement through conduct inconsistent with insisting on deemed rejection. 52 B.R. 739. NOTL's conduct is stronger than the waiver conduct in *Dulan*: NOTL has continued negotiations, accepted payments, negotiated a written Second Amendment, and now joins as movant requesting approval of assumption. Kaplan Decl. ¶¶ 15-27, 42.

To the extent the Court concludes that more than landlord waiver is necessary, the *Pioneer* factors support excusable-neglect relief. First, there is no prejudice to NOTL because NOTL jointly requests assumption. Kaplan Decl. ¶ 42. Second, the impact on the case is positive: assumption preserves a core operating venue and supports plan feasibility. Kaplan Decl. ¶¶ 32-36. Third, while the Debtors recognize the delay was within their control, the delay was not the product of gamesmanship or an effort to prejudice NOTL; the parties were actively working toward a consensual lease amendment and assumption. Kaplan Decl. ¶¶ 14-20, 39-41. Fourth, the Debtors and NOTL acted in good faith by negotiating a comprehensive resolution that substantially reduces the Debtors' arrearage exposure while preserving NOTL's ongoing lease rights. Kaplan Decl. ¶¶ 15-27, 40-43.

The Court should therefore approve assumption based on NOTL's consent and waiver and, to the extent necessary, Rule 9006(b)(1) and *Pioneer*. See *In re Argonaut Fin. Servs., Inc.*, 164 B.R. 107; *Harkey v. Grobstein (In re Point Center Financial, Inc.)*, 957 F.3d at 998-1001. This result gives effect to the formal assumption process, protects the landlord, preserves estate value, and avoids elevating a deadline designed to protect landlords into a weapon against a landlord that affirmatively supports assumption.

### E. The Compromise Components Are Fair, Equitable, and Reasonable

To the extent the Court treats the Second Amendment as a compromise of cure, arrearage, claim, or lease-status disputes, the compromise satisfies Rule 9019 and *A & C Properties*. The probability-of-success factor favors approval because litigating lease status, cure, administrative rent, rejection, surrender, waiver, and claim issues would create expense and uncertainty for the estates and NOTL. Kaplan Decl. ¶¶ 35-43.

The complexity, expense, inconvenience, and delay factor strongly favors approval. The Second Amendment avoids litigation over the precise treatment of more than $775,000.00 in asserted rent arrears, while preserving a going-concern venue and fixing a payment structure. Kaplan Decl. ¶¶ 21-25, 32-38.

Litigation over lease status or arrearage treatment would risk delay, increased professional fees, disruption to the Newport business, and uncertainty for plan solicitation and confirmation. Kaplan Decl. ¶¶ 35-37, 39-43.

The creditor-interest factor also favors approval. NOTL's agreement conditionally abates a substantial portion of the asserted Outstanding Rent if Tenant performs. Kaplan Decl. ¶ 25. Preserving Newport as an operating venue protects value that would likely be lost if the location were surrendered or shut down. Kaplan Decl. ¶¶ 32-36. The settlement therefore benefits the estates and creditors by preserving going-concern value, reducing immediate landlord exposure, and supporting plan feasibility. The result falls comfortably within the range of reasonableness under *A & C Properties* and *Clear Creek Ranch II*.

### F. Notice Is Appropriate

This Motion concerns a material lease relationship between NOTL and VES Newport, with VES Inc. as Guarantor. Notice will be provided to NOTL, the Office of the United States Trustee, all creditors and parties in interest, all parties requesting notice, and such other parties as the Court may require under Bankruptcy Rules 6006, 9014, and, to the extent applicable, 9019. The Motion summarizes the essential terms of the Second Amendment and attaches the Second Amendment as an exhibit, thereby satisfying Local Rule 9019(c) to the extent applicable.

## VI. CONCLUSION

For the foregoing reasons, the Joint Movants respectfully request that the Court enter an order: (a) authorizing assumption of the Lease as amended by the Second Amendment; (b) approving the negotiated cure, repayment, and arrearage treatment set forth in the Second Amendment; (c) finding adequate assurance of prompt cure, compensation, and future performance under § 365(b)(1) and § 365(b)(3); (d) finding that the NOTL Lease was not previously rejected pursuant to § 365(d)(4)(A) and that the period of time to assume or reject the lease was effectively extended by agreement of the parties pursuant to § 365(d)(4)(B)(ii); (e) approving the compromise components of the Second Amendment under Rule 9019 to the extent such approval is necessary; (f) confirming that VES Inc.'s obligations under the Guaranty are not discharged and remain in full force and effect except as modified by the Second Amendment, which VES Inc. is authorized to execute, and that VES Inc. shall remain bound by the Guaranty and the Lease, as amended by the Second Amendment, notwithstanding any discharges which may be imposed by the Bankruptcy Code, a Plan of

Reorganization, an order confirming a Plan of Reorganization, or any other order entered by this Court, except as may be agreed to by NOTL, VES Newport and VES Inc. in writing; and (g) granting such other and further relief as the Court deems just and proper

Respectfully submitted on August 4, 2026.

*/s/ Matthew I. Knepper, Esq.*
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228

*Attorneys for Plaintiffs*