**SECOND AMENDMENT TO LEASE**
**(Newport on the Levee – Velocity)**

THIS SECOND AMENDMENT TO LEASE (the "Amendment"), dated as of July __30__, 2026 (the "**Effective Date**"), is among **NOTL PROPERTY OWNER LLC**, a Delaware limited liability company ("**Landlord**"), **VELOCITY ESPORTS NEWPORT KENTUCKY, LLC**, a Kentucky limited liability company ("**Tenant**") and **VELOCITY ESPORTS, INC.**, a Nevada corporation ("**Guarantor**").

**RECITALS:**

WHEREAS, Landlord and Tenant entered into a Standard Commercial Shopping Center Lease dated as of February 16, 2022, as amended by that certain First Amendment to Lease dated December 21, 2022 (collectively the "**Lease**"), for the premises known as (a) Suite P-130 consisting of approximately 22,081 square feet of space, (b) Suite G-117 consisting of approximately 2,777 square feet of space, and (c) Suite G-112 consisting of approximately 24,947 square feet of space, for a total of 49,805 square feet of space (collectively, the "**Premises**"), located at Newport on the Levee in Newport, Kentucky (the "**Shopping Center**"), and as further described in the Lease; and

WHEREAS, Guarantor guaranteed Tenant's obligations under the Lease on the terms and conditions set forth in the Guaranty attached to the Lease as Exhibit E (the "**Guaranty**"); and

WHEREAS, on May 7, 2025, Tenant, Guarantor and their affiliated co-debtor entities filed voluntary petitions pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**").  The Tenant's and Guarantor's bankruptcy cases are being jointly administered under case number 25-12627-mkn and styled as *In re Velocity Esports, Inc., et al.* (the "**Bankruptcy Case**"); and

WHEREAS, Landlord and Tenant desire to extend and amend the Lease as set forth herein; and

WHEREAS, terms capitalized, but not defined in this Amendment, shall be given the respective meanings ascribed thereto in the Lease;

NOW, THEREFORE, the parties hereto agree as follows:

1.   **Rent and Other Amendments**.

(a)   Landlord and Tenant hereby agree to extend the term of the Lease for an additional 12 months so that the expiration date of the Lease will now be December 31, 2033 (the "**Extended Term**").

(b)   Tenant acknowledges that it is delinquent in Rent through April 30, 2026 in the amount of $775,445.88 (the "**Outstanding Rent**").  Landlord and Tenant agree that Tenant shall pay to Landlord the sum of $50,000.00 towards the Outstanding Rent (the "**Amendment Repayment**") as follows: (i) $25,000.00 shall be paid within two (2) business days after the entry of the Assumption Order (defined below); and (ii) an additional $25,000.00 will be paid on or before September 15, 2026 (even if the first $25,000 payment has not yet been made).  Landlord and Tenant also agree that Tenant shall pay the sum of $175,000.00 (the "**Future Repayment**") towards the Outstanding Rent due, to be paid in 84 monthly payments of in the sum of $2,083.33 beginning May 1, 2026 and ending April 1, 2033, which monthly payments shall be due simultaneously with Tenant's payments of Minimum Rental due under the Lease. Provided Tenant is not in default of the Lease, Landlord hereby agrees to cancel and fully abate the balance of Outstanding Rent due less the Amendment Repayment and Future Repayment.

4904-6538-5277, v. 8

(c)      Upon a monetary default by Tenant under the Lease or this Amendment that results in a termination of the Lease, Landlord may exercise its remedies under the Lease for such default, and Section 1(b) of this Amendment shall be void ab initio, and Landlord may, in addition to any other remedies available to Landlord at law or in equity, immediately recover the full amount of all Rent and other outstanding amounts due under the Lease, including the Outstanding Rent, as though this Amendment had never been agreed to.

(d)      Minimum Rental for the Premises for the entire Extended Term shall be paid as follows:

| Period | Monthly Rent |
|---|---|
| 05/01/2026 – 12/31/2028 | $66,346.00 |
| 01/01/2029 – 12/31/2033 | $72,980.00 |

Minimum Rental is payable as set forth in the Lease, without demand therefor and without any right of abatement, set-off or deduction, for any reason whatsoever, except as expressly set forth in the Lease.

(e)      Beginning January 1, 2026, Percentage Rental under the Lease shall be 12% over the Breakpoint. The Breakpoint shall be $3,600,000.00 per year for the remainder of the Term.

