Richard Samuel Ehlers (NV Bar #9313)
Todd S. Garan (CASB 236787)(Pro Hac Vice)
**ALDRIDGE PITE, LLP**
9205 West Russell Road
Building 3, Suite 240
Las Vegas, NV 89148
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**Mailing Address:**
3333 Camino Del Rio South, Suite 225
San Diego, California 92108

Attorneys for Secured Creditor:
Newtek Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. No. 25-12627-MKN (LEAD) jointly Administered with Case No.: 25-12628-mkn Case No.: 25-12629-mkn Case No.: 25-12630-mkn Case No.: 25-12631-mkn |
| VELOCITY ESPORTS, INC., | |
| ■ Affects Velocity Esports, Inc. | Chapter 11 |
| ▢ Affects Velocity Esports Las Vegas Town Square, LLC | **OPPOSITION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) APPROVING MEMBERSHIP INTEREST PURCHASE AGREEMENT FOR VELOCITY ESPORTS NEWPORT KENTUCKY, LLC; (II) AUTHORIZING SALE AND TRANSFER OF MEMBERSHIP INTERESTS PURSUANT TO 11 U.S.C. § 363(b); (III) APPROVING RELATED MEMBERSHIP INTEREST ASSIGNMENTS, GOOD-FAITH PURCHASER FINDINGS AND RELATED RELIEF; AND (IV) GRANTING RELATED RELIEF** |
| □ Affects Velocity Esports Chicago Schaumburg, LLC | |
| ■ Affects Velocity Esports Newport Kentucky, LLC | |
| □ Affects Velocity Esports Orlando Downtown, LLC | |
| □ Affects All Debtors | |
| Debtors. | |
| . | **HEARING:** DATE: AUGUST 12, 2026 TIME: 11:00AM JUDGE: HON. MICHAEL K NAKAGAWA |

Secured Creditor, Newtek Bank, N.A. (hereinafter, "Creditor") secured creditor of the

above-entitled Debtors, Velocity Esports, Inc. et al; ("Debtors"), hereby submits its Opposition ("Opposition") to DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) APPROVING MEMBERSHIP INTEREST PURCHASE AGREEMENT FOR VELOCITY ESPORTS NEWPORT KENTUCKY, LLC; (II) AUTHORIZING SALE AND TRANSFER OF MEMBERSHIP INTERESTS PURSUANT TO 11 U.S.C. § 363(b); (III) APPROVING RELATED MEMBERSHIP INTEREST ASSIGNMENTS, GOOD-FAITH PURCHASER FINDINGS AND RELATED RELIEF; AND (IV) GRANTING RELATED RELIEF ("Motion").

## I.    STATEMENT OF FACTS

**A.    THE INSTANT BANKRUPTCY CASE**

On August 2, 2025, Debtor VE filed the instant bankruptcy petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Nevada and assigned Case No. 25-126286-mkn.  (*See*, Dkt. No.1).

On August 2, 2025, Debtors, Velocity Esports Las Vegas Town Square, LLC ("VELVTS"); Velocity Esports Newport Kentucky, LLC ("VENK");  Velocity Esports Chicago Schaumburg, LLC ("VECS");  and Velocity Esports Orlando Downtown, LLC ("VEOD"), each filed their own bankruptcy petition under Chapter 11 of the Bankruptcy Code for the District of Nevada, and were assigned the respective case Numbers: 25-12628-mkn; 25-12630-mkn; 25-12629-mkn; and 25-12631-mkn,

On May 23, 2025, Debtor filed a Motion for Joint Administration of the Debtors' Bankruptcy Cases.  (*See*, Dkt. No.16)

On July 21, 2025, the Court entered its Order allowing for the Joint Administration of the Debtors' Bankruptcy Cases with the Lead Case being the Velocity Esports, Inc. ("VES"). (*See*, Dkt. No.96).

Creditor filed its Secured Proofs of Claim in the above referenced cases for $2,486,502.27, with pre-petition arrears in the amount of $142,619.82.  (*See*, VES Claim No.9-1; VENK Claim No.4-1) [1],

On December 12, 2025, the Court entered a Joint Stipulated Order Re Use of Cash Collateral

---

[1] Creditor acknowledges that it has received $1,345,975.03 from both non-debtor guarantor sources and proceeds related to the sale of the Las Vegas Town Square business/assets to date, and is seeking to amend its Proofs of Claim to reflect amounts received accordingly.

