Matthew I. Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
*Attorneys for Plaintiffs/Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>         Debtors. | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME FOR A HEARING ON JOINT MOTION OF DEBTORS AND NOTL PROPERTY OWNER LLC FOR ENTRY OF ORDER AUTHORIZING ASSUMPTION OF NONRESIDENTIAL REAL PROPERTY LEASE AS AMENDED BY SECOND AMENDMENT TO LEASE; APPROVING CURE AND ARREARAGE TREATMENT; AND GRANTING RELATED RELIEF** |

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this *Ex Parte Application for an Order Shortening Time for a Hearing* (the "Application") on the *Joint Motion of Debtors and NOTL Property Owner LLC for Entry of Order Authorizing Assumption of Nonresidential Real Property Lease as Amended by Second Amendment to Lease; Approving Cure and Arrearage Treatment; and Granting Related Relief* (the "Assumption Motion"), filed concurrently herewith.

The Application is supported by the *Declaration of Philip N. Kaplan in Support of Debtors' Ex Parte Application for an Order Shortening Time for a Hearing on the Assumption Motion* (the "Kaplan OST Declaration"), filed concurrently herewith; the Assumption Motion and the declaration and exhibits filed in

support thereof; the accompanying Attorney Information Sheet for Proposed Order Shortening Time; and the record in the Chapter 11 Cases.

By this Application, the Debtors respectfully request that the Court enter an order: (i) setting the Assumption Motion for hearing on August 12, 2026, at 11:00 a.m.; (ii) reserving approximately fifteen (15) to twenty (20) minutes for the hearing; (iii) setting August 5, 2026, as the deadline to file and serve any objection or opposition to the Assumption Motion; (iv) setting August 10, 2026, as the deadline for the Debtors to file and serve any response to an objection or opposition; (v) directing the Debtors to provide notice of the hearing and the Assumption Motion in the manner described below; and (vi) granting such other and further relief as the Court deems just and proper.

## I.    BACKGROUND

1. On May 7, 2025 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered under Case No. 25-12627-mkn.

3. Velocity Esports Newport Kentucky, LLC ("VES Newport") operates the Debtors' entertainment venue at Newport on the Levee in Newport, Kentucky. On February 16, 2022, NOTL Property Owner LLC ("NOTL" or "Landlord") and VES Newport entered into that certain Standard Commercial Shopping Center Lease for the Newport premises (the "Lease"), and Velocity Esports, Inc. ("VES Inc.") guaranteed VES Newport's obligations under the Lease.

4. On December 21, 2022, NOTL, VES Newport, and VES Inc. entered into a First Amendment to Lease, which expanded the leased premises and extended the lease term. The Lease, as amended by the First Amendment, concerns approximately 49,805 rentable square feet at Newport on the Levee.

5. Throughout the Chapter 11 Cases, VES Newport and NOTL have remained in communication and have negotiated concerning the treatment of the Lease, payment of rent, amendment of lease terms, preservation of operations, and cure or repayment of arrearages. VES Newport also has continued making payments to NOTL during the Chapter 11 Cases.

6.     The parties have reconciled and agreed, for purposes of the proposed Second Amendment to Lease (the "Second Amendment"), that VES Newport is delinquent in rent through April 30, 2026, in the amount of $775,445.88. They negotiated the Second Amendment to resolve that arrearage and preserve the Newport location as an operating venue.

7.     Under the Second Amendment, VES Newport will make a $50,000.00 amendment repayment, consisting of $25,000.00 payable within two (2) business days after entry of an order granting the Assumption Motion and an additional $25,000.00 payable on or before September 15, 2026. VES Newport also will pay an additional $175,000.00 over eighty-four (84) months, subject to the terms of the Second Amendment.

8.     Provided VES Newport is not in default, NOTL has agreed to cancel and fully abate the balance of the outstanding arrearage after credit for those payments. The Second Amendment also adjusts the minimum and percentage rent terms, extends the lease term through December 31, 2033, and addresses transfer rights and the continued and conditional treatment of VES Inc.'s guaranty.

