Matthew I. Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
*Attorneys for Plaintiffs/Debtors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>                Debtors. | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**DECLARATION OF PHIL KAPLAN IN SUPPORT OF THE EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON JOINT MOTION OF DEBTORS AND NOTL PROPERTY OWNER LLC FOR ENTRY OF ORDER AUTHORIZING ASSUMPTION OF NONRESIDENTIAL REAL PROPERTY LEASE AS AMENDED BY SECOND AMENDMENT TO LEASE; APPROVING CURE AND ARREARAGE TREATMENT; AND GRANTING RELATED RELIEF** |

I, Philip Kaplan, declare as follows:

1.     I am the Chief Executive Officer of Velocity Esports, Inc. ("Velocity") and am authorized to submit this declaration on behalf of Velocity and Velocity Esports Newport Kentucky, LLC ("Velocity Newport" and, together with Velocity, the "Debtors"). I have personal knowledge of the facts set forth herein, except as to matters stated on information and belief, and, as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters stated herein.

2.    I submit this declaration in support of the *Debtors' Ex Parte Application for an Order Shortening Time for a Hearing on Joint Motion of Debtors and NOTL Property Owner LLC for Entry of Order Authorizing Assumption of Nonresidential Real Property Lease as Amended by Second Amendment to Lease; Approving Cure and Arrearage Treatment; and Granting Related Relief* (the "OST Application").

3.    The Debtors and NOTL Property Owner LLC ("NOTL") have filed the *Joint Motion of Debtors and NOTL Property Owner LLC for Entry of Order Authorizing Assumption of Nonresidential Real Property Lease as Amended by Second Amendment to Lease; Approving Cure and Arrearage Treatment; and Granting Related Relief* [ECF No. ___] (the "Lease Assumption Motion").

4.    Through the Lease Assumption Motion, the Debtors and NOTL seek approval of the Debtors' assumption of the nonresidential real property lease relating to the Debtors' Newport, Kentucky location, as amended by the Second Amendment to Lease, together with approval of the agreed cure and arrearage treatment and related relief.

5.    The Newport location is an important component of the Debtors' ongoing business operations, enterprise value, and restructuring efforts. Continued access to and operation of the Newport premises are important to preserving the value of the Debtors' business and supporting the Debtors' efforts to reorganize as a going concern.

6.    Prompt consideration of the Lease Assumption Motion will provide greater certainty regarding the Debtors' continued occupancy and operation of the Newport premises and the treatment of amounts owing under the lease. It will also permit the Debtors to proceed with their restructuring efforts and related financial and operational planning with greater certainty.

7.    The relief requested in the Lease Assumption Motion is consensual as between the Debtors and NOTL. The requested assumption, cure treatment, and related obligations are the product of negotiations between the parties and are intended to resolve issues concerning the lease and the Debtors' continued occupancy of the Newport premises.

8.    The Debtors request that the Lease Assumption Motion be heard on August 12, 2026, at 11:00 a.m., with objections due on August 5, 2026, and any response or reply in support of the Lease Assumption Motion due on August 10, 2026.

9.      The requested schedule provides parties in interest with a reasonable opportunity to review and respond to the Lease Assumption Motion while allowing the Court to consider the requested relief promptly.

10.      I understand that other matters in the Debtors' jointly administered chapter 11 cases are scheduled to be heard on August 12, 2026. Hearing the Lease Assumption Motion on the same date will promote judicial and administrative efficiency and may reduce the time and expense associated with conducting a separate hearing.

11.      I anticipate that the hearing on the Lease Assumption Motion will require approximately fifteen to twenty minutes.

12.      Based on the importance of the Newport premises to the Debtors' continued operations and restructuring efforts, the consensual nature of the requested relief, the need for prompt certainty regarding the lease, and the efficiencies associated with hearing the matter alongside other matters already scheduled for August 12, 2026, I believe that cause exists to hear the Lease Assumption Motion on shortened time.

13.      Accordingly, I respectfully request that the Court grant the OST Application and set the Lease Assumption Motion for hearing on August 12, 2026, at 11:00 a.m., with objections due on August 5, 2026, and any response or reply in support of the Lease Assumption Motion due on August 10, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 31 day of July, 2026

By:      /s/ *Philip Kaplan*
         Philip Kaplan
         *Chief Executive Officer and*
         *Chairman of the Board*
         *Velocity Esports, Inc.*