**MATTHEW I. KNEPPER, ESQ.**
Nevada Bar No. 12796
**NEVADA BANKRUPTCY ATTORNEYS LLC**
5940 S. Rainbow Blvd., Suite 400
PMB 99721
Las Vegas, Nevada 89118
Telephone: (702) 660-4228
Facsimile: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com

*Counsel for Jointly Administered Debtors*

|  |  |
|---|---|
| In re | Case No.: BKS-25-12627-mkn |
|  | Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn |
| VELOCITY ESPORTS, INC., |  |
|  | Chapter 11 |
| ☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>■ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>☐ Affects All Debtors | **SUPPLEMENTAL DECLARATION OF LEONARD R. WANGER IN SUPPORT OF DEBTORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER (I) APPROVING MEMBERSHIP INTEREST PURCHASE AGREEMENT FOR VELOCITY ESPORTS NEWPORT KENTUCKY, LLC; (II) AUTHORIZING SALE AND TRANSFER OF MEMBERSHIP INTERESTS PURSUANT TO 11 U.S.C. § 363(b); AND (III) GRANTING RELATED RELIEF** |
| Debtors. |  |

| Date of Hearing: | **August 12, 2026** |
|---|---|
| Time of Hearing: | **11:00 a.m.** |
| Dial-In Number: | **(833) 435-1820** |
| Meeting ID: | **161 062 2560** |
| Access Code/Passcode: | **029066** |

1

1. I am over the age of eighteen and am competent to testify to the matters stated in this declaration. I make this declaration from personal knowledge. If called, I could and would testify competently.

2. I am President of Velocity Esports, Inc. and have been involved in product, technology, human-resources, and operational matters concerning the Newport venue and the Debtors' restructuring.

3. I am the trustee or authorized representative of the LRW Revocable Trust, one of the proposed Insider Bid Parties under the MIPA.

4. I have reviewed Newtek's Opposition at ECF No. 327 and understand that it questions the consideration and rationale for the proposed 10% transfers to April Mountain Properties, LLC and the LRW Revocable Trust.

5. Any proposed transfer of a 10% membership interest to the LRW Revocable Trust is subject to Bankruptcy Court approval and will become effective only upon entry of a Sale Order expressly approving that transfer. Upon effectiveness of the transfer, the Trust will hold the economic and governance rights associated with that 10% interest under the amended operating agreement.

6. The LRW Revocable Trust is not contributing incremental cash in exchange for its proposed 10% interest. Its monetary commitment is the separately disclosed $386,454.00 contribution from restricted Merrill Lynch accounts, subject to Court authorization, as part of the broader Plan implementation funding. Kaplan, rather than the LRW Revocable Trust, will fund the $50,000.00 initial payment under the proposed NOTL Second Amendment from his separate $343,103.00 commitment.

7. The $386,454.00 commitment remains a voluntary Plan-support contribution. The proposed 10% allocation rests on the governance and restructuring structure described in the MIPA and the opening Motion, subject to separate Court approval. The contribution is not a credit bid, payment on an insider claim, guaranty satisfaction, or dollar-for-dollar purchase price for the proposed 10% interest.

2

8. The LRW Revocable Trust will contribute no amount beyond the $386,454.00 commitment and will seek no repayment or reimbursement from VES Inc. or VES Newport on account of that contribution.

9. The proposed 10% interest is a conditional minority governance and transition allocation within the integrated restructuring. It reflects the Trust's previously disclosed Plan-support contribution and continuing operational and restructuring support. The interest carries minority rights and risks distinct from Powers' majority interest, and the structure does not assign a uniform per-percentage-point cash value to Newport equity.

10. I have no undisclosed agreement with Powers, Kaplan, April Mountain Properties, LLC, NOTL, or any creditor to suppress bidding, control price, conceal consideration, or allocate value outside the MIPA and related disclosed documents.

11. The LRW Revocable Trust has no no-shop right, break-up fee, expense reimbursement, topping fee, or other bid protection and will not interfere with a higher or better executable proposal.

12. If the Court finds the record insufficient as to the proposed minority interests, I consent to those transfers being reserved, conditioned, or denied without prejudice while the Court considers any otherwise approvable portion of the MIPA. The Powers transfer is not intended to depend on the LRW Revocable Trust receiving its proposed minority interest unless the final MIPA or Sale Order expressly provides otherwise.

13. Nothing in the MIPA or the proposed minority transfer releases, satisfies, impairs, or modifies any guaranty obligation or other nondebtor right Newtek may assert against me or the LRW Revocable Trust, subject to all defenses and applicable orders.

/ / /

14. I am willing to appear and testify regarding the Trust's authority, Plan-support contribution, funding source, relationships, continuing restructuring support, and the purpose of the proposed minority transfer. The Trust will comply with applicable federal and state securities laws, the investment representations and transfer restrictions in the final MIPA, and any conditions imposed by the Sale Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: August 10, 2026.

By: s/ *Leonard R. Wanger*
Leonard R. Wanger, individually and
as Trustee of the LRW Revocable Trust