Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re

VELOCITY ESPORTS, INC.,

☐ Affects Velocity Esports, Inc.
☐ Affects Velocity Esports Las Vegas Town Square, LLC
☐ Affects Velocity Esports Chicago Schaumburg, LLC
■ Affects Velocity Esports Newport Kentucky, LLC
☐ Affects Velocity Esports Orlando Downtown, LLC
☐ Affects All Debtors

Debtor(s).

Case No.: 25-12627-mkn

Jointly Administered with
Case No. 25-12628-mkn
Case No. 25-12629-mkn
Case No. 25-12630-mkn
Case No. 25-12631-mkn

Chapter 11

**AGREED ORDER GRANTING JOINT MOTION TO ASSUME NOTL LEASE AS AMENDED [ECF 299]; APPROVING CURE AND ARREARAGE TREATMENT; AND GRANTING RELATED RELIEF**

Hearing Date: August 12, 2026
Hearing Time: 11:00 a.m.

Upon consideration of the Joint Motion of Debtors and NOTL Property Owner LLC for Entry of Order Authorizing Assumption of Nonresidential Real Property Lease as Amended by Second Amendment to Lease; Approving Cure and Arrearage Treatment; and Granting Related Relief [ECF 299] (the "Motion"), the Declaration of Philip N. Kaplan filed in support of the Motion, the exhibits attached to the Motion, the record in these jointly administered Chapter 11 cases, and the statements and

representations of counsel at the hearing, if any; and the Court having jurisdiction under 28 U.S.C. §§ 157 and 1334; and venue being proper under 28 U.S.C. §§ 1408 and 1409; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and due and sufficient notice of the Motion and the opportunity for a hearing having been provided under the circumstances; and the Court having determined that no other or further notice is required; and the Court having found that the relief requested is supported by the record, represents a sound exercise of the Debtors' business judgment, and is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing,

## I. FINDINGS OF FACT

1. The Motion is granted in its entirety as provided in this Order.

2. Velocity Esports Newport Kentucky, LLC ("VES Newport" or "Tenant") and NOTL Property Owner LLC ("NOTL" or "Landlord") are parties to that certain Standard Commercial Shopping Center Lease dated February 16, 2022, as amended by the First Amendment to Lease dated December 21, 2022 (collectively, the "Lease"), concerning approximately 49,805 square feet at Newport on the Levee in Newport, Kentucky. Pursuant to a Guaranty executed by Velocity Esports, Inc. ("VES Inc." or "Guarantor") which was attached to the Lease as Exhibit E, Guarantor guaranteed Tenant's obligations under the Lease.

3. The Second Amendment to Lease attached as Exhibit 3 to the Motion (the "Second Amendment") was negotiated at arm's length and resolves the parties' treatment of asserted rent arrearages. As a condition to the Landlord’s agreement to enter into the Second Amendment, the Guarantor has agreed that its obligations under the Guaranty and the Lease remain in full force and effect except as modified by the Second Amendment. The assumption of the Lease, as amended, enables VES Newport's continued operation at the premises.

4. Assumption of the Lease as amended by the Second Amendment is a sound exercise of the Debtors' business judgment because the Newport location is a material operating venue, continued occupancy preserves going-concern value, and the negotiated lease terms support the Debtors' restructuring and plan feasibility.

5. The negotiated cure, repayment, and arrearage treatment in the Second Amendment satisfies 11 U.S.C. § 365(b)(1). The source of rent and other consideration, the preservation of the Lease's use and shopping-center provisions, and the absence of any disruption to tenant mix or balance provide adequate assurance under 11 U.S.C. § 365(b)(3).

6. NOTL has affirmatively consented to and joins in the requested assumption of the Lease as amended by the Second Amendment, has waived any objection based upon the timing provisions of 11 U.S.C. § 365(d)(4), and has not sought surrender of the Premises. Based upon the consensual record presented, the reasons stated in the Motion, and the absence of any objection, the Court finds that VES Newport may assume the Lease as amended by the Second Amendment.

7. To the extent the Second Amendment compromises disputes concerning cure, arrearages, lease treatment, claims, or related rights, the compromise is fair, equitable, reasonable, and within the range of reasonableness under Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019.

## II. CONCLUSIONS OF LAW

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** in its entirety**.**

**IT IS FURTHER ORDERED** that under 11 U.S.C. §§ 365(a), 365(b)(1), 365(b)(3), 1107(a), and 1108, VES Newport is authorized to assume, and hereby assumes, the Lease as amended by the Second Amendment;

**IT IS FURTHER ORDERED** that, as a condition to NOTL's and VES Newport's agreement to enter into the Second Amendment and assumption of the Lease as amended by the Second Amendment, VES Inc.'s obligations under the Guaranty are not discharged and remain in full force and effect except

as modified by the Second Amendment, which VES Inc. is authorized to execute, and that VES Inc. shall remain bound by the Guaranty and the Lease, as amended by the Second Amendment, notwithstanding any discharges which may be imposed by the Bankruptcy Code, a Plan of Reorganization, an order confirming a Plan of Reorganization, or any other order entered by this Court, except as may be agreed to by NOTL, VES Newport and VES Inc. in writing;

**IT IS FURTHER ORDERED** that the Second Amendment is approved in all respects and is binding and enforceable against VES Newport, VES Inc., NOTL, the Debtors, their estates, and their respective successors and assigns;

**IT IS FURTHER ORDERED** that for purposes of the Second Amendment and this Order, the parties' agreed delinquent Rent through April 30, 2026 is fixed at $775,445.88 (the "Outstanding Rent"). The cure and treatment of the Outstanding Rent shall be governed exclusively by the Second Amendment;

**IT IS FURTHER ORDERED** that the cure and adequate-assurance requirements of 11 U.S.C. § 365(b)(1) and the shopping-center requirements of 11 U.S.C. § 365(b)(3) are satisfied by the Second Amendment, the ongoing Newport operations, and the supporting sources of funding described in the Motion and Kaplan Declaration;

**IT IS FURTHER ORDERED** that to the extent approval under Federal Rule of Bankruptcy Procedure 9019 is necessary, the compromise embodied in the Second Amendment is approved. The parties are authorized to execute all documents and take all actions reasonably necessary to implement the Second Amendment and this Order;

**IT IS FURTHER ORDERED** that the Lease, as amended by the Second Amendment, remains unchanged and in full force and effect;

**IT IS FURTHER ORDERED** that no objection to the Motion was filed or asserted at the hearing; and

/ / /

**IT IS FURTHER ORDERED** that this Order is effective immediately upon entry.

**IT IS SO ORDERED.**

Submitted on August 13, 2026 by:

**NEVADA BANKRUPTCY ATTORNEYS, LLC**
/s/ Matthew I. Knepper, Esq.
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
*Attorneys for Debtors*

**LOCAL RULE 9021 CERTIFICATION**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒ The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

*/s/ Matthew I. Knepper, Esq.*
Matthew I. Knepper, Esq.