Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re

VELOCITY ESPORTS, INC.,

☐ Affects Velocity Esports, Inc.
☐ Affects Velocity Esports Las Vegas Town Square, LLC
☐ Affects Velocity Esports Chicago Schaumburg, LLC
☐ Affects Velocity Esports Newport Kentucky, LLC
☐ Affects Velocity Esports Orlando Downtown, LLC
■ Affects All Debtors

Debtor(s).

Case No.: 25-12627-mkn

Jointly Administered with
Case No. 25-12628-mkn
Case No. 25-12629-mkn
Case No. 25-12630-mkn
Case No. 25-12631-mkn

Chapter 11

**NEVADA BANKRUPTCY ATTORNEYS, LLC'S FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD ENDING JULY 9, 2026 [ECF NO. 302]**

Hearing Date: August 12, 2026
Hearing Time: 11:00 a.m.

The Court considered Nevada Bankruptcy Attorneys, LLC's First Interim Application for Compensation and Reimbursement of Expenses for the Interim Fee Period Ending July 9, 2026 (the "Application") [ECF No. 302], the Declaration of Matthew I. Knepper [ECF No. 303], the supporting exhibits, the Notice of Voluntary Reduction in Fees Requested [ECF No. 324], the

record in these jointly administered Chapter 11 cases, and the arguments and representations made at the August 12, 2026 hearing.

The Court finds that notice of the Application was sufficient; that Nevada Bankruptcy Attorneys, LLC ("NBA") is employed under 11 U.S.C. § 327(a) pursuant to the Amended Order Granting Application for Order Authorizing Retention and Employment of Nevada Bankruptcy Attorneys, LLC as Debtors' Counsel [ECF No. 109]; that the postpetition services were actual, necessary, and reasonably likely to benefit the Debtors and their estates when rendered; that the May 1 through May 7, 2025 services were fully disclosed and reasonable under 11 U.S.C. § 329 and Bankruptcy Rule 2016(b); and that the requested expenses were actual and necessary.

The Court further finds that, following discussions concerning the United States Trustee's concerns regarding duplicate time entries, clerical tasks, block billing, and vague entries, NBA voluntarily reduced the professional fees requested by $4,463.55, resulting in an aggregate professional-fee request of $373,249.45. The Court further finds that the Application, as modified by ECF No. 324, is unopposed. At the hearing, the United States Trustee advised the Court that it had no further comments beyond the agreed voluntary reduction, and no other appearing party objected to the Application.

**IT IS HEREBY ORDERED** that the Application, as modified by the Notice of Voluntary Reduction in Fees Requested [ECF No. 324], is GRANTED as set forth in this Order;

**IT IS FURTHER ORDERED** that NBA is allowed, on an interim basis, professional fees in the amount of $363,170.95 for services rendered during the compensable postpetition period of May 8, 2025 through July 9, 2026;

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 329, the Court approves professional fees in the amount of $10,078.50 for services rendered from May 1 through May 7, 2025, as disclosed and itemized in Exhibit B to the supporting declaration;

**IT IS FURTHER ORDERED** that NBA is allowed, on an interim basis, reimbursement of actual and necessary expenses in the amount of $2,286.70;

**IT IS FURTHER ORDERED** that the total compensation and reimbursement approved under this Order, after giving effect to the $4,463.55 voluntary reduction reflected at ECF No. 324, is $375,536.15, consisting of $373,249.45 in professional fees and $2,286.70 in reimbursement of actual and necessary expenses;

**IT IS FURTHER ORDERED** that the Debtors are authorized to pay the amounts approved by this Order from lawfully available funds, subject to applicable cash-collateral orders, other orders of this Court, and any separate order governing the source of payment;

**IT IS FURTHER ORDERED** that, except for the $10,078.50 approved for May 1 through May 7, 2025, no other unpaid prepetition compensation is allowed by this Order. This Order is without prejudice to a later application concerning services expressly reserved from the current request, including Newport approval-motion practice and Plan, Disclosure Statement, solicitation, and confirmation work;

**IT IS FURTHER ORDERED** that the allowance granted herein is interim and remains subject to review, adjustment, reallocation, and, if appropriate, disgorgement in connection with NBA's final fee application or further order of this Court;

**IT IS FURTHER ORDERED** that the United States Trustee's rights under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and applicable fee guidelines are expressly reserved with respect to any additional, supplemental, or final fee application, including the right to object to or otherwise challenge compensation or reimbursement sought therein;

**IT IS FURTHER ORDERED** that the terms of this Order shall be immediately effective and enforceable upon entry; and

/ / /

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to interpret and enforce this Order.

**IT IS SO ORDERED.**

Respectfully submitted on August 14, 2026 by:

**NEVADA BANKRUPTCY ATTORNEYS, LLC**

*By: /s/ Matthew I. Knepper*
Matthew I. Knepper, Esq.
Attorney for Debtors

**<u>LOCAL RULE 9021 CERTIFICATION</u>**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Justin Valencia, Esq. (Counsel for United States Trustee): Approved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

Submitted on August 14, 2026 by:

<u>s/ Matthew I. Knepper</u>
Matthew I. Knepper