Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Counsel for 434 N.*
*Orange Investment, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VELOCITY ESPORTS, INC.,<br><br>□ Affects Velocity Esports, Inc.<br>□ Affects Velocity Esports Las Vegas Town Square, LLC<br>□ Affects Velocity Esports Chicago Schaumburg, LLC<br>□ Affects Velocity Esports Newport Kentucky, LLC<br>□ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors | Case No. 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>Hearing<br>Date: September 15, 2026<br>Time: 9:30 am |

**OBJECTION TO PLAN CONFIRMATION**

Comes now the 434 N. Orange Investment, LLC ("434 N. Orange"), by and through undersigned counsel, and objects to confirmation of the plan of reorganization (the "Plan"), ECF No. #284, filed by the debtors herein (the "Debtors"), and states as follows:

434 N. Orange joins in the objection to confirmation filed by Woodfield Mall LLC, ECF No. 338, and adopts—by reference—each argument and contention set forth therein. 434 N. Orange additionally objects to confirmation on the following three grounds: (i) the Plan is not feasible; (ii) the Plan is founded upon a fraudulent conveyance and, as such, not proposed in good

faith; and (iii) the Plan does not allow 434 N. Orange to receive as much as it would under a hypothetical chapter 7 liquidation.

Concerning feasibility: the Plan proposes to pay class 6 in full, over 20 years. *See* Plan, ECF No. 284, at § 3.8.2.1. Yet the Plan does not provide any mechanism through which to make these payments. The Debtors are required to show "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). Yet the Debtors plainly do not do so here, instead committing to a long-term payment obligation without a cogent correlative funding source.

The second issue is a proposed fraudulent conveyance. It appears the Debtors intend to pay administrative expenses through a contribution from a revocable trust for the benefit of Leonard R. Wanger ("Mr. Wanger"). *See* Plan, ECF No. 284, at 1:10-11. Yet this contribution is coming from a trust that 434 N. Orange has sought to garnish on account of a guaranty judgment in favor of 434 N. Orange, with monies being held pending adjudication of the subject garnishment. Permitting these monies to be paid from the trust, to one or more administrative expense claim beneficiaries, when the trust is the subject of a garnishment proceeding, would be a constructively fraudulent conveyance. *See* NRS § 112.180(1)(b). Specifically, Mr. Wanger is insolvent, owing more on the guaranty judgment in favor of 434 N. Orange than he purports to hold in assets. The trust making the payment is a self-settled, revocable trust for the benefit of Mr. Wanger. And neither the trust nor Mr. Wanger are receiving reasonably equivalent value in exchange for the gratuitous payment. A plan of reorganization premised upon carrying out a fraudulent conveyance, for purposes of further limiting a creditor's rights of recovery, is assuredly not one lodged or rooted in good faith. *See* 11 U.S.C. § 1129(a)(3).

Finally, the Plan does not provide for 434 N. Orange to ". . . receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date. . ." 11 U.S.C. § 1129(a)(7)(A)(ii). Specifically, but for confirmation of the Plan and the aforesaid fraudulent conveyance in favor of administrative expense claimants, 434 N. Orange would succeed in finalizing the garnishment of Mr. Wanger's previously-undisclosed self-settled revocable trust. In so doing, 434 N. Orange would receive—almost immediately—a sum in excess of $400,000.00. The Plan, however, instead provides for these funds to be routed to administrative claimants, such that 434 N. Orange takes nothing now and is left with a seemingly illusory, non-feasible commitment to receive funds—from an ill-defined source—over the course of 20 years. Or, in the words of J. Wellington Wimpy, 434 N. Orange is being asked to part with a hamburger today in exchange for promises of payment on Tuesday.

WHEREFORE, 434 N. Orange respectfully prays this Honorable Court (i) deny confirmation of the Plan; and (ii) afford such other and further relief as may be just and proper.

Dated: August 19, 2026

Respectfully submitted

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Counsel for 434 N. Orange Investment, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, the foregoing brief was filed using the CM/ECF system, which served a NEF on all parties receiving such service in this case.

/s/ Maurice B. VerStandig
Maurice B. VerStandig