Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re

VELOCITY ESPORTS, INC.,

■ Affects Velocity Esports, Inc.
□ Affects Velocity Esports Las Vegas Town Square, LLC
□ Affects Velocity Esports Chicago Schaumburg, LLC
■ Affects Velocity Esports Newport Kentucky, LLC
□ Affects Velocity Esports Orlando Downtown, LLC
□ Affects All Debtors

Debtor(s).

Case No.: 25-12627-mkn

Jointly Administered with

Case No. 25-12628-mkn
Case No. 25-12629-mkn
Case No. 25-12630-mkn
Case No. 25-12631-mkn

Chapter 11

**AMENDED ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER (I) APPROVING MEMBERSHIP INTEREST PURCHASE AGREEMENT FOR VELOCITY ESPORTS NEWPORT KENTUCKY, LLC; (II) AUTHORIZING SALE AND TRANSFER OF MEMBERSHIP INTERESTS PURSUANT TO 11 U.S.C. § 363(b); (III) APPROVING RELATED MEMBERSHIP INTEREST ASSIGNMENTS; AND (IV) GRANTING RELATED RELIEF [ECF 299]**

Hearing Date: August 12, 2026
Hearing Time: 11:00 a.m.

This matter came before the Court for hearing on August 12, 2026 (the "Sale Hearing") on the Debtors' Motion for Entry of Order (I) Approving Membership Interest Purchase Agreement for Velocity Esports Newport Kentucky, LLC; (II) Authorizing Sale and Transfer of Membership Interests Pursuant to 11 U.S.C. § 363(b); (III) Approving Related Membership Interest Assignments, Good-Faith

Purchaser Findings, and Related Relief; and (IV) Granting Related Relief [ECF No. 299] (the "Motion").

The Court having considered: (i) the Motion; (ii) that certain Membership Interest Purchase Agreement dated July 14, 2026 (the "MIPA") by and among Velocity Esports, Inc. ("VES Inc." or the "Seller"), Beth Powers ("Powers" or the "Purchaser"), Velocity Esports Newport Kentucky, LLC ("VES Newport" or the "Company"), solely for purposes of the Company Joinder Provisions, and the Insider Bid Parties solely for the purposes stated therein, together with all schedules and exhibits thereto; (iii) the Declaration of Philip N. Kaplan filed in support of the Motion [ECF No. 300]; (iv) the Declaration of Beth Powers filed in support of the Motion [ECF No. 301]; (v) the opposition filed by Newtek Bank, N.A. [ECF No. 327]; (vi) the Debtors' Reply [ECF No. 333] and the supplemental declarations filed in support thereof; (vii) the record made at the Sale Hearing; and (viii) the applicable law; the Court hereby incorporates its findings of fact and conclusions of law stated on the record, and good cause appearing therefore:

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that the MIPA and the transactions contemplated thereby are approved, subject to the terms and limitations of this Order.

**IT IS FURTHER ORDERED** that VES Inc. is authorized to sell, convey, transfer, assign, and deliver to Powers eighty percent (80%) of VES Inc.'s issued and outstanding membership interests in VES Newport, together with the economic, voting, governance, and other rights associated therewith to the extent provided in the MIPA and this Order (the "Transferred Interest").

**IT IS FURTHER ORDERED** that the Debtors, Powers, VES Newport, and the other applicable parties are authorized to prepare and execute assignments, joinders, membership ledgers, organizational and governance documents, acknowledgments, and other instruments reasonably necessary to implement the transactions approved by this Order, provided that any such documents are consistent with the MIPA, this Order, and applicable law.

**IT IS FURTHER ORDERED** that, to the extent any provision of this Order is inconsistent with the MIPA or any exhibit or schedule thereto, the terms of this Order shall control.

**IT IS FURTHER ORDERED** that VES Inc. shall transfer only its right, title, and interest in the Transferred Interest.

**IT IS FURTHER ORDERED** that the transaction approved herein is a transfer of membership interests owned by VES Inc. and is not a direct sale or transfer of VES Newport's assets.

**IT IS FURTHER ORDERED** that, subject to the terms of this Order, VES Inc. is authorized to transfer ten percent (10%) of its membership interests in VES Newport to April Mountain Properties, LLC and ten percent (10%) to LRW Revocable Trust (collectively, the "Insider Bid Parties").

**IT IS FURTHER ORDERED** that each transfer to an Insider Bid Party is approved solely on the basis of the identity, consideration, allocation, and legal basis disclosed in the MIPA, the Motion, the supporting declarations, and the record at the Sale Hearing.

**IT IS FURTHER ORDERED** that the transfers to the Insider Bid Parties shall not constitute or be deemed a distribution on account of any prepetition equity interest, insider claim, subordinated claim, guaranty claim, reimbursement claim, subrogation claim, contribution claim, or indemnity claim, except to the extent expressly stated in this Order.

**IT IS FURTHER ORDERED** that no portion of the consideration provided by an Insider Bid Party shall be treated as a credit bid under 11 U.S.C. § 363(k) unless this Court expressly finds that the applicable Insider Bid Party holds an allowed secured claim secured by the membership interest being acquired and expressly authorizes such credit bid.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. §§ 363(b) and 363(f), the Transferred Interest and any membership interests transferred to the Insider Bid Parties are authorized to be transferred free and clear of liens, claims, encumbrances, and other interests only to the extent the Court has determined that an applicable requirement of section 363(f) has been satisfied as to such interest.