2.      **Permitted Transfer**. Notwithstanding anything to the contrary contained in the Lease including Article 18 herein, and provided Tenant is not then currently in default beyond any applicable grace or cure periods under this Lease, it is agreed that Tenant may, without the prior consent of Landlord, but upon prior written notice to Landlord, assign this Lease to an entity which purchases all or substantially all of Tenant's assets or ownership interest (a "**Permitted Transfer**"). Any assignment pursuant to the above shall be subject to the following conditions:  (1) any such assignment shall be subject to all of the terms, covenants and conditions of this Lease, and (2) the assignee shall have a tangible net worth of at least $5,000,000.00 as demonstrated by reasonable supporting documentation. Landlord promptly following Tenant's request therefor shall release Tenant and Guarantor on or following the date that is one year following the date of such assignment; provided that such transferee hereunder is not then in default under the Lease beyond any applicable notice and cure period and then satisfies the tangible net worth requirement in the preceding sentence on the date of release.

3.      **Guaranty**. Upon payment of all amounts owed under Section 1(b), the existing Guaranty shall be terminated. If, however, Tenant defaults in the payment of any amount owed in Section 1(b) above, the Guaranty will be reinstated in its entirety.

4.      **Conflict**. Except as specifically provided in this Amendment, in the event of any conflict between the existing Lease and this Amendment, this Amendment shall prevail. Except to the extent herein modified, the Lease shall continue in full force and effect, except that any provision of the Lease, which by its terms has expired or is no longer applicable on its face, is of no further force or effect.

5.      **Miscellaneous**. Except as modified by this Amendment, the Lease remains unchanged, valid, and in full force and effect. In the event of any ambiguity or inconsistency between the terms of the Lease and the terms of this Amendment, the terms of this Amendment shall control. Captions are included for convenient reference only. This Amendment shall bind and inure to the benefit of the successors and assigns of the parties. Neither party shall be deemed the drafter of this Amendment. This Amendment shall be governed by Kentucky law without regard to conflict of laws principles. Signatures delivered by telephone facsimile or electronic mail shall be fully effective to bind the signatory or signatories, although hard copies will be provided promptly upon request. To the best of Tenant's knowledge, Landlord is not in breach of, nor in default under, the Lease, and Tenant knows of no event or condition which, with the passage of time or the giving of notice or both, would constitute such a breach or default by Landlord under the Lease.

4904-6538-5277, v. 8

6.        **PDF/Counterparts.**  This Amendment may be executed in multiple counterparts, each of which shall constitute an original and all of which taken together shall constitute one and same agreement binding upon the parties, notwithstanding that all the parties are not signatories to the same counterpart. In order to facilitate the finalization of this Amendment, the parties agree that signatures transmitted by facsimile machine or signatures transmitted via e-mail in a "PDF" format may be used in place of original signatures on this Amendment.  Each party intends to be bound by such party's facsimile or "PDF" format signature on this Amendment, is aware that the other parties are relying on such party's facsimile or "PDF" format signature, and hereby waives any defenses to the enforcement of this Amendment based upon the form of signature.  Promptly following any facsimile transmittal or e-mail transmittal of "PDF" format signatures, the parties shall deliver to the other parties the original executed Amendment by reputable overnight courier to the notice addresses listed herein (it being agreed and understood that the delivery of such original shall not be a condition to the binding nature of the facsimile or electronic copy of the document provided such document is received by the parties).

7.        **Notice**.  All notices sent pursuant to the Lease shall include a copy to:

> Davis Stibor
> 3900 S. Hualapai Way, Suite 200
> Las Vegas, NV  89147
> Attention:  Ryan Stibor, Esq.
> ryan@davisstibor.com

8.        **Estoppel.** Tenant hereby represents and warrants unto Landlord, as of the Effective Date, that:

(a)        the Lease is in full force and effect;

(b)        the Lease has not been modified or amended, except as provided herein, and is enforceable in accordance with its terms;

(c)        Landlord is not in default under the Lease nor has Landlord failed to duly and fully perform or observe any term, covenant or condition by it to be performed under the Lease which would, but for the existence of any applicable notice and/or grace period, constitute a default under the Lease;

(d)        Tenant has no defense, offset, claim or counterclaim against the Landlord under the Lease or against any of the obligations of the Tenant under the Lease; and

(e)        Tenant has neither assigned, transferred, nor encumbered the Lease, the Premises or its interests therein, nor sublet the Premises or any portion thereof.

9.        **Tenant Bankruptcy**.