("Cash Collateral Order") with respect to VES, VELVTS, and VENK entities as these were the only operating entities at the time. (*See*, Dkt. No.175). To date, Creditor has not received any payments pursuant to the Cash Collateral Order despite payments being required thereunder. (*See, Id*).

On April 27, 2026, the Court entered its Order Approving the Sale of Certain Debtors' Assets that largely sold the business and related assets for the Velocity Esports Las Vegas Town Square Location (e.g. VELVTS") to a 3rd party. (*See,* Dkt. No.269).

On July 15, 2026, the Debtors' filed the instant Motion on Shortened Notice along with the Supporting Declarations of Philip Kaplan and Beth Powers (collectively herein, "Motion") (*See,* Dkt. Nos.299, 300, 301, 311 and 314). Under the Motion, the Debtors seek to have the Court Approve a Membership "*Purchase*" Contract with Beth Powers ("Buyer") whereby VES seeks to "transfer" VES' an 80% interest in Velocity Esports Newport Kentucky, LLC ("VENK") to Ms. Powers for $0.00 (no consideration). The Motion does not discuss or provide any analysis or discussion as to how the parties arrived at an 80% interest in VENK in exchange for $0.00 consideration. The Motion also asserts this "*sale*" would be open to higher offers, but the Motion does not provide or discuss any such procedures or mechanisms for over bidders, suggesting this proposal is superfluous.

The Motion also contemplates VES "selling" its remaining 20% interest in VENK to the following insiders, April Mountain Properties, LLC (as to 10%) and LRW Revocable Trust (as to 10%) (hereinafter referred to, "Insiders") for approximately $50,000 in consideration. (*Id*). This $50,000 in consideration paid by the Insiders is to be used for an anticipated NOTL Lease amendment and is to be paid in two installments of $25,000.00, with the first $25,000 due upon the effective date of the 2nd Amendment to the NOTL Landlord Lease, and the remaining $25,000 upon the effective date of the Chapter 11 Plan. (*See*, Dkt.299, Para 18). Again, no discussion or analysis is provided as to how or why this 20% interest was derived. The Motion does not explain why this NOTL Lease Amendment and related funds cannot be paid by these Insiders on behalf of VES without divesting VES of its ownership.

The Motion acknowledges that VENK is now the Debtors' only income producing entity given the sale of VELVTS, and while the Motion asserts Debtors have evaluated realistic alternatives to the membership purchase, it does not elaborate on these "realist alternatives in any meaningful way" other than a short liquidation discussion that Debtors acknowledge could yield a gross

liquidation value of $4,38,847.93 to creditors. (*See*, Dkt. 300, Para 30). The Motion acknowledges there is a meaningful going concern or goodwill value here that is worth preserving, but provides no analysis as to what that value is or the justification for giving away its majority stake in this income producing entity for absolutely no consideration. Instead, the Motion, brought on shortend notice, tries to assert this "transfer" is necessary and urgent to "…reduce uncertainty regarding future control…." of VENK without explaining why VES' interest in VENK is in peril if there is a going concern value here.

Creditor hereby Opposes the Motion for the reasons discussed below.

## II. ARGUMENT

### I. CREDITOR OBJECTS TO THE PROPOSED TRANSFER AND BELIEVES MS. POWERS AS AN INSIDER AND THE PROPOSED TRANSACTION DOES NOT SATISFY THE BUSINESS JUDGMENT REQUIREMENT UNDER THE CURRENT FACTUAL RECORD

*1. Creditor Believes Ms. Powers Is In Fact an Insider To this Transaction Given Her Long-Standing Relationship to Debtors, Current Officer Position With VENK and Non-Debtor VENK2 and The Court Should Review This Proposed Transaction With Strict Scrutiny As Ms. Powers Should Not be Considered a Good Faith Purchaser Given Her Position and Complete Lack of Consideration or Value to the Estate.*

What's not discussed or disclosed in the Motion or even Ms. Power's declaration is the fact that Ms. Powers has already been the director of operations for VENK during this entire case, and even before this case was filed. Ms. Powers is identified as a key payroll recipient in the Debtors' Cash Collateral Budget for VENK, and was identified in the schedules as a party who received approximately $17,544.11 pre-petition for "expense reimbursement." (*See*, Dkt. Nos.175, Pg.11/13; Dkt. No.1, SOFA, Part 2, 3.15). Further, Ms. Powers is already identified as an officer/manager of VENK and the Non-Debtor entity VENK2 with the Kentucky Secretary of State. Attached hereto as ***Exhibit A*** and incorporated herein by this reference are copies of the VENK and VENK 2 Annual Reports filed with the Kentucky Secretary of State listing Ms. Powers as a manager/member and/or director of operations. Has Ms. Powers already "purchased" membership interests in VENK 2?