9.     By the Assumption Motion, the Debtors and NOTL jointly seek entry of an order authorizing assumption of the Lease as amended by the Second Amendment, approving the negotiated cure, repayment, and arrearage treatment, and granting related relief under section 365 of the Bankruptcy Code and, to the extent applicable, Bankruptcy Rule 9019.

10.     The Newport venue is one of the Debtors' principal remaining operating locations and is a material component of the Debtors' restructuring efforts. Preservation of the Newport venue supports going-concern value, employee and vendor continuity, customer relationships, equipment value, and plan feasibility.

11.     Court approval of the Assumption Motion is necessary to implement the Second Amendment and will trigger the first $25,000.00 installment of the amendment repayment. Until the Assumption Motion is adjudicated, uncertainty will remain regarding the status of the Lease, the agreed cure and repayment structure, and the Debtors' ongoing obligations at the Newport premises.

12.     Unnecessary delay may complicate the Debtors' operations and restructuring efforts, increase administrative expense, and require the Debtors and NOTL to reevaluate the agreed payment schedule or

other terms of their consensual resolution. Delay also may impair the value-preserving benefits of maintaining the Newport venue as a going concern.

13.     The proposed lease assumption and Second Amendment are intended to be considered and implemented in coordination with the Debtors' pending plan and disclosure-statement process. The hearing concerning confirmation of the Debtors' plan and approval of the related disclosure statement is presently scheduled for September 15, 2026.

14.     The Court is presently scheduled to hear other matters in the Chapter 11 Cases on August 12, 2026, at 11:00 a.m. Setting the Assumption Motion for hearing at the same date and time will promote judicial and administrative efficiency, reduce duplicative appearances and expense, and permit the Court and parties in interest to address related restructuring matters on a coordinated record.

15.     For purposes of Local Rule 9006, the Debtors identify September 15, 2026—the date by which the second $25,000.00 installment of the amendment repayment is due and the date presently scheduled for the plan-confirmation and disclosure-statement hearing—as the date after which the practical utility of expedited relief may be materially diminished. The Debtors estimate that the hearing on the Assumption Motion will require approximately fifteen (15) to twenty (20) minutes, exclusive of any additional time the Court may determine is necessary to address objections, testimony, or evidentiary matters.

## II.     ARGUMENT

### A.  The Court May Shorten the Applicable Notice and Hearing Periods for Cause.

Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure provides that, except as otherwise provided, when an act must or may be done within a specified period prescribed by the Bankruptcy Rules, a notice, or an order of the Court, "the court may, for cause, reduce the period—with or without motion or notice." Fed. R. Bankr. P. 9006(c)(1). Bankruptcy Rule 9006(d) further permits an application to shorten time to be heard ex parte.

Consistent with Bankruptcy Rule 9006, Local Rule 9006 authorizes the Court to shorten the time for notice and hearing where the applicant establishes facts and circumstances demonstrating cause for expedited relief. Courts recognize that Bankruptcy Rule 9006(c) permits a bankruptcy court, for cause shown

and in its discretion, to reduce an otherwise applicable notice period. *See Hester v. NCNB Tex. Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990); *see also* 10 Collier on Bankruptcy ¶ 9006.09.

**B.      Cause Exists to Hear the Assumption Motion on Shortened Time.**

Cause exists to hear the Assumption Motion on shortened time because prompt adjudication is needed to implement a consensual lease amendment and cure structure that preserves one of the Debtors' principal operating venues and is material to the Debtors' restructuring.

The Lease is location-specific and central to the continued operation of the Newport venue. Until the Assumption Motion is adjudicated, uncertainty will remain concerning the Lease, the agreed cure and repayment structure, the amended rent terms, and the Debtors' ability to preserve the Newport operation as a going concern. That uncertainty may increase administrative expense, complicate the Debtors' restructuring efforts, and impair plan feasibility and estate value.

The Assumption Motion is a joint and consensual request by the Debtors and NOTL. Court approval is necessary to implement the Second Amendment and will trigger the first $25,000.00 installment of the amendment repayment. The agreed payment timetable, the September 15, 2026 payment and plan milestones, and the parties' interest in promptly resolving the Lease support consideration of the Assumption Motion on the requested schedule.