**IT IS FURTHER ORDERED** that nothing in this Order constitutes a determination of the validity, priority, extent, attachment, perfection, or enforceability of any lien, claim, encumbrance, or interest asserted by Newtek Bank, N.A. or any other party against VES Inc.'s membership interests in VES Newport, except to the extent expressly determined herein.

**IT IS FURTHER ORDERED** that any valid lien, claim, encumbrance, or interest not otherwise satisfied, released, consented to, or adjudicated by this Order shall attach to any legally cognizable proceeds or consideration attributable to the transferred membership interests to the same extent and with the same validity and priority as existed immediately before Closing, subject to all claims, defenses, objections, and further orders of the Court.

**IT IS FURTHER ORDERED** that nothing in this Order determines the amount, validity, priority, extent, attachment, perfection, or enforceability of Newtek Bank, N.A.'s claim or asserted lien, and all rights, claims, defenses, and objections of Newtek Bank, N.A.

**IT IS FURTHER ORDERED** that approval of the MIPA shall not constitute satisfaction, release, waiver, reduction, or impairment of any remaining Newtek claim or lien against any other Debtor, non-Debtor guarantor, collateral, or proceeds, except to the extent expressly stated in a separate written agreement or further order of the Court.

**IT IS FURTHER ORDERED** that, effective upon Closing, Powers and any Insider Bid Party whose transfer is approved herein are authorized to be admitted as members of VES Newport in the percentages approved by this Order.

**IT IS FURTHER ORDERED** that, while VES Newport remains a debtor in these Chapter 11 Cases and absent prior notice and further authorization of the Court, Powers shall not, by reason of the controlling membership interest acquired pursuant to this Order, cause or authorize VES Newport to (a) seek dismissal or conversion of its Chapter 11 case; (b) seek severance from the jointly administered Chapter 11 Cases; (c) withdraw the Debtors' presently pending Plan; (d) seek confirmation of a plan materially inconsistent with the Debtors' presently pending Plan; (e) make a material distribution outside the ordinary course of business except as otherwise authorized by the Bankruptcy Code or further order of the Court; or (f) transfer or authorize any further transfer of membership interests in VES Newport.

**IT IS FURTHER ORDERED** that Powers and VES Newport shall preserve and provide the Debtors, the Reorganized Debtors, their professionals, any estate representative, and the United States Trustee with reasonable access to books and records necessary to administer the Chapter 11 Cases,

implement the Plan, reconcile claims, prepare tax returns, comply with reporting obligations, and respond to audits, litigation, or governmental inquiries.

**IT IS FURTHER ORDERED** that the transaction approved herein is not a sale or transfer by the Debtors of personally identifiable information within the meaning of 11 U.S.C. § 101(41A), and no consumer privacy ombudsman is required based on the record presented.

**IT IS FURTHER ORDERED** that the Court makes no finding under 11 U.S.C. § 363(m) on the present record, and nothing in this Order grants Powers or any Insider Bid Party the protections afforded by section 363(m).

**IT IS FURTHER ORDERED** that the transfer of the Transferred Interest to Powers was negotiated and proposed in good faith, without fraud or collusion, and without any agreement intended to control the sale price within the meaning of 11 U.S.C. § 363(n).

**IT IS FURTHER ORDERED** that nothing in this Order approves any nonconsensual third-party release, non-Debtor release, discharge, injunction, exculpation, or plan-like relief.

**IT IS FURTHER ORDERED** that no avoidance action, cause of action under chapter 5 of the Bankruptcy Code, or other estate claim is sold, transferred, assigned, released, or impaired by the MIPA or this Order.

**IT IS FURTHER ORDERED** that approval of the MIPA under 11 U.S.C. § 363(b) does not adjudicate or determine any issue arising under 11 U.S.C. § 1129 or otherwise relating to confirmation of the Debtors' Plan, including issues concerning feasibility, valuation, post-Closing management or governance of VES Newport, treatment of Newtek's claims, or any other confirmation requirement, and all parties in interest retain their rights with respect to such matters at confirmation.

**IT IS FURTHER ORDERED** that this Order is effective upon entry; provided, however, that the fourteen-day stay imposed by Bankruptcy Rule 6004(h) shall apply from the date of the entry of this Order.

**IT IS FURTHER ORDERED** that, during the fourteen-day stay imposed by Bankruptcy Rule 6004(h), the Debtors, Powers, VES Newport, and the other applicable parties are authorized to undertake non-closing implementation activities necessary or appropriate to prepare for Closing,

including preparing and executing the documents authorized by this Order, provided that no membership-interest transfer shall become effective during the stay period absent further order of the Court.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to interpret, implement, and enforce the MIPA and this Order and to adjudicate disputes arising from the transactions approved herein, to the fullest extent permitted by applicable law.

**IT IS SO ORDERED**.

###

Prepared on September 30, 2026,
and Respectfully Submitted by:

**Nevada Bankruptcy Attorneys, LLC**

*By: /s/ Matthew Knepper, Esq.*
Matthew Knepper, Esq.
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorney for the Jointly Administered Debtors*

**LOCAL RULE 9021 CERTIFICATION**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Todd S. Garan, Esq., Counsel for Newtek Bank, N.A. - Approved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

*By: /s/ Matthew Knepper, Esq.*
Matthew Knepper, Esq.