(a)        By not later than the earlier of (i) September 15, 2026 and (ii) the date of the entry of an order confirming a Chapter 11 plan, Tenant shall have assumed this Lease, as amended by this Amendment, pursuant to Section 365 of the Bankruptcy Code and pursuant to an order entered by the Bankruptcy Court  (the "**Assumption Order**");

(b)        If the Lease is rejected for any reason, Landlord shall be entitled to file its claim(s) in the Bankruptcy Case based upon the greater of (i) the amounts which would have been due under the Lease if the Lease had not been amended by this Amendment; or (ii) the amounts due under the Lease, as amended by this Amendment; and

(c)        Nothing in this Amendment shall limit Landlord's rights under the Bankruptcy Code or other applicable law.

4904-6538-5277, v. 8

IN WITNESS WHEREOF, the parties have executed this Amendment as of the Effective Date.

**LANDLORD:**
**NOTL PROPERTY OWNER LLC**

By: _____
        Timothy Perry, Vice President

Date: _____

**TENANT:**
**VELOCITY ESPORTS NEWPORT KENTUCKY, LLC**

By: _*Philip N Kaplan*_____

Name: __Philip N. Kaplan, Authorized Signor__

Date: __Jul 30 2026_____

**GUARANTOR:**
**VELOCITY ESPORTS, INC.**

By: _*Philip N Kaplan*_____

Name: __Philip N. Kaplan, Managing Member__

Date: __Jul 30 2026_____

4904-6538-5277, v. 8



Generated on Jul 30, 2026 17:29 PDT

# Certificate of Completion

## Summary

**Document ID:** 2AE8CC3E-58AKFX7EQO2ESCDB3ZDG4P20-P4FTRKEAHM-_QCHNVG

**Document name:** NOL- Velocity Second Amendment to Lease (execution Version)

**Sent by:** Matthew Knepper <mknepper@nvbankruptcyattorneys.com>

**Organization:** Nevada Bankruptcy Attorneys, LLC
   5940 S Rainbow Blvd Ste 400, LAS VEGAS, Nevada, USA 89118-2507

| | |
|---|---|
| **Sent on:** Jul 30, 2026 12:29:38 PDT | **Signers:** 1 |
| **Completed on:** Jul 30, 2026 13:23:32 PDT | **Receives a copy:** 0 |
| **Sign order:** Sequential | **Approvers:** 0 |
| **No. of documents:** 1 | **Witnesses:** 0 |
| **Time zone:** America/Los_Angeles (GMT-07:00) | **Recipient reviewers:** 0 |

## Recipients

Philip Kaplan
Signer
philk@deervalleyventures.com

Signature

*Philip N Kaplan*

| | |
|---|---|
| **Emailed on:** Jul 30, 2026 12:29:39 PDT | **Accessed from:** 135.180.55.17 |
| **Viewed on:** Jul 30, 2026 13:22:58 PDT | **Device used:** Web |
| **Terms agreed on:** Jul 30, 2026 13:23:04 PDT | **Authentication type:** None |
| **Signed on:** Jul 30, 2026 13:23:32 PDT | |

## Legal Disclosure

### ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

Please read the following information carefully. By clicking the 'I agree' button, you agree that you have reviewed the following terms and conditions and consent to transact business electronically using Zoho Sign electronic signature system. If you do not agree to these terms, do not click the 'I agree' button.

### Electronic documents

Please note that Nevada Bankruptcy Attorneys, LLC ("we", "us" or "Company") will send all documents electronically to you to the email address that you have given us during the course of the business relationship unless you tell us otherwise in accordance with the procedure explained herein. Once you sign a document electronically, we will send a PDF version of the document to you.

### Request for paper copies

You have the right to request paper copies of these documents sent to you electronically from dkrieger@nvbankruptcyattorneys.com. Alternatively, you also have the ability to download and print these documents sent to you electronically, and re-upload a scanned copy of the printed and physically signed documents. If you, however, wish to request paper copies of these documents sent to you electronically, you can write back to the sender.

### Withdrawing your consent

At any point in time during the course of our business relationship, you have the right to withdraw your consent to receive documents in electronic format. If you wish to withdraw your consent, you can decline to sign a document that we have sent to you and send an email to dkrieger@nvbankruptcyattorneys.com informing us that you wish to receive documents only in paper format. Upon request from you, we will stop sending documents using Zoho Sign electronic signature system.

### To advise Nevada Bankruptcy Attorneys, LLC of your new email address

If you need to change the email address that you use to receive notices and disclosures from us, write to us at dkrieger@nvbankruptcyattorneys.com

### System requirements

Compatible with recent versions of popular browsers such as Chrome, Firefox, Safari, and Internet Explorer. Zoho Sign is also available on iOS and Android devices.