Additionally, there is no discussion or analysis as to why Ms. Powers is deserving of an 80% interest in VENK for no consideration. How did the  parties come to this decision and/or what

justified it?  Here, notwithstanding certain issued touched upon below, the noted Insiders are providing $50,000 for their 20% stake that could translate into a tangible benefit and/or value to the VENK Debtor  There is insufficient evidence to explain or justify this transaction to Ms. Powers, however.  It certainly avoids a traditional sale and possible proceeds to creditors.

Also, if Ms. Powers is already managing VENK andVENK 2 operations, what meaningful value or improvement would there be as to the VENK that could not simply continue under VES's majority ownership?  The Motion and supporting declarations assert the "*purchase*" is intended to "…preserve the going concern value by creating a clearer post-closing ownership and governance platform…" and if not consummated would "…materially impair the Debtors' restructuring strategy…" (See, Dkt.300, Paras 34-35).  How?  The Motion does not explicitly explain side by side how the current management/ownership structure actually impedes or imperil's the Debtors' current going concern beyond conclusory statements, or how operating issues are actually improved by Ms. Powers' new majority ownership.  What is truly improved by VES divesting its 80% interest to Ms. Powers for no consideration to the estate, especially if she's already operating and/or managing VENK, and there would be no change in VENK's present obligations?

Additionally, if Ms. Powers becomes the majority owner of VENK, in essence, leaving VES hollowed out and no other viable entity operating , could she chose a different reorganizational path than that proposed under the Plan, or seek to split from the jointly administered cases?  This proposed change in control of VENK could have significant implications for the case despite Debtor's assertion it creates a "clearer post-closing ownership and governance platform."  How exactly?

To borrower a phrase from Judge Friendly, "the conduct of bankruptcy proceedings not only should be right, but seem right."  *See, In re Ira Haupt & Company*, 361 F.2d 164, 168 (2nd Cir. 1966). Creditor respectfully asserts this proposed "transfer" to Ms. Powers for no consideration does not "seem right" and the Court should treat Ms. Powers as an insider or fiduciary to the Debtors under 11 U.S.C. Section 101(31)(B), (C) or (F) given her operating role as de-facto manager/director of operations designation of record for both VENK and VENK 2,  and heightened scrutiny should be applied to this proposed transaction given Ms. Powers is being given a controlling 80% interest in the only remaining income producing entity for no consideration without any clearly articulated

value or benefit to the estate or creditors and no downside or "skin in the game." Absent additional and substantive information being provided, Creditor respectfully request the Court deny this Motion and any/or any good faith purchaser finding as to Ms. Powers.

**2.      *Creditor Does Not Believe This Proposed Transfer to Ms. Powers For No Consideration Satisfies The Business Judgment Under Present Facts*:**

Creditor understand that Debtors in bankruptcy are given latitude in conducting sales of estate assets outside of the ordinary course of business, but Creditor did not see a case cited by the Debtors where the Court approved a sale of a debtor's majority controlling interest in its only income producing business for absolutely no consideration, and despite an admitted present going concern value, and a liquidation value in excess of $438,847.93. Logic would dictate if the business has a liquidation value of more than $0.00, and an ongoing operations and going concern are meaningful, there should be more value to an 80% interest in the company than $0.00.

Initially, there is no discussion or analysis as to how the parties arrived at this 80% interest in VENK. Why not less, or more by the Insiders who are actually paying for their interest? While the Motion asserts Debtors have evaluated realistic alternatives to this free membership transfer, it does not elaborate on these alternatives in any meaningful way, beyond a short liquidation discussion. There is no information in the Motion that VENK and/or its assets were marked to arm's length non-insider interested parties like that of the Las Vegas location and its assets. Was that done and was there was absolutely no interest in VENK, or was there at least a meaningful offer above $0.00 or the liquidation value to verify this proposed transaction? Absent being provided such evidence to test the assertions made by the Debtor how would parties know the only possibly viable path for VENK is for VES to "give away" an 80% stake for nothing.