An expedited hearing on August 12, 2026, will permit the Court and parties in interest to address the Assumption Motion while the negotiated resolution remains capable of timely implementation. By contrast, requiring the Debtors to await a later hearing date may prolong uncertainty, increase administrative expense, and diminish the practical value of the agreed lease resolution. Accordingly, cause exists to hear the Assumption Motion on shortened time.

**C.      The Requested Shortening of Time Hearing Will Promote Judicial and Administrative Efficiency.**

The Court is already scheduled to hear other matters in the Chapter 11 Cases on August 12, 2026, at 11:00 a.m. The Assumption Motion concerns the Newport venue and bears directly on the Debtors' ongoing operations and restructuring. Setting the Assumption Motion at the same date and time will reduce duplicative appearances, permit the Court and parties to address related matters with the benefit of a

coordinated factual record, conserve judicial and estate resources, and avoid unnecessary administrative expense without compromising the proposed objection period.

**D.    The Requested Shortening of Time Will Not Unduly Prejudice Parties in Interest.**

The requested schedule will not deprive any party in interest of due process or a meaningful opportunity to be heard. Upon entry of an order granting this Application, the Debtors will serve the entered order shortening time, the Assumption Motion, the declarations and exhibits filed in support thereof, the proposed order approving the Assumption Motion, and the notice of hearing by the most expeditious means reasonably available.

The proposed schedule affords parties in interest through August 5, 2026, to file and serve any objection or opposition and affords the Debtors through August 10, 2026, to file and serve any response. The Court will retain discretion to consider any objection, permit argument or evidence, or continue the hearing if additional process is necessary.

The Debtors will provide particularized notice to the parties whose rights may be directly affected by the requested relief, including NOTL and its counsel, the Office of the United States Trustee, Newtek Bank, N.A. and its counsel, all known secured creditors and alleged lienholders, all parties asserting an interest in the Lease, the Newport premises, the cure or arrearage treatment, or the proposed Second Amendment, and all other material counterparties.

The Assumption Motion describes the material terms of the proposed Second Amendment and the negotiated cure and repayment structure and will be served with the supporting declaration and exhibits. The requested schedule therefore appropriately balances the time-sensitive and consensual nature of the proposed lease resolution with the due-process rights of all parties in interest.

## III.    NOTICE

Pursuant to Local Rule 9006, Debtors' counsel has contacted, or will contact before filing, the parties identified in the Attorney Information Sheet for Proposed Order Shortening Time and will disclose each contacted party's position concerning the requested shortening of time.

Upon entry of an order granting this Application, the Debtors will serve the order shortening time, the Assumption Motion and supporting papers, the proposed order approving the Assumption Motion, and the notice of hearing upon: the Office of the United States Trustee for the District of Nevada; NOTL and its

counsel; Newtek Bank, N.A. and its counsel; all known secured creditors, alleged lienholders, equipment lenders and lessors, and parties asserting rights concerning the Lease, the Newport premises, or the cure and arrearage treatment; all parties that have requested notice; the Debtors' twenty largest unsecured creditors, to the extent required and not otherwise included; all creditors and equity security holders entitled to notice under Bankruptcy Rule 2002; and such other parties as may be required by applicable law or further order of the Court.

Service will be made by CM/ECF, electronic mail, overnight delivery, hand delivery, first-class mail, or another method reasonably calculated to provide the most expeditious practicable notice under the circumstances.

The Debtors submit that the foregoing notice is adequate and appropriate under the circumstances and that no other or further notice should be required.

**IV.    CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) granting this Application; (ii) setting the Assumption Motion for hearing on August 12, 2026, at 11:00 a.m.; (iii) reserving approximately fifteen (15) to twenty (20) minutes for the hearing; (iv) setting August 5, 2026, as the deadline to file and serve any objection or opposition; (v) setting August 10, 2026, as the deadline for the Debtors to file and serve any response; (vi) approving the form, manner, and scope of notice described herein and directing service by the most expeditious means reasonably available; and (vii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted on July 20, 2026, by:

By: /s/ Matthew Knepper, Esq.
Matthew Knepper, Esq.
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorney for Debtors*