The Motion also asserts the membership interests have limited standalone value absent a transaction that preserves VENK's business as a going concern and coordinates the operating issues that allow VENK to keep functioning, but does not actually elaborate or provide an analysis as to these operating issues or how the going concern is preserved or improved for creditors just by virtue of Ms. Power's 80% interest in VENK. (*See*, Dkt. 300, Para 30). She's already operating the VENK entity.

Notwithstanding the fact there may be a federal and/or state (blue sky) securities issue

associated with the proposed sale of a 20% interest in VENK to the Insiders for $50,000 given this sale is not occurring through a confirmed chapter 11 Plan, the Insiders at least appear to be providing consideration that is of tangible benefit to VENK and its continued operations in contrast to Ms. Power's complete lack of consideration. Indeed, these Insiders are guarantors on Creditor's claim and should be subordinating those funds and payment them to Creditor under their Guarantees and Creditor is in no way waiving its rights in this regard and is looking into this option. However, their proposed interest at least demonstrates some understandable if not tangible value to VENK and creditors. The same cannot be said for Ms. Powers.

Also, how exactly would failure of this "transaction "…materially impair the Debtors restructuring strategy" beyond the conclusory statement it would do so. What is it that Debtor is not telling the Court and parties? How is this free transfer supposed to preserve going concern and "…reduce uncertainty regarding future control of VENK?"

The transaction presently before the Court just appears to be a great deal for Ms. Powers, a substantive change in management and control over the 1 viable income producing business, and no tangible benefit to the Debtors' estate or creditors that has been articulated or that Creditor can understand.

Accordingly, Creditor disputes whether optimal value is realized by the estate under these circumstances and the proposed transaction and does not believe the business judgment is met here. This seems both hasty, unsupported and more calculated for reasons not completely disclosed or that only insiders know, and the Creditor respectfully request the Court deny the Motion, or require the Debtor to more properly substantiate the reasons for the 80% interest for no consideration, what is so imperiling here to justify such a transfer for nothing, what is the going concern value and just how exactly is it preserved or improved by this proposed transfer.

### 3. Creditor Respectfully Request The Court Deny Any Waiver of Rule 6004 As There's Simply Been No Evidence for Any Urgency or Cause to This Motion.

Given the unusual issues discussed above and frankly the lack of any urgency articulated for this proposed transaction, Creditor asserts there's no cause to waive 6004 in this instance.

Respectfully submitted.

ALDRIDGE PITE, LLP

- 7 -

Dated: August 5, 2026

/s/ Todd S. Garan
Todd S. Garan (CASB 236878) (Pro Hac Vice)
Richard Samuel Ehlers (NV Bar #9313)
3333 Camino Del Rio South, Suite 225
San Diego, CA 92108
Attorney for Newtek Bank, N.A.

ALDRIDGE PITE, LLP
Richard Samuel Ehlers (NV Bar #9313)
Todd S. Garan (CASB 236787)(Pro Hac Vice)
ALDRIDGE PITE, LLP
9205 West Russell Road
Building 3, Suite 240
Las Vegas, NV 89148
Telephone:  (858) 750-7600
Facsimile: (619) 590-1385

**Mailing Address**:
3333 Camino del Rio South
Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for Creditor
Newtek Bank, N.A.

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re | Bankruptcy Case No. 25-12627-mkn(LEAD) jointly Administered with Case No.: 25-12628-mkn Case No.: 25-12629-mkn Case No.: 25-12630-mkn Case No.: 25-12631-mkn |
| VELOCITY ESPORTS, INC., | |
| Debtor. | |
| | Chapter 11 |
| | **CERTIFICATE OF SERVICE** |

I, <u>Lauren Timby</u> declare that:

I am employed by Aldridge Pite, LLP. My business address is: 3333 Camino Del Rio South, Suite 225, San Diego, CA 92108. I am over the age of eighteen years and not a party to this cause.

On August 5, 2026, I caused the Opposition To Debtors' Motion For Entry Of An Order: (I) Approving Membership Interest Purchase Agreement For Velocity Esports Newport Kentucky, Llc; (Ii) Authorizing Sale And Transfer Of Membership Interests Pursuant To 11

U.S.C. § 363(B); (Iii) Approving Related Membership Interest Assignments, Good-Faith Purchaser Findings And Related Relief; And (Iv) Granting Related Relief to be served on the parties listed herein via electronic means through the Court's CM/ECF system or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

VELOCITY ESPORTS, INC.
NEVADA BANKRUPTCY ATTORNEYS, LLC
5940 S RAINBOW BLVD STE 400 PMB 99721
LAS VEGAS, NV 89118-2507
(VIA US MAIL)

MATTHEW I KNEPPER
NEVADA BANKRUPTCY ATTORNEYS
5940 S. RAINBOW BLVD, STE 400
PMB 99721
LAS VEGAS, NV 89118
mknepper@nvbankruptcyattorneys.com
(VIA ECF System)

U.S. Trustee
Department of Justice
300 Las Vegas Boulevard, SO.
Suite 4300
 Las Vegas, NV 89101
USTPRegion17.LV.ECF@usdoj.gov
(VIA ECF System)

**Creditor's served:**
**(VIA US MAIL)**

4958 West Ponderosa I, LLC
2443 Fillmore St Pmb 289
San Francisco, CA 94115-1814

745 Quaking Aspen, LLC
2443 Fillmore St Pmb 289
San Francisco, CA 94115-1814

Bevilacqua PLLC
1050 Connecticut Ave Nw Ste 500
Washington, DC 20036-5304

Cottle & Cottle, Ltd.
1160 S Michigan Ave Apt 3002
Chicago, IL 60605-3047

Guardian
10 Hudson Yards
New York, NY 10001-2157

LP Consulting
3838 N Kenneth Ave
Chicago, IL 60641-2814

MICHAEL MAJOR COLLECTIONS OFFICER
P.O. BOX 4505
BURLINGTON, VT 05406-4505

Pawnee Leasing Corporation
1650 W College Dr # 104
Marshall, MN 56258-1689

4958 West Ponderosa I, LLC
3838 N Kenneth Ave
Chicago, IL 60641-2814

Advantage Leasing Corporation
13400 Bishops Ln Ste 280
Brookfield, WI 53005-6237

Blue Cross and Blue Shield of Illinois
Po Box 655924
Dallas, TX 75265-5924

D & H Lawn Irrigation, Inc.
17144 Oketo Ave.
Tinley Park, IL 60477-2632

H. Betti Industries, Inc.
303 Paterson Plank Rd
Carlstadt, NJ 07072-2307

Leonard R Wanger 2018 Fam. Irrevoc. Per. Tru
Attn Morris M. Cottle
1160 S Michigan Ave Apt 3002
Chicago, IL 60605-3047

NewtekOne
4800 T Rex Ave
Boca Raton, FL 33431-4479

Philip N Kaplan
2443 Fillmore St # 289 Pmb 289
San Francisco, CA 94115-1814

4940 West Ponderosa, LLC
2443 Fillmore St Pmb 289

**CERTIFICATE OF SERVICE**

San Francisco, CA 94115-1814


4958 West Ponderosa II, LLC
3838 N Kenneth Ave
Chicago, IL 60641-2814

Averus USA, Inc.
3851 Clearview Ct
Gurnee, IL 60031-1247

Chase Bank
Attn: Bankruptcy Dept.
Po Box 15299
Wilmington, DE 19850-5299

Fortune 5 Capital, LLC
3045 S Archibald Ave # H-507
Ontario, CA 91761-9001

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Leonard Wanger
3838 N Kenneth Ave
Chicago, IL 60641-2814

North Star Leasing
Po Box 4505
Burlington, VT 05406-4505

Philip N Kaplan
2443 Fillmore St #289
San Francisco, CA 94115-1814

Philip N Kaplan Sep Prop Trust
3838 N Kenneth Ave
Chicago, IL 60641-2814

Ralph Wanger Trust
3838 N Kenneth Ave
Chicago, IL 60641-2814

TASC
2302 International Ln
Madison, WI 53704-3136

Thompson Coburn, LLP
55 E Monroe St Fl 37

**CERTIFICATE OF SERVICE**

Chicago, IL 60603-6029


UKG Inc.
Attn Legal Department
900 Chelmsford St
Lowell, MA 01851-8100

VELOCITY ESPORTS NEWPORT KENTUCKY, LLC
1 Levee Way Ste 2130
Newport, KY 41071-1658

Philip N Kaplan Separate Property Trust
3838 N Kenneth Ave
Chicago, IL 60641-2814

Restaurant Technologies Inc
2250 Pilot Knob Rd
Saint Paul, MN 55120-1127

The LRW Revocable Trust, dated 3/9/2012
3838 N Kenneth Ave
Chicago, IL 60641-2814

Schroeder Architects
211 Perimeter Center Pkwy Ne Ste 350
Atlanta, GA 30346-1315

/s/ Lauren Timby

**CERTIFICATE OF SERVICE**